United States District Court
Southern District of Texas
FILED

AUG 2 9 2003

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| NEVGULMARCO COMPANY, INC.; | § |
| ZIMCO MARINE, INC.; | § |
| and CARMELITA, INC. | § |
| | §    C. A. NO. ___B-03-153___ . |
| v. | § |
| | § |
| ANGEL ROMERO, JR. | § |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioners, **Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.** file this petition pursuant to 28 U.S.C. § 2201 requesting the Court issue its judgment declaring the rights and other legal relations of the named Petitioners and **Angel Romero, Jr.** ("Respondent").

### Statement of Facts

1.    Respondent, on July 20, 2003, was the rig man on the O/S Carmelita, a shrimp trawling vessel.  On that date, Respondent collapsed into unconsciousness while in the ice hold of the O/S Carmelita and remains in a coma.  The reason for the collapse and coma is undetermined.

2.    The O/S Carmelita is owned in One Hundred (100%) Percent interest by Carmelita, Inc. which is a wholly owned subsidiary of Nevgulmarco Company, Inc. Both Carmelita, Inc. and Nevgulmarco Company, Inc. are affiliated by partial common ownership and management with Zimco Marine, Inc.

3.    Respondent, through Counsel, has made application for the appointment of one Avigail Martinez Duran Romero to be the guardian of the person and estate of Respondent. No letters of guardianship have yet been issued. In spite of such lapse, Respondent, through Counsel, has made demand on Petitioners for insurance coverage and, impliedly, for maintenance and cure under the Jones Act (46 U.S.C. § 688). Petitioners have also received oral demand from Counsel for Respondent for recompense for the personal injury suffered by Respondent aboard the O/S Carmelita and for such personal injury from Zimco Marine, Inc. for the sale of a product to Carmelita, Inc. by Zimco Marine, Inc. for use as a shrimp dip.

4.    On January 8, 2003, Respondent executed a document entitled "Agreement to Resolve an Employment Dispute through Binding Arbitration" in which he agreed to submit any dispute between himself and Nevgulmarco Company, Inc., its subsidiaries, affiliated companies, officers, directors, employees, managers, supervisors and agents to binding arbitration.

5.    The binding arbitration agreement between Petitioners and Respondent is to be governed by the Federal Arbitration Act. (28 U.S.C. § 651 *et seq.*). A copy of such agreement is attached hereto as Exhibit A.

6.    Respondent is a young adult male who is in a coma of undetermined origin for an undeterminable period of time. Counsel for Petitioners has reason to believe because of publically recognized costs of medical care and facilities and does hereby certify by his signature to this petition that any relief requested by Respondent will consist of money damages in an amount greater than One Hundred Fifty Thousand

and no/100ths ($150,000.00) Dollars. Respondent requests the Court accept such certification as conformance with 28 U.S.C. § 654(a)(3).

7.      Petitioners believe that the agreement to arbitrate (Exhibit A) is binding on Respondent and that Respondent is also bound by the ADR program policy contained within that agreement. A copy of such program and a signed receipt for delivery of such program description are attached hereto as Exhibits B and C, respectively.

## Authorities and Argument

8.      Alternative dispute resolution is favored under the law and"an order to arbitrate . . . should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel Workers of Am. v. Warrior & Gulf Navigation Co.*, 263 U.S. 574, 582-83 (1960). It has been held that the presumptions favoring arbitration require that questions about the scope of arbitrable issues be resolved in favor of arbitration "whether the problem at hand is the constriction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Collins v. Int'l. Dairy Queen, Inc.*, 2 F.Supp. 2nd 1473, 1477 (M.D. Ga. 1998) (quoting *Moses H. Cone Mem'D Hosp. v. Mercury Constr. Corp.*, 460 U.S.1, 24-25 (1983).

The United States Supreme Court in *Circuit City Stores, Inc. v. Adams*, 121 S.Ct. 1399 (2001) has extended the Court's endorsement of arbitration claims and has strengthened the ability of employers to enforce arbitration agreements

---

reached in good faith with their employees. This position has been reiterated in *In re Halliburton Company and Brown & Root Energy Services*, 45 Tex. Sup. Ct. J. 720 (2002) when the Texas Supreme Court held that an employee agrees to binding arbitration as a matter of law when the employee voluntarily continues his at-will employment relationship after being notified that the employment terms have been unilaterally changed by the employer to include a mandatory requirement that all disputes must be resolved exclusively by binding arbitration.

Petitioners request this Court enter its judgment that Respondent has agreed with each Petitioner to submit each and every employment dispute, including a personal injury incurred in his employment, to the ADR Program set out in Exhibit B. Petitioners further request this Court grant to them any and all other relief to which they may be entitled.

DATED:  <u>August 29, 2003</u>.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

by: _____
Tom Fleming
State Bar of Texas No. 07133000
Federal I.D. No. 1188
**ATTORNEYS FOR PETITIONERS,**
**Nevgulmarco Company, Inc.;**
**Zimco Marine, Inc.;**
**and Carmelita, Inc.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing PLAINTIFFS' ORIGINAL PETITION was served August 29, 2003 in the manner(s) indicated below upon the following Counsel:

> Mr. Ray R. Marchan
> WATTS LAW FIRM, L.L.P.
> 1926 East Elizabeth Street
> Brownsville, Texas 78520
> *(Certified United States Mail, R.R.R., #7002 1000 0004 6927 8914)*

Tom Fleming

## ~~Agreement to Resolve An~~ Employment ~~Dispute Through~~ Binding Arbitration

This document is a voluntary Agreement between _Angel J. Romero, Jr_ an applicant or an employee of NEVGULMARCO COMPANY, INC., whose printed name and signature appear on the last page of this document (referred to as the "Employee") and NEVGULMARCO COMPANY, INC. (referred to as the "Company" and defined in Section 8 of this Agreement.)

**1. What is binding arbitration?**

Binding Arbitration is a process in which two parties in a legal Dispute select a disinterested party to hear and evaluate evidence and make a judgment. The arbitrator's decision (or appellant arbitrators' decision in the event of an appeal) is final and binding on both parties. Arbitrators have the same authority as judges to resolve disputed claims and grant appropriated relief. The arbitrator uses procedures similar to court procedures, and all decisions are made according to the same principles of law.

**2. Why enter into an arbitration agreement?**

The parties are voluntarily entering into this Agreement in order to quickly resolve through Binding Arbitration rather than court litigation any legal Dispute arising under the employment relationship including actions for which the Employee may be separated from the Company, however unlikely such Termination may be. Arbitration is economically desirable for an Employee because the Company pays approximately 90% of the cost while total Employee fees are capped at a maximum amount, as detailed in **THE ADR PROGRAM** booklet. Furthermore, if a final binding decision is in favor of the Employee, the Company will pay the Employee's share of the filing fees  Both parties believe it will be faster and less expensive to resolve such a Dispute through Binding Arbitration.

**3. What does this Agreement mean?**

This arbitration Agreement means that the Employee and the Company both agree that Internal Review, Mediation and Binding Arbitration will be the exclusive method used to resolve any legal Disputes arising under the employment relationship including the Employee's Termination from the Company.  Both the Company and Employee exchange mutual promises that they will not seek to resolve any Dispute by filing a lawsuit, participating as a plaintiff in a lawsuit, or seeking damages in a lawsuit filed by another individual or as a member of a class action filed in any federal, state, county or municipal court. This process does not preclude an Employee from filing a charge of discrimination with a state or federal administrative agency such as the Equal Employment Opportunity Commission.  Using the procedures provided here, and described in the Rules of arbitration, the Employee and the Company agree that each has the tools needed to resolve any Legal Claims and Dispute arising under the employment relationship.

Employee and Company agree that signing and entering into this Agreement or, in the alternative, being subject to the Company's policy ("Policy") set forth in **THE ADR PROGRAM** requiring the submission to Binding Arbitration of all Legal Claims described in this Agreement and Policy, is a condition of employment. Employee and Company further agree that the exchange of the mutual promises referenced above and the Company's offer of employment and Employee's voluntary acceptance to begin and/or continue his/her employment after signing this Agreement, or being notified in writing of the application of the Policy to Employee requiring submission to Binding Arbitration of all Legal Claims described in the Agreement and Policy, constitute adequate consideration for this Agreement and the application of the Agreement and Policy to Employee.

**4. What kind of claims will be covered?**

This Agreement applies to all legally protected rights arising under the employment relationship now or in the future including a Dispute over Termination. This Agreement also applies, but is not limited to the following Legal Claims, timely made, which could have arisen out of the Employee's employment relationship:

EXHIBIT NO. _A_

- Discrimination on the basis of race, sex, religion, national origin, age, disability, or any other unlawful basis
- Harassment on the basis of race, sex, religion, national origin, age, disability, or any other unlawful basis.
- Retaliation for filing a protected claim for benefits, e.g., worker's compensation, or exercising protected rights under any statute.
- Violations of any other federal, state, county, municipal, or other governmental constitution, statute, ordinance, regulation, public policy, or common law, affecting economic terms of employment *except* statutory claims for unemployment benefits.
- Personal injuries arising from a Termination or during the employment relationship *except* those covered under a statutory worker's compensation system.
- Any dispute concerning this Agreement including a claim over the arbitrability of the dispute.
- Breach of any express or implied contract, breach of a covenant of good faith and fair dealing, and claims of wrongful termination or constructive discharge (i.e. a former Employee claims he or she was forced to resign).
- Breach of a common law duty of loyalty or its equivalent.
- Exceptions to the employment-at-will doctrine under applicable law.

The only claims **NOT** covered are claims for ERISA benefits already subject to a separate arbitration agreement contained in summary plan description (SPD) documents, claims for unemployment insurance compensation, worker's compensation and injunctive relief including, but not limited to, unfair competition, intellectual property, trade secrets and confidential information.

**5.   Understanding of rights.**

This Agreement applies only to the method that is used to resolve employment Legal Claims and Disputes. Under this Agreement, each party gains only the right to have the asserted claim resolved through Internal Review, Mediation and Binding Arbitration, and *forgoes the party's right to resolve the Legal Claims and Dispute before a jury or court trial* but does not affect an Employee's ability to file a charge of discrimination with a federal or state administrative agency.  No other rights of the Employee or the Company are affected, created, or implied by this Agreement.

- Arbitrators and courts follow similar but sometimes-different procedures, yet apply the same principles of law.  Thus, this Agreement determines only the place (forum) where the claim shall be heard and will not affect the legal principles used to resolve any claim asserted by the parties.
- Any arbitrator selected will have the authority to grant any damages or any relief that would be available in court.
- The arbitrator's findings will be issued in a written decision with supporting rationale. The arbitrator's decision (or appellant arbitrators' decision in event of appeal) shall be final and binding on both parties.
- Nothing in this Agreement changes or in any manner modifies the parties' employment relationship or employment-at-will status; that is, the parties can each end the relationship at any time for any lawful reason with or without cause.  The parties agree that this is their complete agreement on the subject of the duration of employment and right to terminate the employment relationship.

**6.   Procedures.**

Any employment Dispute and Legal Claims covered under Section 4 of this Agreement will be resolved through Internal Review, Mediation and, if necessary, by an arbitrator who will be selected and mutually agreed-upon by the Employee and the Company according to the process described in the National Rules for the Resolution of Employment Disputes (effective 1/1/99 or as uniformly amended from time to time) issued by the American Arbitration Association (AAA) and the Supplemental Rules.  By signing this Agreement, the Employee acknowledges that he/she has received a copy of the AAA's National Rules for the Resolution of

Employment Disputes and the Supplemental Rules (together referred to as the "Rules"), which are incorporated herein and govern any arbitration conducted pursuant to this Agreement.

## 7.  Enforcing this Agreement.

The Federal Arbitration Act governs this Agreement.  If the Federal Arbitration Act is determined not to apply, the Uniform Arbitration Act (if any) of the State where the Company is incorporated shall apply as it now exists or may be amended.

Any Dispute concerning this Agreement – the way it was formed, its applicability, what it means, the enforceability, or any claim that all or part of this Agreement is void or void able – is subject to arbitration under the Agreement. Either party may bring an action in court to compel arbitration under this Agreement, to enforce a final arbitration award, or to dismiss any lawsuit seeking to resolve a Legal Claim that the parties have agreed, by application of the Policy and/or by signing this Agreement, to submit to Binding Arbitration.

Both the Employee and the Company are obligated to accept the results of arbitration as final and binding, and subject to court review only in circumstances applicable under the Federal Arbitration Act or applicable law of the State in which the Company is incorporated.  If any part of this Agreement is determined to be void or otherwise unenforceable, the rest of the Agreement will be valid and enforceable.  In the event a court determines that arbitration should not be the exclusive forum for the dispute, exhaustion of Internal Review, Mediation and Binding Arbitration shall be a condition precedent to the institution of any other legal proceeding relating to the Dispute.

## 8.  Definitions of terms.

The *Company* refers to the legal entity or establishment that employs the Employee, as well as its successors and all past and present subsidiaries, affiliated companies, and its officers, directors, employees, managers, supervisors and agents in their personal or official capacities. The signature or printed name of the Company representative authorized to enter into this Agreement appears on the last page of this document.

*Binding arbitration* means that a hearing (or appellate) arbitrator(s) selected jointly by the Employee and the Company is authorized to hear and consider evidence concerning a covered Legal Claim or Dispute and issue a final and binding decision, providing all remedies available under applicable law.

*Termination* means a Company-initiated separation of an involuntary nature including any allegation of constructive discharge where a former Employee claims he or she was forced to resign.

*Legal Claims* or *Dispute* refers to those legally protected rights covered under Section 4 of the Agreement.

*THE ADR PROGRAM* refers to An Alternative Dispute Resolution Program- The Right Way™ used by the Company and its employees to resolve disputes related to the employment relationship.

The *Policy* is set forth in **THE ADR PROGRAM** and refers to a Company requirement for the submission to Binding Arbitration of all Legal Claims or Disputes described in Section 4 of this Agreement

The *Employee* refers to the individual entering into or subject to this Agreement and Policy and includes the individual's successors, assigns, beneficiaries, heirs, children, spouses, parents and legal representatives.

The *AAA* refers to the American Arbitration Association.

The *Agreement* refers this Agreement to Resolve An Employment Dispute Through Binding Arbitration.

The *Rules* refer to the AAA's National Rules for the Resolution of Employment Disputes as currently published or as amended from time to time and the Supplemental Rules.

*Internal Review* refers to the first step used by an Employee to raise a Dispute under **THE ADR PROGRAM**

*Mediation* refers to the second step used by an Employee to resolve a Dispute under **THE ADR PROGRAM**.

*Supplemental Rules* refers to those rules in addition to the AAA's rules, which govern any arbitration hearing conducted pursuant to this Agreement. The parties to this Agreement agree that the Supplemental Rules shall prevail, control and be applied by the arbitrator to any conflict between the AAA's rules and the Supplemental Rules.

### 9. Entire Agreement.

Except for any arbitration provision (if any) contained in the Company's written ERISA benefit plans, this is the complete agreement of the parties on the subject of arbitration of an asserted employment Dispute and supersedes any prior or contemporaneous oral or written agreements or understandings on this subject. This Agreement is not an employment contract, express or implied, and does not alter the employment at-will relationship between the Company and Employee.

In signing this Agreement, neither the Employee nor the Company is relying on any representation, oral or written, concerning the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

### 10. Modification and revocation.

This Agreement will survive the Employee's termination of employment with the Company. This Agreement can be modified or revoked only by a document signed by the Employee and the Company's highest-ranking officer or agent specifically referencing this Agreement and stating intent to modify or revoke it.

### 11. This Agreement is voluntary.

THE EMPLOYEE ACKNOWLEDGES THAT HE/SHE HAS CAREFULLY READ THIS AGREEMENT, THAT HE/SHE UNDERSTANDS IT, AND THAT ALL UNDERSTANDINGS BETWEEN THE EMPLOYEE AND THE COMPANY RELATED TO THE SUBJECTS COVERED IN THIS AGREEMENT ARE CONTAINED IN IT. THE EMPLOYEE ACKNOWLEDGES THAT HE/SHE HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITHOUT DURESS, PRESSURE OR COERCION FROM ANY PERSON. THE EMPLOYEE ACKNOWLEDGES THAT SIGNING THIS AGREEMENT OR, IN THE ALTERNATIVE, BEING SUBJECT TO THE POLICY SET FORTH IN **THE ADR PROGRAM** REQUIRING THE SUBMISSION TO BINDING ARBITRATION OF ALL LEGAL CLAIMS DESCRIBED IN THIS AGREEMENT AND POLICY IS A CONDITION OF EMPLOYMENT. THE EMPLOYEE UNDERSTANDS AND ACKNOWLEDGES THE APPLICATION OF THE COMPANY POLICY SET FORTH IN **THE ADR PROGRAM** SHOULD THE EMPLOYEE VOLUNTARILY ACCEPT TO BEGIN AND/OR CONTINUE HIS/HER EMPLOYMENT AFTER BEING NOTIFIED IN WRITING OF THE APPLICATION OF THE POLICY TO THE EMPLOYEE. THE EMPLOYEE ALSO ACKNOWLEDGES THAT HE/SHE HAS ENTERED INTO THIS AGREEMENT AFTER DUE CONSIDERATION, AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE WHICH ARE CONTAINED WITHIN THIS AGREEMENT. THIS IS AN AGREEMENT TO WHICH BOTH PARTIES INTEND TO BE LEGALLY BOUND.

The Employee also acknowledges that he or she has had or will have an opportunity to discuss this Agreement with his or her counsel or attorney and has or will use that opportunity if he or she wishes to do so.

X *Angel Romero*                    *1-8-03*
Employee's Signature                 Date

_*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*_
Employee's Social Security Number

NEVGULMARCO COMPANY, INC.

HARLEY LONDRIE
Signature or Printed Name of Company Official

*CAB-03-153*

# AN ALTERNATIVE DISPUTE RESOLUTION PROGRAM- THE RIGHT WAY™

# NEVGULMARCO COMPANY, INC.

### ~~400 Washington Street~~
### ~~Port Isabel, Texas 78578~~

## EMPLOYEE BOOKLET

**TRADEMARKS**

ELCG, the ELCG logo, and AN ALTERNATIVE DISPUTE RESOLUTION PROGRAM- THE RIGHT WAY are
registered trademarks of ELCG

Copyright © 2001 EMPLOYMENT LAW CONSULTING GROUP, LLC. ALL RIGHTS RESERVED. No part
of this publication may be reproduced, stored in a retrieval system or transmitted in any form or
by any means, electronic, mechanical, photocopying, recording or otherwise, without the prior
written permission of EMPLOYMENT LAW CONSULTING GROUP, LLC, 3425 SWANSON,
SUITE 101, PLANO, TX 75025.

EXHIBIT NO. B

# AN ALTERNATIVE DISPUTE RESOLUTION PROGRAM- THE RIGHT WAY™

Table of Contents

I.     Introduction ........................................................................................... 1

II.     Why THE ADR PROGRAM? .............................................................. 2

III.     THE ADR PROGRAM Benefits Both You and the Company ........................... 3

IV.     How Does THE ADR PROGRAM Affect You? ............................................ 5

V.     Company Policy On Application of THE ADR PROGRAM To All Employees and the Company .................................................................................................... 6

VI.     An Overview of How THE ADR PROGRAM Works .................................... 7

VII.     In Detail, How THE ADR PROGRAM Works ........................................... 11
     1.     Internal Review ........................................................................... 11
         a)     Step 1 ........................................................................ 11
         b)     An Important Note About Timeliness and Complaint Process ........... 11
         c)     To Request Internal Review ........................................... 12
         d)     Once You Request Internal Review, Here's What Happens ............ 12
     2.     Mediation .................................................................................. 13
         a)     Step 2 ........................................................................ 13
         b)     To Request Mediation ..................................................... 13
         c)     Once Mediation Is Requested, Here's What Happens .................. 14
     3.     Binding Arbitration ..................................................................... 14
         a)     Step 3 ........................................................................ 14
         b)     To Request Arbitration ..................................................... 14
         c)     Once Binding Arbitration Is Requested, Here's What Happens ........... 15
         d)     Your Share of the Cost of Arbitration ....................................... 16

VIII.     Definition of Terms ......................................................................... 17

IX.     A Brief Overview of the American Arbitration Association ("AAA") and the Neutral Arbitrators ................................................................................................. 18

X.     AAA's National Rules For the Resolution of Employment Disputes/ Supplemental Rules ........................................................................................ 19

XI.     Agreement to Resolve An Employment Dispute Through Binding Arbitration ............. 34

XII.     Forms Used To Process A Claim Under THE ADR PROGRAM ........................ 35

XIII.     Acknowledgement of Notice and Receipt of THE ADR PROGRAM ............... 36

## AN ALTERNATIVE DISPUTE
## RESOLUTION PROGRAM- THE RIGHT WAY™

**I.     Introduction**

NEVGULMARCO COMPANY, INC. (hereafter referred to as the "Company") is committed to building a good working relationship with you throughout your career with the Company. And that commitment continues even if the working relationship ends.

We believe in "doing it right". This philosophy applies not only to the way we do business with others, but also to our employees. In other words, we want to make sure our programs and policies square with what is right.

That's the idea behind a new approach called An Alternative Dispute Resolution Program- The Right Way™, or **"THE ADR PROGRAM"** for short. We believe it's the best way to resolve disputes related to the working relationship between our employees and the Company. It's a new and better way to do the right thing.

## II.    Why THE ADR PROGRAM?

The Company has studied ways that other successful companies have used to improve employee relations and fairly resolve conflicts and disputes in the workplace. We seek a work environment that:

- Provides open communication and fair consideration of work-related issues

- Provides employees with alternative methods of solving disputes at early stages of conflict while preserving a positive working relationship

- Minimizes costs and time involved for both the Company and our employees in resolving employment -based disputes.

We looked at programs used by other companies and sought advice from consultants and experts in the Human Resources field. Insight was also sought from our management staff. The result of these efforts has been the adoption of a new program that will be fair and beneficial to both our employees and the Company. We call it **THE ADR PROGRAM,** which will become effective on the implementation date stated in the cover letter you received with this booklet. **THE ADR PROGRAM** will apply to all legal claims, which arise out of the employment relationship. Our hope is that no employee will have a future disagreement related to his or her employment. However, in the unlikely event you do, **THE ADR PROGRAM** is there for you to use.

**III.    THE ADR PROGRAM Benefits Both You and the Company**

**THE ADR PROGRAM** has been designed to benefit both you and the Company by helping to resolve work related conflicts and disputes early on.   Some of the benefits of **THE ADR PROGRAM** include:

- Speedy Resolution

**THE ADR PROGRAM** provides a mechanism for the early resolution of disputes in a fair manner that is less expensive and faster than resorting to lawsuits in a court.  Despite the best efforts of our court systems to improve processing time of civil disputes, it can still take years to bring a case to trial in many jurisdictions.  Lengthy court appeals can further extend the time required to reach a final result.

Under **THE ADR PROGRAM** there is no "docket" - no line in which to wait for your day in court.  Most arbitration cases, unlike court cases, are decided within a few months of filing.

- Choice and Expertise of Impartial Neutrals

**THE ADR PROGRAM** uses the services of the American Arbitration Association ("AAA"), a public service, not-for-profit organization started in 1926.   The AAA provides a panel of neutral arbitrators from which the parties mutually select one to hear the matter.  The AAA's panel consists of expert and knowledgeable neutrals from many professions and industries.   A neutral arbitrator provided through the AAA is more knowledgeable in employment laws than is the case with most juries and less likely to exhibit bias against either party.

- Informality and Flexibility

**THE ADR PROGRAM** allows the resolution of disputes to be conducted in a manner that is more informal and less acrimonious than litigation. **THE ADR PROGRAM** uses a three-step process to arrive at a resolution of the conflict without litigation. Internal Review, Mediation and, if necessary, Arbitration are the steps used in the Program. Each party tells its side of the story to the neutral mediator and arbitrator in an atmosphere that is less formal than a court proceeding.

- Saves Resources

In court litigation, both parties to a lawsuit often spend large sums of money and time just to prepare the case for trial.   Limitation on the amount of pretrial discovery,  filing of motions and appeals streamlines the process under **THE ADR PROGRAM** and makes it **far less costly** to you and the Company.   The U.S.  Supreme Court took note of this in a recent decision *(Circuit City Stores, Inc v.  Adams)* upholding the use of arbitration

3

agreements rather than court litigation to resolve employment disputes:

> **"Arbitration agreements allow parties to avoid the costs of (court) litigation,** a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts."

• Confidentiality

**THE ADR PROGRAM** offers substantial confidentiality and the same protections as a court of law; only the forum changes - from an expensive, time-consuming bench trial before a judge or jury trial to a less adversarial presentation before an experienced, neutral arbitrator.

• Privacy

Neither the mediation process nor arbitrations are open to public scrutiny like disputes settled in court. The hearings and awards made by the arbitrator under **THE ADR PROGRAM** are private and confidential as to the parties involved, which helps preserve positive working relationships.

• Finality

The arbitration awards under **THE ADR PROGRAM** are final, binding and legally enforceable, subject only to extremely limited review by the courts.

## IV.    How Does THE ADR PROGRAM Affect You?

You are required under Company Policy (see Section V), and as a condition of employment, to sign and/or be bound by the Agreement to Resolve An Employment Dispute Through Binding Arbitration (the "Agreement").  The Agreement, the AAA's National Rules for the Resolution of Employment Disputes and the Supplemental Rules (together referred to as the "Rules") apply to any legally protected rights arising under your employment relationship, including separation from the Company.

You and the Company both agree that Internal Review (Step 1), Mediation (Step 2) and Binding Arbitration (Step 3) will be the exclusive method used to resolve any legally protected rights (the "Dispute") arising under the employment relationship.  Neither party will seek to resolve any Dispute by filing a lawsuit, participating as a plaintiff in a lawsuit, or seeking damages in a lawsuit filed by another individual or as a member of a class action filed in any federal, state, county or municipal court.  Note:  This process does **not** preclude you from filing a charge of discrimination with a state or federal administrative agency such as the Equal Employment Opportunity Commission or the National Labor Relations Board.

**V.    Company Policy On Application of THE ADR PROGRAM To Employees and the Company**

The Company Policy on this matter is:

- ❏   The Company has adopted **THE ADR PROGRAM** as the exclusive means of Dispute resolution for those employees determined by the Company to be covered by this Policy and **THE ADR PROGRAM** (referred to as the "Employee"). Both the Company and Employees are bound by the terms of **THE ADR PROGRAM,** the AAA's National Rules for the Resolution of Employment Disputes and the Supplemental Rules (together referred to as the "Rules"). As a condition of employment, Employees are required to sign and/or be bound by the Agreement contained in and made a part of **THE ADR PROGRAM.** Upon receiving notice of **THE ADR PROGRAM** and its *mutual application* to the Company and the Employee, any applicant who decides to accept employment or any Employee who chooses to continue his/her current employment will, by such actions, consent and agree to be bound by the terms of **THE ADR PROGRAM** and the Agreement (even if the individual has not signed the Agreement). **THE ADR PROGRAM** binds the Employee and the Company during the Employee's employment with the Company and after termination from such employment; and

- ❏   No Company representative (except an officer with Company-wide Human Resources responsibility, and then only in writing pursuant to Section 10 of the Agreement) is authorized to modify this Policy for any Employee or on behalf of the Company, or to enter into any agreement contrary to this Policy. Supervisory and management personnel have no authority and shall make no representation to applicants or Employees regarding the terms and conditions of employment with the Company, including the at-will employment relationship, which are not consistent with this Policy and the Company's at-will policy.

In simple terms, what does this Policy mean?

You are an Employee covered by **THE ADR PROGRAM** and the Policy. Under Company Policy, **THE ADR PROGRAM** is the exclusive way for the parties to resolve all lawful claims arising under the employment relationship. Your decision to <u>accept</u> <u>employment or continue</u> <u>current employment</u> with the Company subsequent to notice of **THE ADR PROGRAM** means that you have agreed to and are bound by the terms of **THE ADR PROGRAM** contained in the Agreement and Rules. Nothing in the Agreement changes or in any manner modifies the parties' employment relationship of employment at will, that is, the parties mutually and exclusively have the right to end the relationship at any time for any lawful reason, with or without cause.

**VI.    An Overview of How THE ADR PROGRAM Works**

The following graph illustrates the Company's Open Door Communication Program and the three-step process of **THE ADR PROGRAM.**  You may use at any time the informal Open Door Communication Program to resolve any problem related to your employment.  However, it is *not* necessary to use this informal process and you may go directly to Step 1 in **THE ADR PROGRAM** for those legal Disputes covered under this Program.

### THE OPEN DOOR COMMUNICATION PROGRAM
### And THE ADR PROGRAM



## Summary of OPEN DOOR COMMUNICATION PROGRAM

Available to:          - All employees

How:                    -Concerns Can Be Raised At Any Level In Management Chain
- Immediate Supervisor
- Human Resources Representative
- Higher Level Management
- Highest Ranking Company Official

What:                   - Informal Process
- Covers All Work Related Problems
- Retaliation Forbidden

Why:                    - Early On-Site Problem Resolution
- Flexible Process
- Management Committed to Making It Work

Process:                - Employee Presents Verbal or Written Complaint to Management
at Any Level in the Management Chain
-Recipient Documents Discussions/Actions
-Prompt Investigation Made and Appropriate Corrective Action
Taken
- If Satisfactory Solution Not Reached, Employee May Discuss
With Next Level of Management

## Summary of THE ADR PROGRAM – Step 1 INTERNAL REVIEW

Available to:                 - All Covered Employees

Process:                  - Employee Initiates by Completing a Request for Internal Review Form and Submits to Supervisor or Human Resources Representative

What:                    - Formal Process
- Covers all Legal Claims Arising Out of the Employment Relationship
- Management Investigates and Has Decision-Making Authority
- Written Decision Provided to Employee
- Retaliation Forbidden

Why:                      - Provides Opportunity for Input by Employee, Employee's Supervisor/Manager and Co-workers, as Appropriate
- No Cost to Employee

## Summary of THE ADR PROGRAM – Step 2 MEDIATION

Available to:                 -All Covered Employees

Process:                  -If Step 1 Fails to Resolve the Legal Claim, Employee Initiates By Completing a Notice of Intent To Mediate A Legal Claim Form and Submits to Human Resources Representative

What:                    -Formal Process
-Covers All Legal Claims Arising Out of the Employment Relationship
-Third Party, Neutral Mediator Assists Parties to Reach a Resolution Satisfactory to Both Employee and Company
-Retaliation Forbidden

Why:                      -Provides Opportunity For Legal Claim to be Resolved Quickly With Assistance of Third Party, Neutral Mediator
-No Cost to Employee

## Summary of THE ADR PROGRAM – Step 3 ARBITRATION

Available to:                 - All Covered Employees

Process:                  - If Step 2 Fails to Resolve the Legal Claim, Employee Initiates by Completing Notice of Intent to Arbitrate a Legal Claim Form and

Mails Copy to the AAA Along With a $150 Filing Fee and Copy to Company

What:
- Formal Process
- Applies Only to Disputes That Involve Legally Protected Rights Covered by the Agreement and Company Policy
- Final and Binding. Decision of Neutral Arbitrator Applies to Both Employee and Company
- Legal Representation Allowed
- Employee Pays Only a $150 Filing Fee to AAA
- Retaliation Forbidden

How:
- Neutral Arbitrator Selected From Panel List Provided by AAA
- Parties Use AAA's Rules to Select Arbitrator by Striking Names in Sequential Order Until One Name Remains

Why:
- Timely Resolution
- Provides Third Party Perspective
- Opportunity to Receive Fair, Equitable Compensation for Disputes
- Preserves Positive Working Relationships
- Same Remedies as Court Possible

**VII.    In Detail, How THE ADR PROGRAM Works**

**1.    Internal Review.**

a)    Step 1

If you have a legally protected right arising under the employment relationship, which you believe has been violated, you can begin **THE ADR PROGRAM** process by requesting Internal Review.

The Internal Review process plays an important role in clearing up Disputes before they turn into more serious controversy.    This step provides you with an opportunity to present your side of the story, drawing attention to any circumstances or facts you believe were not given appropriate consideration when the initial decision was made.    Internal Review is an easier, less confrontational way for the Company to be made aware of the problem and take appropriate steps in an attempt to resolve it.

The Company has a *no retaliation* policy specifically designed to protect you throughout **THE ADR PROGRAM** complaint process. Under this no retaliation policy, there will be no retaliation against an employee for having raised a complaint, participated in an investigation, or otherwise cooperated with the Company in the resolution of the complaint. Managers and supervisors have a specific responsibility not to engage in any retaliation. Any person deemed to have engaged in retaliation in violation of the Company's policy faces discipline, which can include termination of employment.

b)    An Important Note About Timeliness and Complaint Process

Since the Disputes covered under **THE ADR PROGRAM** involve legal issues, certain requirements must be built into the process.    One of those deals with the time frame in which Disputes must be raised.    The Request for Internal Review form must be received by the Company in the same time period required by the law that applies to your Dispute – generally 300 days for all claims of employment discrimination involving, for example, race, sex, national origin, disability or harassment of any kind.    If a law permits a particular Dispute to be brought in a longer period of time – for example, two years – then the longer period applies to that claim.    While the Company may review any claim submitted after the legally required time limit, it is not required to do so.

A good rule of thumb – don't delay.    If you feel you have a Dispute that needs to be addressed through **THE ADR PROGRAM**, begin the process in a timely manner... as soon as you become aware of the problem.

It is important to note that every employee has a responsibility to *promptly* report any workplace harassment allegedly engaged in by supervisors, co-workers or non-employees and which pertains to race, color, religion, national origin, sex   (including sexual harassment), age of 40 or older, disability, or other protected activity under the anti-discrimination statutes (e.g. opposition to prohibited discrimination or participation

in the statutory complaint process). Company policy prohibits harassment of an employee on any basis contained in the above-listed categories. Such matters should be promptly reported to the employee's immediate supervisor, if appropriate under the circumstances. However, if the employee feels uncomfortable in doing this he/she may, in the alternative, report the matter to a supervisor other than the direct supervisor, or directly to the Company representative responsible for Human Resources at the address noted on the bottom of the Request for Internal Review Form.

c)    To Request Internal Review:

- Simply complete a Request for Internal Review form by filling out Parts 1-3 of the form. A sample form is contained in this booklet. You may also obtain a form from your Human Resources representative.

- Return the completed form to a Company representative following the above-noted above complaint process or mail the form to the Company representative responsible for Human Resources at the address noted on the bottom of the form.

- Any complaint should include sufficient details such as, for example, dates, names of witnesses or others involved, to enable the Company to properly investigate the matter. Of course, the complaint should be based on truthful information and assertions. False accusations can cause serious harm to innocent persons.

d)    Once You Request Internal Review, Here's What Happens:

The appropriate Company representative designated to handle the claim will investigate the matter by reviewing the facts and talking with witnesses (including yourself if you so desire) and others involved in the matter. Company policy is   to investigate the matter promptly, thoroughly and impartially. You are expected to cooperate in the investigation. To the fullest extent possible, the Company will keep the complaint, investigation records and the terms of the resolution confidential, consistent with its obligation to conduct a through  and impartial investigation, interview witnesses and share information with others on a  "need to know" basis. Should the investigation results support the need to do so, the Company will take immediate and appropriate corrective action with the remedial measure proportional to the facts determined during the investigation process and seriousness of the situation.

A decision will be made which is:

- Based on all the facts available, involving your views, and

- Within a timeframe which allows you to present your side and affords the Company an opportunity to complete an objective evaluation.

You should receive a written response from the Company within 30 days of the date the Request for Internal Review form was received by it. **If you do not receive the Company's Internal Review decision within 30 days, you may proceed immediately to Step 2 Mediation, if you so desire.**

If you are not satisfied with all or any part of the Company's Internal Review decision, you will have 30 days from the date of the decision to proceed to Step 2.

Because we are convinced that a full review internally is the quickest way to maintain good personnel relations and avoid unnecessary confrontations, **you must go through Internal Review (Step 1) and Mediation (Step 2) before taking the final step, which is Arbitration (Step 3)**. Nothing, however, prevents you from filing a charge of discrimination with an administrative agency like the Equal Employment Opportunity Commission.

## 2.    Mediation

a)    Step 2

In the unlikely event that the Company fails to make a timely decision on your Internal Review request within a 30-day period after your written request, you may proceed immediately to mediation, if you so choose. If you do not agree with the Company's Internal Review decision made in the Step 1 process, you can request Mediation of the Dispute. Such request <u>must</u> be made within 30 days of the date of the Company's Internal Review decision.

In essence, mediation is a process during which the mediator, a neutral, third party individual experienced in resolving employment disputes, is selected to assist both parties in voluntarily reaching their own mutually acceptable resolution. Step 2 affords you and the Company an opportunity to be assisted by the neutral mediator in moving away from perhaps hardened individual positions and seek a resolution that will allow the needs of both sides to be met.

During the mediation process, you and the Company exercise self-determination and control over the settlement of the dispute. The mediator <u>cannot</u> impose a settlement nor does he or she have any ultimate decision-making authority. The mediator's typical functions include defining the issues in dispute, clarifying the parties' interests and positions, providing a channel of communication, focusing the negotiations on productive areas of discussion, proposing options for the resolution of the dispute and assisting the parties in documenting an agreement, if one can be reached.

b)    To Request Mediation

-    Simply complete a copy of the Notice of Intent to Mediate a Legal Claim form provided to you along with the Company's response to the Step 1 Internal Review process (or you may obtain the form from your Human Resources representative).

- Remember, you must proceed to Step 2 Mediation within 30 days from the date of the Company's Step 1 Internal Review decision.

- There is no cost to you for requesting mediation. Reasonable costs, if any, related to the mediation process are paid by the Company.

c)     Once Mediation Is Requested, Here's What Happens

- Appendix A to this booklet contains a listing of some nationally recognized mediation service providers to assist you and the Company in making the selection of a neutral mediator. None of these service providers have any direct connection with the Company. All are located in geographic proximity to the parties or otherwise capable of providing expeditious mediation services.

- You and the Company mutually select a mediation service provider to act as a neutral arbitrator. The mediation service provider selected will provide to you and the Company a copy of the mediation protocol it follows, and assist the parties in establishing a mutually convenient date, time and place for conducting the mediation.

- Once you and the Company agree to a fixed date to begin the mediation process, it will normally be concluded within one or two days. Either a mutually satisfactory resolution will be achieved during mediation or the parties will fail to reach agreement.

- If the parties are unable to reach a mutually satisfactory resolution to the dispute after making good faith efforts to do so, the mediator will notify you and the Company in writing that the mediation process has ended.

Remember, you must make a timely request and actively participate in the mediation process before you can proceed to Step 3.

## 3.     Binding Arbitration

a)     Step 3

If you do not agree with the Internal Review decision made in the Step 1 process and no mutually satisfactory resolution was reached in the Step 2 mediation process, you can request binding Arbitration. You *must* proceed to Step 3 within 30 days from the date the mediator notifies the parties that the mediation process has ended.

Basically, arbitration is a hearing conducted by a neutral, outside arbitrator, who, like a judge or a jury, makes a final binding decision based on the facts presented. Arbitrators can award the same damages or remedies as a court of law. The only thing that changes is the forum - the place where the dispute is heard and resolved.

b)     To Request Arbitration

- Simply complete all three copies of the Notice of Intent to Arbitrate a Legal Claim forms provided to you along with the Company's response to the Step 1 Internal Review process (or obtain the forms from your Human Resources representative).

- Submit one copy of the completed form to the American Arbitration Association ("AAA"), Regional Administrator at the address noted on the form, along with your $150 filing fee.

- Send one copy of the completed form via certified mail to the Company representative responsible for Human Resources at the address noted on the top of the form.

- Keep the third copy of the form for your personal records.

c)     Once Binding Arbitration Is Requested, Here's What Happens:

- You and the Company receive a list of neutral arbitrators from the AAA. You and the Company agree upon an arbitrator as provided in the AAA's Rules.

- The AAA notifies the arbitrator that he or she has been selected.  The arbitrator will then contact you and the Company to establish the time and location of the hearing.  You may bring legal representation with you if you so chose.

- The arbitrator may, pursuant to the Rules, gather information prior to the hearing, if necessary, and, as determined by the arbitrator under the Rules, allow the parties to engage in pre-hearing discovery of facts and documents.

- A hearing is held, usually within 60 days of the request for arbitration. The arbitrator listens to the testimony and reviews documents presented, and then makes a decision, just like a judge and jury in a court of law. *The arbitrator can provide the same remedies as a court of law.*  The Rules do allow for a limited appeal process by either you or the Company before a panel of three arbitrators. The final arbitration decision (whether issued by the hearing arbitrator or the appellate arbitrators) is final and binding on the parties and can be appealed to a court only on a very limited basis.

- The AAA's National Rules for the Resolution of Employment Disputes and the Supplemental Rules  (together referred to as the "Rules") apply to any arbitration brought under **THE ADR PROGRAM**.  You have been provided a copy of these Rules in this booklet for your future reference. (See Section X.)

d)    Your Share of the Cost of Arbitration

Besides providing for a fair and timely decision by a neutral arbitrator, arbitration under **THE ADR PROGRAM** is better economically for you because the Company pays the bulk of the costs associated with the process.  Your cost is limited to a $150 filing fee payable to the AAA at the time the Notice of Intent to Arbitrate a Legal Claim form is submitted.  (**Note**: The Administrative Fee Schedule contained in the AAA's Rules requires a minimum $500 filing fee.  You pay only $150 of this and the Company pays the balance of the filing fee as well as the other administrative fees associated with the hearing and collected by the AAA.  If the final binding decision is totally in your favor, the Company will reimburse your $150 filing fee, in addition to complying with any other relief ordered by the arbitrator.)  The filing fee and other administrative fees are paid directly to the AAA.  These fees are used by the AAA for administrative expenses.  The arbitrator is paid for his or her services directly by the AAA and as a result has **no connection** with the Company.

In short, the amount you'll have to spend to initiate arbitration, if ever necessary, has been capped at $150 for the filing fee.

Your fee does not normally include charges for:

-    Attorney fees, if you choose to have legal representation
-    Any costs for witnesses you call (other than Company management witnesses), or
-    Any costs to produce evidence you request.

However, an arbitrator has authority under the Rules of **THE ADR PROGRAM** to award reasonable attorney fees and costs if you prevail on a legal claim that permits such relief.

## VIII.  Definition of Terms

The following words, phrases, or terms used in **THE ADR PROGRAM** shall have the following meanings:

The **AAA** is the American Arbitration Association, an international, public service, and not-for-profit provider of dispute resolution services since 1926.

**Binding Arbitration** is submission of the Legal Claims or Dispute to an impartial arbitrator for a final and binding decision. The arbitrator selected jointly by the Employee and the Company is authorized to hear evidence concerning a covered Dispute or Legal Claims and issue a decision providing all remedies available under applicable law.

The **Company** refers to your employer as well as all past and present subsidiaries, affiliated companies, and its officers, directors, employees, managers, supervisors and agents in their personal and official capacities.

**THE ADR PROGRAM** is An Alternative Dispute Resolution Program- The Right Way™.

The **Rules** are the AAA's National Rules for the Resolution of Employment Disputes as currently published or as amended from time to time and the Supplemental Rules.

The **Agreement** is the Agreement to Resolve An Employment Dispute Through Binding Arbitration.

The **Policy** is a Company requirement for the submission to binding arbitration of all legal claims described in the Agreement, Section 4.

The **Dispute** and **Legal Claims** are the legally protected rights arising under the employment relationship (including a dispute over separation), which are covered under Section 4 of the Agreement.

The **Employee** refers to the individual (current or former employee) raising a Dispute or Legal Claim covered under the Agreement and THE ADR PROGRAM.

**Termination** is a Company-initiated separation of an involuntary nature including any allegation of constructive discharge where a former Employee claims he or she was forced to resign.

**Internal Review** is the first step used by the Employee to raise a Dispute under THE ADR PROGRAM.

**Mediation** is the second step used by the Employee to resolve a Dispute under THE ADR PROGRAM.

## IX.    A Brief Overview of the American Arbitration Association ("AAA") and the Neutral Arbitrators

The AAA, founded in 1926, is a not-for-profit organization dedicated to providing quality, objective services in resolving employment disputes through arbitration. Currently, over 3,000,000 workers in nearly 500 companies are now covered by employment ADR plans administered by the AAA. **The AAA has no connection with the Company**. It is a completely independent firm that annually resolves more than 140,000 cases through the dispute resolution process.

The AAA provides a forum for the hearing of disputes through 37 offices nationwide, including offices in Dallas and Houston. It has developed time-tested rules and procedures that have broad acceptance. **THE ADR PROGRAM** adopts and uses the AAA's National Rules For The Resolution of Employment Disputes. (See Chapter X for a complete copy of the Rules.)

Who are the neutral arbitrators? To hear and resolve workplace disputes, the AAA offers a national panel of experts, diverse in gender and ethnicity, which have significant employment law experience. The AAA maintains a national roster of nearly 12,000 impartial experts. These neutral arbitrators are recognized for high credentials, standing and expertise in their fields. The AAA requires that every arbitrator have at least 8 to 10 years of experience in his or her fields. At least 1,500 members of the AAA's roster of arbitrators are qualified to serve in employment disputes. **These arbitrators have no relationship with the Company**. They are independent professionals who work in a variety of fields and organizations and perform arbitration services for a fee.

Once a request for arbitration is received, the AAA prepares a list of arbitrators who have knowledge and experience relevant to the issue raised in the Dispute. The panel list of names, along with a brief description of the occupations and qualifications of these impartial experts are sent to you and the Company for review and mutual selection according to the AAA's Rules.

## X.    AAA's National Rules For the Resolution of Employment Disputes/ Supplemental Rules

### 1.    Applicable Rules of Arbitration

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter "AAA") or under its National Rules for the Resolution of Employment Disputes. If a party establishes that an adverse material inconsistency exists between the arbitration agreement and these rules, the arbitrator shall apply these rules.

If, within thirty (30) days after the Association's commencement of administration, a party seeks judicial intervention with respect to a pending arbitration, the Association will suspend administration for sixty (60) days to permit the party to obtain a stay of arbitration from the court.

These rules, and any amendment of them, shall apply in the form obtaining at the time the demand for arbitration or submission is received by the AAA.

### 2.    Notification

An employer intending to incorporate these rules or to refer to the dispute resolution services of the AAA in an employment ADR plan, shall, at least thirty (30) days prior to the planned effective date of the program:

i)    notify the Association of its intention to do so and,

ii)    provide the Association with a copy of the employment dispute resolution plan.

Compliance with this requirement shall not preclude an arbitrator from entertaining challenges as provided in Section 1. If an employer does not comply with this requirement, the Association reserves the right to decline its administrative services.

### 3.    AAA as Administrator of the Arbitration

When parties agree to arbitrate under these rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these rules, they thereby authorize the AAA to administer the arbitration. The authority and duties of the AAA are prescribed in these rules, and may be carried out through such of the AAA's representatives as it may direct.

### 4.    Initiation of Arbitration

Arbitration shall be initiated in the following manner.

a.    The parties may submit a joint request for arbitration.

b.    In the absence of a joint request for arbitration:

    (i)    The initiating party (hereinafter "Claimant[s]") shall:

        (1)    File a written notice (hereinafter "Demand") of its intention to arbitrate at any regional office of the AAA, within the time limit established by the applicable statute of limitations if the dispute involves statutory rights. If no statutory rights are involved, the time limit established by the

applicable arbitration agreement shall be followed. Any dispute over such issues shall be referred to the arbitrator. The filing shall be made in duplicate, and each copy shall include the applicable arbitration agreement. The Demand shall set forth the names, addresses, and telephone numbers of the parties; a brief statement of the nature of the dispute; the amount in controversy, if any; the remedy sought; and requested hearing location.

    (2)    Simultaneously mail a copy of the Demand to the party (hereinafter "Respondent[s]").

    (3)    Include with its Demand the applicable filing fee, unless the parties agree to some other method of fee advancement.

(ii)    The Respondent(s) shall file an Answer with the AAA within ten (10) days after the date of the letter from the AAA acknowledging receipt of the Demand. The Answer shall provide the Respondent's brief response to the claim and the issues presented. The Respondent(s) shall make its filing in duplicate with the AAA, and simultaneously shall mail a copy of the Answer to the Claimant.

(iii)    The Respondent(s):

    (1)    May file a counterclaim with the AAA within ten (10) days after the letter from the AAA acknowledging receipt of the Demand. The filing shall be made in duplicate. The counterclaim shall set forth the nature of the claim, the amount in controversy, if any, and the remedy sought.

    (2)    Simultaneously shall mail a copy of any counterclaim to the Claimant.

    (3)    Shall include with its filing the applicable filing fee provided for by these rules.

(iv)    The Claimant may file an Answer to the counterclaim with the AAA within ten (10) days after the date of the letter from the AAA acknowledging receipt of the counterclaim. The Answer shall provide Claimant's brief response to the counterclaim and the issues presented. The Claimant shall make its filing in duplicate with the AAA, and simultaneously shall mail a copy of the Answer to the Respondent(s).

c. The form of any filing in these rules shall not be subject to technical pleading requirements.

## 5.    Changes of Claim

Before the appointment of the arbitrator, if either party desires to offer a new or different claim or counterclaim, such party must do so in writing by filing a written statement with the AAA and simultaneously mailing a copy to the other party(s), who shall have ten (10) days from the date of such mailing within which to file an Answer with the AAA. After the appointment of the arbitrator, a party may offer a new or different claim or counterclaim only at the discretion of the arbitrator.

## 6.    Administrative and Mediation Conferences

Before the appointment of the arbitrator, any party may request, or the AAA, in its discretion, may schedule an administrative conference with a representative of the AAA and the parties and/or their representatives. The purpose of the administrative conference is to organize and expedite the arbitration, explore its administrative aspects, establish the most efficient means of

selecting an arbitrator, and to consider mediation as a dispute resolution option. There is no administrative fee for this service.

At any time after the filing of the Demand, with the consent of the parties, the AAA will arrange a mediation conference under its Mediation Rules to facilitate settlement. The mediator shall not be any arbitrator appointed to the case, except by mutual agreement of the parties. There is no administrative fee for initiating a mediation under AAA Mediation Rules for parties to a pending arbitration.

## 7.    Discovery

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

## 8.    Arbitration Management Conference

As soon as possible after the appointment of the arbitrator but not later than sixty (60) days thereafter, the arbitrator shall conduct an Arbitration Management Conference with the parties and/or their representatives, in person or by telephone, to explore and resolve matters that will expedite the arbitration proceedings. The specific matters to be addressed include:

    (i)     the issues to be arbitrated;

    (ii)    the date, time, place and estimated duration of the hearing;

    (iii)   the resolution of outstanding discovery issues and establishment of discovery parameters;

    (iv)   the law, standards, rules of evidence and burdens of proof that are to apply to the proceeding;

    (v)    the exchange of stipulations and declarations regarding facts, exhibits, witnesses and other issues;

    (vi)   the names of witnesses (including expert witnesses), the scope of witness testimony, and witness exclusion;

    (vii)  the value of bifurcating the arbitration into a liability phase and damages phase;

    (viii) the need for a stenographic record;

    (ix)   whether the parties will summarize their arguments orally or in writing;

    (x)    the form of the award;

    (xi)   any other issues relating to the subject or conduct of the arbitration;

    (xii)  the allocation of attorney's fees and costs.

The arbitrator shall issue oral or written orders reflecting his or her decisions on the above matters and may conduct additional conferences when the need arises.

There is no AAA administrative fee for an Arbitration Management Conference.

## 9.    Location of the Arbitration

The parties may designate the location of the arbitration by mutual agreement. In the absence of such agreement before the appointment of the arbitrator, any party may request a specific hearing

location by notifying the AAA in writing and simultaneously mailing a copy of the request to the other party(s). If the AAA receives no objection within ten (10) days of the date of the request, the hearing shall be held at the requested location. If a timely objection is filed with the AAA, the AAA shall have the power to determine the location and its decision shall be final and binding. After the appointment of the arbitrator, the arbitrator shall resolve all disputes regarding the location of the hearing.

## 10.    Date and Time of Hearing

The arbitrator shall have the authority to set the date and time of the hearing in consultation with the parties.

## 11.    Qualifications to Serve as Arbitrator and Rights of Parties to Disqualify Arbitrator

    a.    Standards of Experience and Neutrality

        (i)    Arbitrators serving under these rules shall be experienced in the field of employment law.

        (ii)    Arbitrators serving under these rules shall have no personal or financial interest in the results of the proceedings in which they are appointed and shall have no relation to the underlying dispute or to the parties or their counsel that may create an appearance of bias.

        (iii)    The roster of available arbitrators will be established on a non-discriminatory basis, diverse by gender, ethnicity, background and qualifications.

        (iv)    The Association may, upon request of a party or upon its own initiative, supplement the list of proposed arbitrators in disputes arising out of individually negotiated employment contracts with persons from the regular Commercial Roster, to allow the Association to respond to the particular needs of the dispute. In multi-arbitrator disputes, at least one of the arbitrators shall be experienced in the field of employment law.

    b.    Standards of Disclosure by Arbitrator

        Prior to accepting appointment, the prospective arbitrator shall disclose all information that might be relevant to the standards of neutrality set forth in this Section, including but not limited to service as a neutral in any past or pending case involving any of the parties and/or their representatives or that may prevent a prompt hearing.

    c.    Disqualification for Failure To Meet Standards of Experience and Neutrality

        An arbitrator may be disqualified in two ways:

        (i)    No later than ten (10) days after the appointment of the arbitrator, all parties jointly may challenge the qualifications of an arbitrator by communicating their objection to the AAA in writing. Upon receipt of a joint objection, the arbitrator shall be replaced.

        (ii)    Any party may challenge the qualifications of an arbitrator by communicating its objection to the AAA in writing. Upon receipt of the objection, the AAA either shall replace the arbitrator or communicate the objection to the other parties. If any party believes that the objection does not merit disqualification of the arbitrator, the party shall so communicate

to the AAA and to the other parties within ten (10) days of the receipt of the objection from the AAA. Upon objection of a party to the service of an arbitrator, the AAA shall determine whether the arbitrator should be disqualified and shall inform the parties of its decision, which shall be conclusive.

## 12.    Number and Appointment of Neutral Arbitrators

a.    If the parties do not specify the number of arbitrators, the dispute shall be heard and determined by one arbitrator. If the parties cannot agree upon the number of arbitrators, the AAA shall have the authority to determine the number of arbitrators.

b.    If the parties have not appointed an arbitrator and have not provided any method of appointment, the arbitrator shall be appointed in the following manner:

(i)    Immediately after it receives the Demand, the AAA shall mail simultaneously to each party a letter containing an identical list of the names of all arbitrators who are members of the regional Employment Dispute Resolution Roster.

(ii)    Each party shall have ten (10) days from the date of the letter in which to select the name of a mutually acceptable arbitrator to hear and determine their dispute. If the parties cannot agree upon a mutually acceptable arbitrator, they shall so notify the AAA. Within ten (10) days of the receipt of that notice, the AAA shall send the parties a shorter list of arbitrators who are members of the regional Employment Dispute Resolution Roster. Each party shall have ten (10) days from the date of the letter containing the revised list to strike any names objected to, number the remaining names in order of preference, and return the list to the AAA. If a party does not return the list within the time specified, all of the listed persons shall be deemed acceptable to that party.

(iii)    The AAA shall invite the acceptance of the arbitrator whom both parties have selected as mutually acceptable or, in the case of resort to the ranking procedure, the arbitrator who has received the highest rating in the order of preference that the parties have specified.

(iv)    If the parties fail to agree on any of the persons whom the AAA submits for consideration, or if mutually acceptable arbitrators are unable to act, or if for any other reason the appointment cannot be made from the list of persons whom the AAA submits for consideration, the AAA shall have the power to make the appointment from among other members of the Roster without the submission of additional lists.

## 13.    Vacancies

If for any reason an arbitrator is unable to perform the duties of the office, the AAA may, on proof satisfactory to it, declare the office vacant. The vacancy shall be filled in accordance with applicable provisions of these Rules.

In the event of a vacancy in a panel of neutral arbitrators after the hearings have commenced, the remaining arbitrator or arbitrators may continue with the hearing and determination of the controversy, unless the parties agree otherwise.

**14.    Representation**

Any party may be represented by counsel or other authorized representative. For parties without representation the AAA will, upon request, provide reference to institutions which might offer assistance. A party who intends to be represented shall notify the other party and the AAA of the name and address of the representative at least ten (10) days prior to the date set for the hearing or conference at which that person is first to appear. If a representative files a Demand or an Answer, the obligation to give notice of representative status is deemed satisfied.

**15.    Stenographic Record**

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

**16.    Interpreters**

Any party wishing an interpreter shall make all arrangements directly with the interpreter and shall assume the costs of the service.

**17.    Attendance at Hearings**

The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator also shall have the authority to decide whether any person who is not a witness may attend the hearing.

**18.    Confidentiality**

The arbitrator shall maintain the confidentiality of the arbitration and shall have the authority to make appropriate rulings to safeguard that confidentiality, unless the parties agree otherwise or the law provides to the contrary.

**19.    Postponements**

The arbitrator: (1) may postpone any hearing upon the request of a party for good cause shown; (2) must postpone any hearing upon the mutual agreement of the parties; and (3) may postpone any hearing on his or her own initiative.

**20.    Oaths**

Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require witnesses to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

### 21.    Majority Decision

All decisions and awards of the arbitrators must be by a majority, unless the unanimous decision of all arbitrators is expressly required by the arbitration agreement or by law.

### 22.    Order of Proceedings and Communication with Arbitrators

A hearing shall be opened by: (1) filing the oath of the arbitrator, where required; (2) recording the date, time, and place of the hearing; (3) recording the presence of the arbitrator, the parties, and their representatives, if any; and (4) receiving into the record the Demand and the Answer, if any. The arbitrator may, at the beginning of the hearing, ask for statements clarifying the issues involved.

The parties shall bear the same burdens of proof and burdens of producing evidence as would apply if their claims and counterclaims had been brought in court.

Witnesses for each party shall submit to direct and cross examination as approved by the arbitrator.

With the exception of the rules regarding the allocation of the burdens of proof and going forward with the evidence, the arbitrator has the authority to set the rules for the conduct of the proceedings and shall exercise that authority to afford a full and equal opportunity to all parties to present any evidence that the arbitrator deems material and relevant to the resolution of the dispute.

Documentary and other forms of physical evidence, when offered by either party, may be received in evidence by the arbitrator.

The names and addresses of all witnesses and a description of the exhibits in the order received shall be made a part of the record.

There shall be no ex parte communication with the arbitrator, unless the parties and the arbitrator agree to the contrary in advance of the communication.

### 23.    Arbitration in the Absence of a Party or Representative

Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement. An award shall not be based solely on the default of a party. The arbitrator shall require the party who is in attendance to present such evidence as the arbitrator may require for the making of the award.

### 24.    Evidence

The parties may offer such evidence as is relevant and material to the dispute and shall produce such evidence as the arbitrator deems necessary to an understanding and determination of the

dispute. An arbitrator or other person authorized by law to subpoena witnesses or documents may do so upon the request of any party or independently.

The arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary. The arbitrator may in his or her discretion direct the order of proof, bifurcate proceedings, exclude cumulative or irrelevant testimony or other evidence, and direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case. All evidence shall be taken in the presence of all of the arbitrators and all of the parties, except where any party is absent, in default, or has waived the right to be present.

## 25.    Evidence by Affidavit or Declaration and Post-Hearing Filing of Documents or Other Evidence

The arbitrator may receive and consider the evidence of witnesses by affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission.

If the parties agree or the arbitrator directs that documents or other evidence may be submitted to the arbitrator after the hearing, the documents or other evidence shall be filed with the AAA for transmission to the arbitrator, unless the parties agree to a different method of distribution. All parties shall be afforded an opportunity to examine such documents or other evidence and to lodge appropriate objections, if any.

## 26.    Inspection or Investigation

An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct the AAA to so advise the parties. The arbitrator shall set the date and time, and the AAA shall notify the parties. Any party who so desires may be present during the inspection or investigation. In the event that one or all parties are not present during the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

## 27.    Interim Measures

At the request of any party, the arbitrator may take whatever interim measures he or she deems necessary with respect to the dispute, including measures for the conservation of property.

Such interim measures may be taken in the form of an interim award and the arbitrator may require security for the costs of such measures.

## 28.    Closing of Hearing

The arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies or if satisfied that the record is complete, the arbitrator shall declare the hearing closed.

If briefs are to be filed, the hearing shall be declared closed as of the final date set by the arbitrator for the receipt of briefs. If documents are to be filed as provided in Section 25 and the date set for their receipt is later than that set for the receipt of briefs, the later date shall be the date of closing the hearing. The time limit within which the arbitrator is required to make the award shall commence to run, in the absence of other agreements by the parties, upon closing of the hearing.

## 29.    Reopening of Hearing

The hearing may be reopened by the arbitrator upon the arbitrator's initiative, or upon application of a party for cause shown, at any time before the award is made. If reopening the hearing would prevent the making of the award within the specific time agreed on by the parties in the contract(s) out of which the controversy has arisen, the matter may not be reopened unless the parties agree on an extension of time. When no specific date is fixed in the contract, the arbitrator may reopen the hearing and shall have thirty (30) days from the closing of the reopened hearing within which to make an award.

## 30.    Waiver of Oral Hearing

The parties may provide, by written agreement, for the waiver of oral hearings in any case. If the parties are unable to agree as to the procedure, the AAA shall specify a fair and equitable procedure.

## 31.    Waiver of Objection/Lack of Compliance with These Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with, and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

## 32.    Extensions of Time

The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these Rules, except the time for making the award. The AAA shall notify the parties of any extension.

## 33.    Serving of Notice

Each party shall be deemed to have consented that any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these Rules; for any court actions in connection therewith; or for the entry of judgment on an award made under these procedures may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held.

The AAA and the parties may also use facsimile transmission, telex, telegram, or other written forms of electronic communication to give the notices required by these Rules.

**34.    The Award**

a.    The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than thirty (30) days from the date of closing of the hearing or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

b.    An award issued under these rules shall be publicly available, on a cost basis. The names of the parties and witnesses will not be publicly available, unless a party expressly agrees to have its name made public in the award.

c.    The award shall be in writing and shall be signed by a majority of the arbitrators and shall provide the written reasons for the award unless the parties agree otherwise. It shall be executed in the manner required by law.

d.    The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable, including any remedy or relief that would have been available to the parties had the matter been heard in court. The arbitrator shall, in the award, assess arbitration fees, expenses, and compensation as provided in Sections 38, 39, and 40 in favor of any party and, in the event any administrative fees or expenses are due the AAA, in favor of the AAA.

e.    The arbitrator shall have the authority to provide for the reimbursement of representative's fees, in whole or in part, as part of the remedy, in accordance with applicable law.

f.    If the parties settle their dispute during the course of the arbitration, the arbitrator may set forth the terms of the settlement in a consent award.

g.    The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail, addressed to a party or its representative at the last known address, personal service of the award, or the filing of the award in any manner that may be required by law.

h.    The arbitrator's award shall be final and binding. Judicial review shall be limited, as provided by law.

**35.    Modification of Award**

Within twenty (20) days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator to correct any clerical, typographical, technical or computational errors in the award. The arbitrator is not empowered to redetermine the merits of any claim already decided.

The other parties shall be given ten (10) days to respond to the request. The arbitrator shall dispose of the request within twenty (20) days after transmittal by the AAA to the arbitrator of the request and any response thereto.

If applicable law requires a different procedural time frame, that procedure shall be followed.

**36.    Release of Documents for Judicial Proceedings**

The AAA shall, upon the written request of a party, furnish to the party, at that party's expense, certified copies of any papers in the AAA's case file that may be required in judicial proceedings relating to the arbitration.

### 37.   Judicial Proceedings and Exclusion of Liability

a.   No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate.

b.   Neither the AAA nor any arbitrator in a proceeding under these rules is or shall be considered a necessary or proper party in judicial proceedings relating to the arbitration.

c.   Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction.

d.   Neither the AAA nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these procedures.

### 38.   Administrative Fees

As a not-for-profit organization, the AAA shall prescribe filing and other administrative fees to compensate it for the cost of providing administrative services. The AAA administrative fee schedule in effect at the time the demand for arbitration or submission agreement is received shall be applicable.

The filing fee shall be advanced by the initiating party or parties, subject to final apportionment by the arbitrator in the award.

The AAA may, in the event of extreme hardship on any party, defer or reduce the administrative fees.

### 39.   Expenses

Unless otherwise agreed by the parties, the expenses of witnesses for either side shall be borne by the party producing such witnesses. All expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the costs relating to any proof produced at the direction of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator directs otherwise in the award.

The arbitrator's compensation shall be borne equally by the parties unless they agree otherwise, or unless the law provides otherwise.

### 40.   Neutral Arbitrator's Compensation

Arbitrators shall charge a rate consistent with the arbitrator's stated rate of compensation. If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator. Payment of the arbitrator's fees and

expenses shall be made by the AAA from the fees and moneys collected by the AAA from the parties for this purpose.

## 41.    Deposits

The AAA may require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expenses of the arbitration, including the arbitrator's fee, if any, and shall render an accounting to the parties and return any unexpended balance at the conclusion of the case.

## 42.    Interpretation and Application of Rules

The arbitrator shall interpret and apply these rules as they relate to the arbitrator's powers and duties. When there is more than one arbitrator and a difference arises among them concerning the meaning or application of these Rules, it shall be resolved by a majority vote. If that is not possible, either an arbitrator or a party may refer the question to the AAA for final decision. All other procedures shall be interpreted and applied by the AAA.

## ADMINISTRATIVE FEE SCHEDULE

## Administrative Fee

The AAA's administrative fees are based on filing and service charges. Arbitrator compensation is not included in this schedule. Unless the parties agree otherwise, arbitrator compensation and administrative fees are subject to allocation by the arbitrator in the award.

## Filing Fees

In cases before a single arbitrator, a nonrefundable filing fee in the amount of $500 is payable in full by a filing party when a claim is filed, unless the plan provides otherwise.
In cases before three or more arbitrators, a nonrefundable filing fee in the amount of $1,500 is payable in full by a filing party when a claim is filed, unless the plan provides otherwise.

## Hearing Fees

For each day of hearing held before a single arbitrator, an administrative fee of $150 is payable by each party.

For each day of hearing held before a multi-arbitrator panel, an administrative fee of $250 is payable by each party.

There is no AAA hearing fee for the initial Arbitration Management Conference.

**Postponement/Cancellation Fees**

A fee of $150 is payable by a party causing a postponement of any hearing scheduled before a single arbitrator.

A fee of $250 is payable by a party causing a postponement of any hearing scheduled before a multi-arbitrator panel.

**Hearing Room Rental**

The hearing fees described above do not cover the rental of hearing rooms, which are available on a rental basis. Check with the administrator for availability and rates.

**Supplemental Rules**

In addition to the above noted AAA's National Rules For The Resolution of Employment Disputes, the parties have adopted the following Supplemental Rules as part of the Arbitration Agreement. The arbitrator shall also apply the Supplemental Rules in any arbitration between the Company and an Employee over a Dispute and Legal Claims covered by the Arbitration Agreement.

**1.     General Procedures**

a.      To the extent that the AAA's National Rules For The Resolution of Employment Disputes may conflict on issues and interpretations relevant to these Supplemental Rules, the provisions and procedures set forth in the Supplemental Rules shall control and be applied by the hearing arbitrator and the appellant arbitrators (as defined below).

b.      The hearing arbitrator shall apply the substantive law (and the laws of remedies, if applicable), in the state in which the claim arose, or federal law, or both, depending upon the claims asserted. The hearing arbitrator shall also strictly apply Federal Rules of Evidence, except that deposition testimony of a witness may be used at the arbitration hearing without regard to whether the witness is unavailable. The hearing arbitrator shall provide brief findings of fact and conclusions of law. All arbitration decisions and awards rendered pursuant to the Arbitration Agreement shall be kept strictly confidential and shall not be disclosed to anyone not a witness, attorney, party representative, or party who actually attended the arbitration hearing.

c.      The hearing arbitrator shall have jurisdiction to hear and rule on prehearing disputes and is authorized to hold prehearing conferences by telephone or in person, as the arbitrator deems necessary. The hearing arbitrator will have the authority to hear a motion to dismiss and/or a motion for summary judgement by any party and in doing so shall apply the standards governing such motions under the Federal Rules of Civil Procedure. The hearing arbitrator shall dismiss any claim for arbitration where the person or party seeking arbitration has not first mediated the dispute with the other party or parties pursuant to Step 2 of **THE ADR PROGRAM** and the Arbitration Agreement between the parties.

**2.    Pre-Hearing Procedures.**

Each party will have the right to take depositions of individuals and any expert witnesses designated by another party. Each party will have the right to subpoena witnesses in accordance with the Federal Arbitration Act, Title 9 of the United States Code. Additional discovery may be had only where the hearing arbitrator so orders, upon a showing of substantial need. At least 30 days before the arbitration, the parties must exchange lists of witnesses, including any experts, and copies of all exhibits intended to be used at the arbitration hearing.

**3.    Attorneys' Fees**

a.    Each party shall be responsible for their own attorney's fees, if any; however, if any party prevails on a statutory claim which allows the winning party to be awarded attorney's fees, or if there is a written agreement providing for fees, the hearing arbitrator shall award reasonable fees to the prevailing party. The hearing arbitrator shall determine the prevailing party in accordance with the meaning of "prevailing party" under the Civil Rights Attorney's Fees Awards Act of 1976.

b.    The hearing arbitrator shall assess attorney's fees against a party upon a showing that such party's claim, defense or position is frivolous, or unreasonable, or factually groundless.

c.    If either party pursues a claim covered by the Arbitration Agreement by any means other than those set forth in the Agreement, the responding party shall be entitled to dismissal of such action, and the recovery of all costs and attorney's fees and losses related to such action.

**4.    Appeal Procedures:**

a.    Any party may appeal any arbitration award that has been rendered and become final under the American Arbitration Association Rules. The written appeal must be served in writing on the other party or parties to the arbitration and on the American Arbitration Association by certified mail within thirty (30) days after the hearing arbitrator caused the arbitration award to be mailed to the parties or to their representatives. The writing evidencing the appeal must specify those elements of the arbitration award that are being appealed and must contain a short statement of the appeal's basis. Once an appeal is timely served, the arbitration award by the hearing arbitrator shall no longer be considered final for purposes of seeking judicial enforcement, modification or vacation under the Federal Arbitration Act.

b.    Within fifteen (15) days after receipt of the appeal, the other party or parties may serve a written cross-appeal by serving it by certified mail on the other party or parties to the arbitration and on the American Arbitration Association. The writing evidencing the cross-appeal must specify those elements of the arbitration award that are being appealed and must contain a short statement of the cross-appeal's basis. Once a cross-appeal is timely served, the arbitration award by the hearing arbitrator shall no longer be considered final for purposes of seeking judicial enforcement, modification or vacation under the Federal Arbitration Act, even if the appeal is subsequently withdrawn.

c.      Within forty-five (45) days after receipt of the appeal, the parties to the appeal shall select a panel of three arbitrators (hereinafter the "appellate arbitrators") utilizing the procedures to select arbitrators set forth in the American Arbitration Association Rules.  The hearing arbitrator shall not be eligible to serve as an appellate arbitrator.

d.      The fees and expenses of the appellate arbitrators shall be shared equally if both an appeal and a cross-appeal are served.  If only an appeal is served, the fees and expenses of the appellate arbitrators shall be paid by the appellant party (or parties).  Each party serving an appeal or cross-appeal shall deposit funds or post other appropriate security for the appellate arbitrators' fees, in an amount and manner determined by the American Arbitration Association, within thirty (30) days after that party's service of an appeal or cross-appeal or when so directed by the American Arbitration Association.

e.      The record on appeal to the appellate arbitrators shall consist of any stenographic record or other record of the hearing before the hearing arbitrator and shall include all exhibits and deposition transcripts admitted into the record by the hearing arbitrator.  The parties to an appeal shall assist and cooperate with the American Arbitration Association in providing the record, exhibits and deposition transcripts to the appellate arbitrators.

f.      The appellate arbitrators shall establish a briefing schedule, page limitations for briefs and a date and duration for oral argument; provided, however, that prior to the appellate arbitrators' rulings on these subjects, the parties to the appeal may agree to waive briefing and/or oral argument and may agree to their own page limitations for briefs.

g.      The appellate arbitrators shall apply the same standard of review as the first-level appellate court would apply to the cause of action or defense on appeal in similar circumstances. If both federal and state-law causes of action (and/or defenses) are before the appellate arbitrators (either in a single appeal or as the result of a cross-appeal), the appellate arbitrators shall apply only the standard of review utilized by the United States Court of Appeals for the circuit in which the dispute arose.

h.      By majority vote, the appellate arbitrators may affirm, reverse, render or modify an arbitration award.  The appellate arbitrators may remand, but they may not remand to the original hearing arbitrator.  In the event of a remand, the parties shall select a new hearing arbitrator under the procedures set forth in the American Arbitration Association Rules, and the fees and expenses of the new hearing arbitrator shall be shared by the parties to the re-hearing in the same manner as those fees were shared in the original arbitration hearing.  The appellate arbitrators' decision shall include a brief, written opinion addressing the issues before them, and such opinion shall be delivered to the parties and the American Arbitration Association within thirty (30) days after the conclusion of any briefing schedule or any oral argument or as the parties may agree.  Fifteen (15) days after receipt of the appellate arbitrators' opinion setting forth their decision, any award by them shall be considered final for purposes of judicial enforcement, modification or vacation under the Federal Arbitration Act.

XI.    Agreement to Resolve An Employment Dispute Through Binding Arbitration

# Agreement to Resolve An~~ employment Dispute Through Bin~~ ~~g~~ Arbitration

This document is a voluntary Agreement between _____, an applicant or an employee of NEVGULMARCO COMPANY, INC., whose printed name and signature appear on the last page of this document (referred to as the "Employee") and NEVGULMARCO COMPANY, INC. (referred to as the "Company" and defined in Section 8 of this Agreement.)

## 1.  What is binding arbitration?

Binding Arbitration is a process in which two parties in a legal Dispute select a disinterested party to hear and evaluate evidence and make a judgment. The arbitrator's decision (or appellant arbitrators' decision in the event of an appeal) is final and binding on both parties.  Arbitrators have the same authority as judges to resolve disputed claims and grant appropriated relief.  The arbitrator uses procedures similar to court procedures, and all decisions are made according to the same principles of law.

## 2.  Why enter into an arbitration agreement?

The parties are voluntarily entering into this Agreement in order to quickly resolve through Binding Arbitration rather than court litigation any legal Dispute arising under the employment relationship including actions for which the Employee may be separated from the Company, however unlikely such Termination may be.  Arbitration is economically desirable for an Employee because the Company pays approximately 90% of the cost while total Employee fees are capped at a maximum amount, as detailed in **THE ADR PROGRAM** booklet.  Furthermore, if a final binding decision is in favor of the Employee, the Company will pay the Employee's share of the filing fees  Both parties believe it will be faster and less expensive to resolve such a Dispute through Binding Arbitration.

## 3.  What does this Agreement mean?

This arbitration Agreement means that the Employee and the Company both agree that Internal Review, Mediation and Binding Arbitration will be the exclusive method used to resolve any legal Disputes arising under the employment relationship including the Employee's Termination from the Company.  Both the Company and Employee exchange mutual promises that they will not seek to resolve any Dispute by filing a lawsuit, participating as a plaintiff in a lawsuit, or seeking damages in a lawsuit filed by another individual or as a member of a class action filed in any federal, state, county or municipal court.  This process does not preclude an Employee from filing a charge of discrimination with a state or federal administrative agency such as the Equal Employment Opportunity Commission.  Using the procedures provided here, and described in the Rules of arbitration, the Employee and the Company agree that each has the tools needed to resolve any Legal Claims and Dispute arising under the employment relationship.

Employee and Company agree that signing and entering into this Agreement or, in the alternative, being subject to the Company's policy ("Policy") set forth in **THE ADR PROGRAM** requiring the submission to Binding Arbitration of all Legal Claims described in this Agreement and Policy, is a condition of employment. Employee and Company further agree that the exchange of the mutual promises referenced above and the Company's offer of employment and Employee's voluntary acceptance to begin and/or continue his/her employment after signing this Agreement, or being notified in writing of the application of the Policy to Employee requiring submission to Binding Arbitration of all Legal Claims described in the Agreement and Policy, constitute adequate consideration for this Agreement and the application of the Agreement and Policy to Employee.

## 4.  What kind of claims will be covered?

This Agreement applies to all legally protected rights arising under the employment relationship now or in the future including a Dispute over Termination.  This Agreement also applies, but is not limited to the following Legal Claims, timely made, which could have arisen out of the Employee's employment relationship:

- Discrimination on the basis of race, sex, religion, national origin, age, disability, or any other unlawful basis
- Harassment on the basis of race, sex, religion, national origin, age, disability, or any other unlawful basis.
- Retaliation for filing a protected claim for benefits, e.g., worker's compensation, or exercising protected rights under any statute.
- Violations of any other federal, state, county, municipal, or other governmental constitution, statute, ordinance, regulation, public policy, or common law, affecting economic terms of employment *except* statutory claims for unemployment benefits.
- Personal injuries arising from a Termination or during the employment relationship *except* those covered under a statutory worker's compensation system.
- Any dispute concerning this Agreement including a claim over the arbitrability of the dispute.
- Breach of any express or implied contract, breach of a covenant of good faith and fair dealing, and claims of wrongful termination or constructive discharge (i.e. a former Employee claims he or she was forced to resign).
- Breach of a common law duty of loyalty or its equivalent.
- Exceptions to the employment-at-will doctrine under applicable law.

The only claims **NOT covered** are claims for ERISA benefits already subject to a separate arbitration agreement contained in summary plan description (SPD) documents, claims for unemployment insurance compensation, worker's compensation and injunctive relief including, but not limited to, unfair competition, intellectual property, trade secrets and confidential information.

## 5.   Understanding of rights.

This Agreement applies only to the method that is used to resolve employment Legal Claims and Disputes. Under this Agreement, each party gains only the right to have the asserted claim resolved through Internal Review, Mediation and Binding Arbitration, and *forgoes the party's right to resolve the Legal Claims and Dispute before a jury or court trial* but does not affect an Employee's ability to file a charge of discrimination with a federal or state administrative agency.  No other rights of the Employee or the Company are affected, created, or implied by this Agreement.

- Arbitrators and courts follow similar but sometimes-different procedures, yet apply the same principles of law.  Thus, this Agreement determines only the place (forum) where the claim shall be heard and will not affect the legal principles used to resolve any claim asserted by the parties.
- Any arbitrator selected will have the authority to grant any damages or any relief that would be available in court.
- The arbitrator's findings will be issued in a written decision with supporting rationale. The arbitrator's decision (or appellant arbitrators' decision in event of appeal) shall be final and binding on both parties.
- Nothing in this Agreement changes or in any manner modifies the parties' employment relationship or employment-at-will status; that is, the parties can each end the relationship at any time for any lawful reason with or without cause.  The parties agree that this is their complete agreement on the subject of the duration of employment and right to terminate the employment relationship.

## 6.   Procedures.

Any employment Dispute and Legal Claims covered under Section 4 of this Agreement will be resolved through Internal Review, Mediation and, if necessary, by an arbitrator who will be selected and mutually agreed-upon by the Employee and the Company according to the process described in the National Rules for the Resolution of Employment Disputes (effective 1/1/99 or as uniformly amended from time to time) issued by the American Arbitration Association (AAA) and the Supplemental Rules.  By signing this Agreement, the Employee acknowledges that he/she has received a copy of the AAA's National Rules for the Resolution of

Employment Disputes and the Supplemental Rules (together referred to as the "Rules"), which are incorporated herein and govern any arbitration conducted pursuant to this Agreement.

## 7.   Enforcing this Agreement.

The Federal Arbitration Act governs this Agreement. If the Federal Arbitration Act is determined not to apply, the Uniform Arbitration Act (if any) of the State where the Company is incorporated shall apply as it now exists or may be amended.

Any Dispute concerning this Agreement – the way it was formed, its applicability, what it means, the enforceability, or any claim that all or part of this Agreement is void or void able – is subject to arbitration under the Agreement. Either party may bring an action in court to compel arbitration under this Agreement, to enforce a final arbitration award, or to dismiss any lawsuit seeking to resolve a Legal Claim that the parties have agreed, by application of the Policy and/or by signing this Agreement, to submit to Binding Arbitration.

Both the Employee and the Company are obligated to accept the results of arbitration as final and binding, and subject to court review only in circumstances applicable under the Federal Arbitration Act or applicable law of the State in which the Company is incorporated. If any part of this Agreement is determined to be void or otherwise unenforceable, the rest of the Agreement will be valid and enforceable. In the event a court determines that arbitration should not be the exclusive forum for the dispute, exhaustion of Internal Review, Mediation and Binding Arbitration shall be a condition precedent to the institution of any other legal proceeding relating to the Dispute.

## 8.   Definitions of terms.

The *Company* refers to the legal entity or establishment that employs the Employee, as well as its successors and all past and present subsidiaries, affiliated companies, and its officers, directors, employees, managers, supervisors and agents in their personal or official capacities. The signature or printed name of the Company representative authorized to enter into this Agreement appears on the last page of this document.

*Binding arbitration* means that a hearing (or appellate) arbitrator(s) selected jointly by the Employee and the Company is authorized to hear and consider evidence concerning a covered Legal Claim or Dispute and issue a final and binding decision, providing all remedies available under applicable law.

*Termination* means a Company-initiated separation of an involuntary nature including any allegation of constructive discharge where a former Employee claims he or she was forced to resign.

*Legal Claims* or *Dispute* refers to those legally protected rights covered under Section 4 of the Agreement.

*THE ADR PROGRAM* refers to An Alternative Dispute Resolution Program- The Right Way™ used by the Company and its employees to resolve disputes related to the employment relationship.

The *Policy* is set forth in **THE ADR PROGRAM** and refers to a Company requirement for the submission to Binding Arbitration of all Legal Claims or Disputes described in Section 4 of this Agreement

The *Employee* refers to the individual entering into or subject to this Agreement and Policy and includes the individual's successors, assigns, beneficiaries, heirs, children, spouses, parents and legal representatives.

The *AAA* refers to the American Arbitration Association.

The *Agreement* refers this Agreement to Resolve An Employment Dispute Through Binding Arbitration.

The *Rules* refer to the AAA's National Rules for the Resolution of Employment Disputes as currently published or as amended from time to time and the Supplemental Rules.

*Internal Review* refers to the first step used by an Employee to raise a Dispute under **THE ADR PROGRAM**

*Mediation* refers to the second step used by an Employee to resolve a Dispute under **THE ADR PROGRAM**.

*Supplemental Rules* refers to those rules in addition to the AAA's rules, which govern any arbitration hearing conducted pursuant to this Agreement. The parties to this Agreement agree that the Supplemental Rules shall prevail, control and be applied by the arbitrator to any conflict between the AAA's rules and the Supplemental Rules.

### 9. Entire Agreement.

Except for any arbitration provision (if any) contained in the Company's written ERISA benefit plans, this is the complete agreement of the parties on the subject of arbitration of an asserted employment Dispute and supersedes any prior or contemporaneous oral or written agreements or understandings on this subject. This Agreement is not an employment contract, express or implied, and does not alter the employment at-will relationship between the Company and Employee.

In signing this Agreement, neither the Employee nor the Company is relying on any representation, oral or written, concerning the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

### 10. Modification and revocation.

This Agreement will survive the Employee's termination of employment with the Company. This Agreement can be modified or revoked only by a document signed by the Employee and the Company's highest-ranking officer or agent specifically referencing this Agreement and stating intent to modify or revoke it.

### 11. This Agreement is voluntary.

THE EMPLOYEE ACKNOWLEDGES THAT HE/SHE HAS CAREFULLY READ THIS AGREEMENT, THAT HE/SHE UNDERSTANDS IT, AND THAT ALL UNDERSTANDINGS BETWEEN THE EMPLOYEE AND THE COMPANY RELATED TO THE SUBJECTS COVERED IN THIS AGREEMENT ARE CONTAINED IN IT. THE EMPLOYEE ACKNOWLEDGES THAT HE/SHE HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITHOUT DURESS, PRESSURE OR COERCION FROM ANY PERSON. THE EMPLOYEE ACKNOWLEDGES THAT SIGNING THIS AGREEMENT OR, IN THE ALTERNATIVE, BEING SUBJECT TO THE POLICY SET FORTH IN **THE ADR PROGRAM** REQUIRING THE SUBMISSION TO BINDING ARBITRATION OF ALL LEGAL CLAIMS DESCRIBED IN THIS AGREEMENT AND POLICY IS A CONDITION OF EMPLOYMENT. THE EMPLOYEE UNDERSTANDS AND ACKNOWLEDGES THE APPLICATION OF THE COMPANY POLICY SET FORTH IN **THE ADR PROGRAM** SHOULD THE EMPLOYEE VOLUNTARILY ACCEPT TO BEGIN AND/OR CONTINUE HIS/HER EMPLOYMENT AFTER BEING NOTIFIED IN WRITING OF THE APPLICATION OF THE POLICY TO THE EMPLOYEE. THE EMPLOYEE ALSO ACKNOWLEDGES THAT HE/SHE HAS ENTERED INTO THIS AGREEMENT AFTER DUE CONSIDERATION, AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE WHICH ARE CONTAINED WITHIN THIS AGREEMENT. THIS IS AN AGREEMENT TO WHICH BOTH PARTIES INTEND TO BE LEGALLY BOUND.

The Employee also acknowledges that he or she has had or will have an opportunity to discuss this Agreement with his or her counsel or attorney and has or will use that opportunity if he or she wishes to do so.

| | | |
|---|---|---|
| _____ | _____ | NEVGULMARCO COMPANY, INC. |
| Employee's Signature | Date | |
| | | HARLEY LONDRIE |
| _____ | _____ | Signature or Printed Name of Company Official |
| Employee's Social Security Number | | |
| | | Date: September 30, 2002 |

## XII. Forms Used To Process A Claim Under THE ADR PROGRAM

THE ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAM

## Step 1 - REQUEST FOR INTERNAL REVIEW

I have a Legal Claim and Dispute arising out of my employment relationship with the Company and wish to submit the matter to an Internal Review. The following information is submitted by me to initiate Internal Review of the circumstances described in Part 2.

### Part 1

Name: _____  Social Security No.: _____

Address: _____
*(Must be a street address. Please do not use a P.O. Box Number.)*

Telephone Number: _____

Work Location: _____

Date of Hire: _____  Date of Termination (if relevant)_____:

### Part 2

The following describes my Legal Claim and Dispute, which should be reviewed for the reasons stated below (*attach additional pages if you wish*):




### Part 3

I believe this Step 1 Internal Review request is timely made under the Rules and requirements contained in THE ADR PROGRAM. I understand that individuals who will review this matter must have access to records regarding my employment with the Company.



Signed: _____   Date: _____



This form must be submitted to or mailed to the Company's representative at:

NEVGULMARCO COMPANY, INC.
Attn: Harley Londrie
400 Washington Street
Port Isabel, Texas 78578

# THE ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAM

## Step 2 – NOTICE OF INTENT TO MEDIATE A LEGAL CLAIM

I have a Legal Claim and Dispute arising out of my employment relationship with the Company and I disagree with the Company's response to my request for Internal Review. I wish to proceed to Step 2 Mediation. The following information is submitted by me to initiate mediation of the circumstances described in Part 2.

### Part 1

Name: _____ Social Security No.: _____

Address: _____
*(Must be a street address. Please do not use a P.O. Box Number.)*

Telephone Number: _____

Work Location: _____

Date of Hire: _____ Date of Termination (if relevant)_____:

### Part 2

The following describes my Legal Claim and Dispute and my reasons for disagreement with the Company's response to the request for Internal Review. I request that this matter be resolved through the mediation process for the reasons stated below (*attach additional pages if you wish*):

### Part 3

I believe this Step 2 Mediation request is timely made under the Rules and requirements contained in THE ADR PROGRAM. I understand that individuals who will review this matter must have access to records regarding my employment with the Company.

Signed: _____ Date: _____

This form must be submitted to or mailed to the Company's representative at:

NEVGULMARCO COMPANY, INC.
Attn: Harley Londrie
400 Washington Street
Port Isabel, Texas 78578

# THE ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAM

## Step 3 – NOTICE OF INTENT TO ARBITRATE A LEGAL CLAIM

To:    NEVGULMARCO COMPANY, INC.        From: _____

Attn: Harley Londrie                                      (Name of Individual)    (PLEASE PRINT)

400 Washington Street                                 _____
                                                                        (Social Security Number)

Port Isabel, Texas 78578                            _____
                                                                        (Street Address – Please do not use a P.O. Box)

                                                                        _____
                                                                        (City, State, ZIP Code)

                                                                        _____
                                                                        (Telephone Number)

This completed form is to initiate Binding Arbitration of my Legal Claim arising out of the employment relationship, pursuant to the Arbitration Agreement, the Rules applicable to arbitration contained in THE ADR PROGRAM and Company policy. I do not accept the results of the Internal Review and Mediation processes. The Company response I received on my Internal Review was dated _____ and the mediator's notice was dated _____.

The following information is submitted pursuant to Rule 4 of the AAA's Rules of Arbitration:

1.    My date of hire: _____

2.    My work location: _____
                                          (Street Address, City, State)

3.    My date of termination (if applicable): _____
                                                               (Last date on active payroll)

4.    A brief statement about the Legal Claim, including the dates important to my claim as well as the factual basis for all claims, is as follows (*attach additional pages, if necessary*):


5.    My Legal Claims or causes of action cover (for example: race discrimination, wrongful discharge, breach of contract, etc., *if known*):


6.    In order to resolve this Legal Claim, I believe I am entitled to receive from the Company the following (include an estimate of any dollar amount you believe is involved, briefly explaining how you arrived at the amount, and any other relief you seek):


7.    I prefer this Legal Claim be heard by an arbitrator in: _____
                                                                                      (City/State, and location in City, if there is a preference)

*This Notice is sent to you via certified mail.*

_____                    _____
Signature                                                                  Date

Mail one copy to American Arbitration Association, Regional Administrator, 13455 Noel Road, Suite 1440, Dallas, TX 75240-6620
Note: Mail original signed copy to Company via certified mail to the above address. Keep one copy for your personal records.

# NEVGULMARCO COMPANY, INC.

## Acknowledgment of Notice and Receipt of
## THE ADR PROGRAM

I acknowledge receiving notice that **THE ADR PROGRAM** covers me. I have also received a copy of **THE ADR PROGRAM** booklet containing a description of the Company Policy regarding the application of **THE ADR PROGRAM** to *both* the Company and myself. I also acknowledge receiving a copy of the Arbitration Agreement and Rules contained in **THE ADR PROGRAM** booklet and understand that **THE ADR PROGRAM**, Company Policy, Arbitration Agreement, and Rules apply to me should I chose to voluntarily accept employment or continue my current employment subsequent to receiving this notice and personal copy of **THE ADR PROGRAM** booklet.

_____

Today's Date

_____

Signature of Applicant or Employee

_____

Print Name

**XII.   Acknowledgement of Notice and Receipt of THE ADR PROGRAM**

**APPENDIX A**

**Mediation Service Providers**

The following list* contains organizations that provide mediation services on a nationwide basis. They are listed here for the convenience of the parties in the selection of a mediator under Step 2 of THE ADR PROGRAM.

* A current list of mediation service providers can be obtained by contacting ELCG's website: www.elcg.com

# NEVGULMARCO COMPANY, INC.

## ~~Acknowledgment of Notice and Receipt~~ of
## THE ADR PROGRAM

I acknowledge receiving notice that **THE ADR PROGRAM** covers me. I have also received a copy of **THE ADR PROGRAM** booklet containing a description of the Company Policy regarding the application of **THE ADR PROGRAM** to *both* the Company and myself. I also acknowledge receiving a copy of the Arbitration Agreement and Rules contained in **THE ADR PROGRAM** booklet and understand that **THE ADR PROGRAM**, Company Policy, Arbitration Agreement, and Rules apply to me should I chose to voluntarily accept employment or continue my current employment subsequent to receiving this notice and personal copy of **THE ADR PROGRAM** booklet.

_1-8-03_
Today's Date

_X Angel Romero_
Signature of Applicant or Employee

_Angel J. Romero Jr_
Print Name

EXHIBIT NO. _C_