United States District Court
Southern District of Texas
FILED

SEP 1 8 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NEVGULMARCO COMPANY, INC.; | § | |
| ZIMCO MARINE, INC.; | § | |
| and CARMELITA, INC. | § | |
| | § | C. A. NO. B-03-153 |
| v. | § | |
| | § | |
| ANGEL ROMERO, JR. | § | |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STAY

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs herein file this brief in support of their motion requesting this Court stay all matters regarding an employment dispute between Plaintiffs and **Angel Romero, Jr.** in Cameron County Court at Law No. 2.

### Statement Of The Case

The factual basis of the case presently pending before this Court is stated in the Plaintiffs' Original Petition. In summary, **Angel Romero, Jr. ("Romero")** lapsed into a coma on July 20, 2003 while onboard the O/S CARMELITA. The O/S CARMELITA is owned by **Carmelita, Inc.** whose parent entity is **Nevgulmarco Company, Inc.** The remaining Plaintiff, **Zimco Marine, Inc.** is an affiliated entity to both Carmelita, Inc. and Nevgulmarco Company, Inc. While no formal written demand has been made to any of the Plaintiffs for purported personal injury damages suffered by Romero, Counsel for the appointed guardian has made oral demand to Counsel for Plaintiffs for such recompense.

The issue before this Court raised by Plaintiffs' Original Petition is the effect of the written agreement between the parties to submit all employment disputes to binding arbitration. In spite of the limitation of authority given the guardian in the order appointing her and the existence of this action before the United States District Court, the guardian is now attempting to initiate and conduct pre-litigation discovery in the Cameron County Court at Law No. 2 without approval of either that Court or the United States District Court.

### Argument And Authority

Romero, through his guardian, is attempting to conduct depositions under the auspices of the suit in state court brought for the sole purpose of the appointment of a guardian. A copy of the Application for Appointment of Guardian is attached hereto as Exhibit A. Texas Rules of Civil Procedure, Rule 202.1 requires an order of a court to authorize the taking of a deposition to either perpetuate testimony or to investigate a potential claim or suit. Romero's guardian has not requested nor secured such an order. The state rule has its counterpart in Federal Rules of Civil Procedure 27.

State Rule 202 requires an applicant for an order allowing pre-litigation discovery to file a verified petition which sets out many factual claims including names, addresses and telephone numbers of persons who the petitioner expects to have interests adverse to petitioner. The petition is also required to identify the persons to be deposed, the substance of the expected testimony and the reasons for obtaining the testimony of each. Absent such a petition, no deposition can be ordered.

Absent such an order, no deposition may be taken. In contrast, the subpoena issued to Harley Londrie is attached hereto as Exhibit B.

Federal Rule 27 does not differ in substantive effect to the state rule: A petition is required to identify the subject matter and the petitioner's interest in the expected lawsuit. It is also required to set forth the facts which petitioner expects to establish and the reasons for perpetuating the testimony.

This Court has authority under the All Writs Act (28 U.S.C. § 1651(a)) to issue all writs necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law. Inasmuch as the relief requested of this Court is based on protection of its jurisdiction, the Anti-Injunction Act (28 U.S.C. § 2283) is inapplicable. Equally inopposite is the United States Supreme Court's admonition that federal courts should not enjoin state court proceedings being conducted in an orderly fashion because the proceedings before the Cameron County Court at Law No. 2 do not comply with state Rule 202 and are not, therefore, orderly. It is not necessary for this Court to have jurisdiction over the state court case as an original action. It can exercise ancillary jurisdiction in order to secure the advantages of a judgment or decree rendered by the Court. *Regions Bank of Louisiana v. Rivet*, 224F.3d 483 (5th Cir. 2000).

WHEREFORE, Plaintiffs pray the Court issue its order enjoining further attempts by Romero to engage in pre-litigation discovery under the auspices of the guardianship proceedings in Cameron County Court at Law No. 2.

DATED: September 18, 2003.

                    Respectfully submitted,

                    **FLEMING & HERNANDEZ, P.C.**
                    1650 Paredes Line Road, Suite 102
                    Brownsville, Texas 78521-1602
                    Telephone: (956) 982-4404
                    Telecopier: (956) 982-0943

                    by: _/s/ Tom Fleming_
                    Tom Fleming
                    State Bar of Texas No. 07133000
                    Federal I.D. No. 1188

**ATTORNEYS FOR PLAINTIFFS,**
Nevgulmarco Company, Inc.;
Zimco Marine, Inc.;
and Carmelita, Inc.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STAY** was served September 18, 2003 in the manner(s) indicated below upon the following Counsel:

    Mr. Ray R. Marchan
    WATTS LAW FIRM, L.L.P.
    1926 East Elizabeth Street
    Brownsville, Texas 78520
    _(Certified United States Mail, R.R.R., #7002 1000 0005 1026 7355)_

                    _/s/ Tom Fleming_
                    Tom Fleming

CAUSE NO. 2003-CGC-59-5

| | |
|---|---|
| IN THE MATTER OF THE | * IN THE COUNTY COURT |
| GUARDIANSHIP OF | * AT LAW NO. |
| ANGEL ROMERO, JR. | * CAMERON COUNTY, TEXAS |

FILED FOR RECORD
AT ___ O'CLOCK ___ M
AUG 11 2003
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

APPLICATION FOR APPOINTMENT OF GUARDIAN

TO THE HONORABLE COURT:

AVIGAIL MARTINEZ DURAN ROMERO, residing at 53 Alan-A-Dale Drive, Brownsville, Cameron County, Texas, files this application for the appointment of her as the guardian of the person and estate of ANGEL ROMERO, JR., and in support of this application shows:

I.

Angel Romero, Jr. is hospitalised at Valley Regional Medical Center, 100-A Alton Gloor, Brownsville, Cameron County, Texas. Angel Romero, Jr. has no guardian of his person or estate at this time.

II.

There is imminent danger because Angel Romero, Jr. is incapacitated in that he is in a coma and is unable to manage his physical health, or to manage his financial and business affairs in the manner of a reasonably prudent person.

III.

Avigail Martinez Duran ROMERO, residing at 53 Alan-A-Dale Drive, Brownsville, Cameron County, Texas, seeks a guardianship of the person and estate of the proposed ward.

IV.

The facts requiring immediate appointment of a guardian are as follows: Angel Romero, Jr. is in a coma at Valley Regional Medical Center and as such is unable to administer his estate and to make expenditures and make decisions concerning his health or health providers. That Angel Romero, Jr. requires the protection of this court


EXHIBIT NO. A

and the assistance of a guardian to conserve and manage his estate. For this reason, this application proposes that the guardian be granted those powers set out in the attached proposed order, specifically including the power to manage his physical health and to make decisions for his.

V.

Avigail Martinez Duran Romero, proposed guardian, residing at 53 Alan-A-Dale Drive, Brownsville, Cameron County, Texas is the legal spouse of said ward of the estate sought to be appointed and is the natural guardian of the person of the ward and is entitled to be appointed and is qualified and is not disqualified to serve as guardian and it is in the best interest of the ward that Avigail Martinez Duran Romero be appointed guardian.

VI.

Angel Romero, Jr.'s social security number is 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. Proposed Wards, Avigail Martinez Duran Romero has no social security number.

WHEREFORE, Avigail Martinez Duran Romero requests that:

1.  Following a hearing, Avigail Martinez Duran Romero be appointed guardian of the Estate of Angel Romero, Jr., with power to manage his physical health and to manage his financial and business affairs.

2.  Avigail Martinez Duran Romero be granted such other and further relief to which he may be entitled.

Respectfully submitted,

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
Phone: (956) 544-0500
Fax: (956) 541-0255

By: _____
Ray R. Marchan
State Bar I.D. No.12969050

## VERIFICATION

STATE OF TEXAS         *
                                 *
COUNTY OF CAMERON *

BEFORE ME, the undersigned Notary Public, on this day personally appeared AVIGAIL MARTINEZ DURAN ROMERO, who, after being duly sworn, stated under oath that she is the applicant in this proceeding; that she has read the above Application for Appointment of Guardian; and that every statement contained in the application is within her personal knowledge and is true and correct.

_____
AVIGAIL MARTINEZ DURAN ROMERO

SUBSCRIBED AND SWORN TO BEFORE ME on August 11, 2003.

_____
Notary Public, State of Texas

[Notary Seal: YADIRA VILLARREAL, Notary Public, State of Texas, My Commission Exp. 10-07-2006]

STATE OF TEXAS

ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON AUTHORIZED TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN RULE 176.8(a), GREETINGS:

In the COUNTY COURT AT LAW NO. 2 of CAMERON COUNTY, TEXAS deposition subpoena to testify or produce documents or things:

CAUSE NO. 2003-CGC-59-B

IN THE MATTER OF THE GUARDIANSHIP OF ANGEL ROMERO, JR.

YOU ARE HEREBY COMMANDED THAT YOU SUMMON

Harley Londrie
Zimco Marine
400 Washington
Port Isabel, Texas 78578

To appear at the Law Office of: WATTS LAW FIRM, L.L.P., 1926 E. Elizabeth, Brownsville, TX 78520, on the 17th day of SEPTEMBER, 2003, commencing at 2:00 P.M., to testify at the instance of the Attorney for the PLAINTIFF.

Dated: Wednesday, September 10, 2003

*Bill Brigc*
CERTIFIED SHORTHAND REPORTER
IN AND FOR THE STATE OF TEXAS

Requesting Attorney: Mr. Ray R. Marchan, WATTS LAW FIRM, L.L.P.

COPY

1

EXHIBIT NO. 13

# RETURN OF SERVICE

Came to hand the __10__ day of __September__, 2003 at __4:30__ o'clock __P__.m.

And executed by delivering a copy of this Subpoena to the within-named __Harley Landrie__ in person at __400 Washington__ In __Cameron__ County, Texas, on the __11__ day of __September__, 2003. At __9:00__ o'clock __A__.m., and tendered to the witness a fee of $10.00.

Not executed as to the witness ~~~~~~~~~~~~~~~~~~~ for the following reasons: ~~~~~~~~~~~~~~~~~~~

SERVICE FEES:

Travel:       $_____

Service:      $_____

Witness Fee:  $_____

**TOTAL**     $_____

BY: _____
Person who is not a party and is not less than 18 years of age.

I hereby accept service of the attached subpoena and will appear on said date and time directed in this subpoena.

_____
**WITNESS**

DATE: _____

**RULE 176.8(A) CONTEMPT: FAILURE BY ANY PERSON WITHOUT ADEQUATE EXCUSE TO OBEY A SUBPOENA SERVED UPON THAT PERSON MAY BE DEEMED IN CONTEMPT OF THE COURT FROM WHICH THE SUBPOENA IS ISSUED OR A DISTRICT COURT IN THE COUNTY IN WHICH THE SUBPOENA IS SERVED, AND MAY BE PUNICHED BY FINE OR CONFINEMENT, OR BOTH.**

2