**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

SEP 2 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NEVGULMARCO COMPANY, INC.; | § | |
| ZIMCO MARINE, INC.; and | § | |
| CARMELITA, INC. | § | Civil Action No. B-03-153 |
| | § | |
| vs. | § | |
| | § | |
| ANGEL ROMERO, JR. | § | |

**DEFENDANT ANGEL ROMERO, JR.'S RESPONSE TO PLAINTIFFS'
MOTION TO STAY AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Angel Romero, Jr., represented by his Guardian Avigail Martinez Duran Romero, files this Response to Plaintiffs' Motion to Stay. Romero respectfully shows the Court as follows:

**I.
BACKGROUND**

1.1    On July 20, 2003, Angel Romero, Jr., was working aboard the O/S CARMELITA, a shrimping boat. He was overcome by toxic fumes caused by the use of a shrimp dip powder containing sodium metabisulfite that came into contact with water, creating toxic sulfur dioxide fumes. Exposure to the toxic fumes caused Angel Romero, Jr. to lapse into a coma.

1.2    At this time, Angel Romero, Jr., remains in a coma. Avigail Martinez Duran Romero has been appointed the guardian of Angel Romero, Jr. Avigail Duran Romero retained the Watts Law Firm, L.L.P., to represent the legal interests of Angel Romero, Jr., arising out of the incident of July 20, 2003. In this regard, his attorneys contacted Carmelita, Inc. and/or its parent company Nevgulmarco Company, Inc., to

request the insurance information potentially covering his medical treatment, to that preauthorization of he being relocated to Spanish Meadows nursing home for his continued care.   Attorneys for Carmelita, Inc. (the owner of the boat), Nevgulmarco Company, Inc. (the parent company of the boat owner), and Zimco Marine, Inc., (a related corporation), contend there is an arbitration agreement between them and Angel Romero, Jr. that governs the claims arising out of the incident of July 20, 2003.

1.3    On August 29, 2003, Nevgulmarco, Zimco, and Carmelita (referred to collectively herein as "Nevgulmarco") brought this declaratory judgment action, requesting this Court determine the rights and obligations of Plaintiffs and Angel Romero, Jr. under an arbitration agreement.  The same day, Angel Romero, Jr., through his guardian, filed a civil lawsuit in Texas district court against Nevgulmarco, Zimco, and Carmelita, seek civil remedies for the injuries and damages caused by the boat owner and its related corporations, as well as another unrelated Defendant.

1.4    On September 10, 2003, Avigail Duran Romero, as the guardian, had a subpoena issued for Harley Londrie, of Zimco Marine, to provide deposition testimony in the guardianship proceeding on September 17, 2003.  Attorneys for Nevgulmarco quashed that deposition notice, and Mr. Londrie has not appeared or provided any deposition testimony.  The reason the guardian needs the deposition testimony of Mr. Londrie (Angel Romero, Jr.'s employer) is to discover information about Angel Romero Jr.'s insurance coverage, which his employer has refused to voluntarily provide. Mr. Romero's guardian wants to have Mr. Romero transferred to a nursing home, but cannot receive pre-authorization from the insurance carrier for the transfer because she does not have pertinent information about Mr. Romero's insurance coverage.

1.5    On September 18, 2003, three days after Defendant was served with the summons in this action, Plaintiffs filed a motion in this Court to stay proceedings in Angel Romero, Jr.'s guardianship proceeding in Texas County Court.  Specifically, Nevgulmarco is asking this Court to stay "all actions" in the guardianship proceeding "concerning the employment dispute."

1.6    Defendant Romero has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction over this action.  This Court should decide that jurisdictional question before addressing Nevgulmarco's request for a stay of the guardianship proceedings.

## II.
### THIS COURT SHOULD DECIDE THE JURISDICTION ISSUE BEFORE RULING ON PLAINTIFFS' MOTION TO STAY

2.1    A federal court must generally determine whether it has subject matter jurisdiction before it makes any other decisions in the case.  *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93, 118 S.Ct. 1003 (1998); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88, 119 S.Ct. 1563 (1999) (holding that under limited circumstances, a federal court can determine whether it has personal jurisdiction over a party before it determines subject matter jurisdiction).

2.2    In *Steel Co.*, the Supreme Court held that a federal court cannot "hypothesize subject-matter jurisdiction" in order to make decisions regarding the merits of the case.  *Steel Co.*, 523 U.S. at 93, 118 S.Ct. 1003.  The Court held that jurisdiction must be established as a threshold matter and that this rule is "inflexible and without exception." *Id.* at 95, 118 S.Ct. 1003.  "Without jurisdiction the court cannot proceed at all in any cause." *Id.* at 94, 118 S.Ct. 1003.

2.3    Romero has filed a Motion to Dismiss for Lack of Subject Mater Jurisdiction. If this Court does not have jurisdiction over this action, any order staying proceedings in a Texas state court action would be moot. This Court should decide Romero's Motion to Dismiss before it addresses Plaintiffs' Motion to Stay. If, for some reason, the Court finds it has subject matter jurisdiction over this action, it can then decide whether to stay Texas State Court proceedings.

## III.
### THE ANTI-INJUNCTION ACT PROHIBITS PLAINTIFFS' REQUEST FOR A STAY

3.1    The Anti-Injunction Act generally prohibits a federal court from interfering with the jurisdiction of a state court proceeding. The Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. §2283.

3.2    Although the All Writs Act grants authority to courts to issue writs "necessary or appropriate in aid of their respective jurisdictions," that Act is tempered by and interpreted in harmony with the Anti-Injunction Act. *Castano v. American Tobacco Co.*, 879 F.Supp. 594, 597 (E.D. La. 1995).

3.2    The United States Supreme Court has held that a federal court is generally prohibited from interfering with state court proceedings, and although there are some exceptions, "the exceptions are narrow and are 'not [to] be enlarged by loose statutory construction.'" *Chick Cam Koo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684 (1988) (quoting *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 287, 90 S.Ct. 1739 (1970).). These three exceptions, as set forth in the statute, arise only when (1) the express provisions of another act of Congress authorize such an order; (2) the order is

necessary in aid of the federal court's jurisdiction; and (3) there is a need to protect or effectuate the federal court's judgment. *Id.*

3.3    In this case, Plaintiffs have cited no statute that expressly authorizes this Court to stay the State Court guardianship proceedings. Also, this Court has not entered any judgments that need to be protected or effectuated. Consequently, the only exception that could possibly apply in this case is the second exception – a necessity to aid this Court's jurisdiction.

3.4    When considering whether this Court needs to issue an order restricting a Texas State Court's jurisdiction over its proceedings in order to aid in its own jurisdiction, it is important to understand the limited nature in which courts have interpreted the term "jurisdiction" for purposes of the All Writs Act and the Anti-Injunction Act. In *State of Texas v. United States*, 837 F.2d 184 (5th Cir. 1988), the Fifth Circuit explained that "jurisdiction" is construed narrowly to include only *in rem* jurisdiction or a federal court's necessity to supervise jurisdiction over continuing federal actions. *Id.* at 186-87, n.4. Specifically, the Fifth Circuit addressed the issue as follows:

> In this regard we also note that the second of the three exceptions in the Anti-Injunction Act contains the same language as the All Writs Act, insofar as it permits a federal court to issue an injunction "where necessary in aid of its jurisdiction." In cases decided under this exception, courts have interpreted the language narrowly, finding a threat to the court's jurisdiction only where a state proceeding threatens to dispose of property that forms the basis for federal *in rem* jurisdiction, *see e.g., Signal Properties, Inc. v. Farha*, 482 F.2d 1136, 1140 (5th Cir. 1973), or where the state proceeding threatens the continuing superintendence by a federal court, such as in a school desegregation case. *See* Wright & Miller Federal Practice & Procedure §4225. **In no event may the "aid of jurisdiction" exception be invoked merely because of the prospect that a concurrent state proceeding might result in a judgment inconsistent with the federal court's decision.** *See Atlantic Coast Line R. Co., v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295-96, 90 S.Ct. 1739, 1747-48, 26 L.Ed.2d 234 (1970).

*Id.* (emphasis added).

3.5    This action is not based on *in rem* jurisdiction, so the guardianship proceeding cannot dispose of property that provides the basis for this Court's jurisdiction. This action also does not involve a continuing federal controversy, such as school desegregation, a class action, or a matter of multi-district litigation. This declaratory judgment action involves the parties' rights and obligations under a contract based on Texas State law. The underlying dispute that is the basis of the Texas District Court proceeding (which is not the court Nevgulmarco is attempting to stay) involves personal injuries to a person who was allegedly injured by and while working for Plaintiffs. The purpose of the guardianship proceeding (which is in Texas County Court and separate from the District Court action) is to protect the welfare of Angel Romero, Jr., who is in a coma. Consequently, the Anti-Injunction Act and the All Writs Act do not authorize this Court to interfere with or stay the guardianship court proceeding.

3.6    Even if this action presented one of those rare circumstances where the jurisdiction of this Court was dependent upon or could be affected by the conduct in a Texas State Court proceeding, Nevgulmarco has presented no factual basis for its request that this Court take the extraordinary measure of interfering with a Texas guardianship Court proceeding. Even if the deposition of Mr. Londrie touched upon the dispute between the parties (which is not the purpose of the deposition), such testimony would not interfere with this Court's jurisdiction, if any. Further, Nevgulmarco's requested relief – to stay "all actions" in the guardianship court that "concern the employment dispute" – is so broad that it could prevent the guardianship court from fulfilling its role to authorize the guardian to provide for the physical well-

being of Angel Romero, Jr.  Because the guardianship proceeding does not involve a dispute between these parties and because the guardianship proceeding is necessary for the physical well-being of Angel Romero, Jr., this Court should not take any action that could interfere with the guardianship proceeding.

## IV.
### PRAYER

4.1    Defendant Angel Romero, Jr. requests this Court determine whether it has jurisdiction over this action.  If the Court finds it does have jurisdiction, Defendant requests the Court deny Plaintiffs' request to stay the proceedings of the guardianship proceeding in Texas county court.

Respectfully submitted this the ___22___ day of September, 2003.

WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas  78520
(956) 544-0500
(956) 541-0255  FAX


RAY R. MARCHAN
State Bar No. 1269050
Fed. I.D. No. 9522
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

On this the _____22_____ day of September, 2003, a true and correct copy of the

foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery

or by certified mail, return receipt requested.

RAY R. MARCHAN

---

Defendant Angel Romero, Jr.'s Response to
Plaintiffs' Motion to Stay and Brief in Support

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NEVGULMARCO COMPANY, INC.; | § | |
| ZIMCO MARINE, INC.; and | § | |
| CARMELITA, INC. | § | Civil Action No. B-03-153 |
| | § | |
| vs. | § | |
| | § | |
| ANGEL ROMERO, JR. | § | |

## ORDER DENYING PLAINTIFFS' MOTION TO STAY

On this the _____ day of September, 2003, came on to be heard the foregoing

Motion to Stay, and the court after hearing the argument of counsel and considering the

pleadings and evidence on file is of the opinion that Plaintiffs' Motion to Stay be and the

same is hereby in all things DENIED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs'

Motion to Stay is hereby DENIED.

Signed this the _____ day of September, 2003.


_____
JUDGE PRESIDING