

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 2 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NEVGULMARCO COMPANY, INC.; ZIMCO MARINE, INC.; and CARMELITA, INC. § § § § § § § | Civil Action No. B-03-153 |
| vs. | |
| ANGEL ROMERO, JR. | |

## DEFENDANT ANGEL ROMERO, JR.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Angel Romero, Jr., represented by his Guardian Avigail Martinez Duran Romero, files this Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Romero respectfully shows the Court as follows:

### I.
### BACKGROUND

1.1   On July 20, 2003, Angel Romero, Jr., was working aboard the O/S CARMELITA, a shrimping boat. He was overcome by toxic fumes caused by the use of a shrimp dip powder containing sodium metabisulfite that came into contact with water, creating toxic sulfur dioxide fumes. Exposure to the toxic fumes caused Angel Romero, Jr. to lapse into a coma.

1.2   At this time, Angel Romero, Jr., remains in a coma. Avigail Martinez Duran Romero has been appointed the guardian of Angel Romero, Jr. Avigail Duran Romero retained the Watts Law Firm, L.L.P., to represent the legal interests of Angel Romero, Jr., arising out of the incident of July 20, 2003. In this regard, his attorneys

request the insurance information potentially covering his medical treatment, to that preauthorization of he being relocated to Spanish Meadows nursing home for his continued care. Attorneys for Carmelita, Inc. (the owner of the boat), Nevgulmarco Company, Inc. (the parent company of the boat owner), and Zimco Marine, Inc., (a related corporation), contend there is an arbitration agreement between them and Angel Romero, Jr. that governs all claims arising out of the incident of July 20, 2003.

1.3     On August 29, 2003, Nevgulmarco, Zimco, and Carmelita (referred to collectively herein as "Nevgulmarco") brought this declaratory judgment action, requesting this Court determine the rights and obligations of Plaintiffs and Angel Romero under an arbitration agreement. The same day, Angel Romero, Jr., through his guardian, filed a civil lawsuit in Texas District Court against Nevgulmarco, Zimco, and Carmelita, seeking civil remedies for the injuries and damages caused by the boat owner and its related corporations.

1.4     On September 18, 2003, three days after Defendant was served with the summons in this action, Plaintiffs filed a motion in this Court to stay proceedings in Angel Romero, Jr.'s guardianship proceeding in Texas County Court. As explained in Romero's response to that Motion to Stay, Romero requests this Court decide this Motion to Dismiss for Lack of Subject Matter Jurisdiction before it rules on the Motion to Stay.

## II.
### Subject Matter Jurisdiction over a Declaratory Judgment Action regarding a Contractual Arbitration Provision

2.1     Nevgulmarco has brought this action pursuant to the federal Declaratory Judgment Act (28 U.S.C. §2201), requesting this Court issue a judgment declaring the rights and obligations that Nevgulmarco and Romero have with regard to an agreement

entitled "Agreement to Resolve an Employment Dispute through Binding Arbitration" ("the Agreement").

2.2   Although it is not clear from the Petition, it appears Nevgulmarco is basing federal jurisdiction on the fact that the Agreement is governed by the Federal Arbitration Act. It also makes reference, however, to the federal Declaratory Judgment Act and the Jones Act. As discussed below, none of these references provides a basis for federal question jurisdiction over this declaratory judgment action.

2.3   Numerous federal courts, including the Fifth Circuit, have held that a federal court lacks subject matter jurisdiction in cases such as this where the plaintiff seeks a declaratory judgment regarding a contractual arbitration provision. *Commercial Metals Co. v. Balfour, Guthrie & Co.*, 577 F.2d 264, 266 (5th Cir. 1978).

2.4   The Fifth Circuit's decision in *Commerical Metals* directly addresses and resolves the exact issue before this Court. Commercial Metals and Balfour, its customer, became engaged in a dispute regarding some metal sold to Balfour. Shortly after Balfour advised Commercial Metals that it was going to pursue a civil action, Commercial Metals filed a declaratory judgment action, pursuant to 28 U.S.C. §2201, in the District Court for the Northern District of Texas, seeking a judgment regarding the parties' rights and obligations under an arbitration agreement that was governed by the Federal Arbitration Act. *Commercial Metals*, 577 F.2d at 266. Balfour moved to dismiss the action based on lack of subject matter jurisdiction. *Id.* The District Court granted the motion and the Fifth Circuit affirmed that decision. *Id.*

2.5   In explaining why the district court in *Commercial Metals* lacked subject matter jurisdiction, the Fifth Circuit noted that neither the Declaratory Judgment Act nor the Federal Arbitration Act presented federal question jurisdiction.

2.6     The Fifth Circuit began by explaining that the purpose of the Federal Arbitration Act was to remove a previously viable defense – ouster of jurisdiction – from the party opposing arbitration. *Id.* at 266. Consequently, the right of a party to arbitrate does not arise out of the federal statute, but rather, arises out of the contract between the parties. *Id.; see also In the Matter of the Application of Prudential Securities Inc.*, 795 F.Supp. 657, 659 (S.D. N.Y. 1992) ("although the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*, establishes and regulates the duty to honor an agreement to arbitrate, the Act does not confer independent federal question jurisdiction under 28 U.S.C. §1331."). The Fifth Circuit stated its holding as follows:

> It must be emphasized that the question of whether or not a dispute arising out of a contract will be subject to the arbitration process is left solely to the agreement of the parties to the contract. If the contract does not so provide, then no federal law requires arbitration. If the agreement does provide for arbitration, then Section 2 of the Act removes the previous impediments to enforcement of the clause.
>
> Thus, in seeking to compel arbitration, the plaintiff's complaint does not rest upon Section 2 of the Act. Instead, the basis of the plaintiff's complaint is the contractual agreement of the parties to arbitrate.

*Id.* at 266.

2.7     After holding the Federal Arbitration Act does not confer federal question jurisdiction, the *Commercial Metals* court then explained why the Declaratory Judgment Act also does not confer original jurisdiction under 28 U.S.C. §1331. The Declaratory Judgment Act (28 U.S.C. §2201) expressly requires an independent ground for original jurisdiction. *Commercial Metals*, 577 F.2d at 268; 28 U.S.C. §2201 (providing the Act authorizes a court to rule only in case "within its jurisdiction"). The court noted that the Declaratory Judgment Act "was not intended to be used as a contrivance to create jurisdiction which does not otherwise exist." *Id.* at 269.

2.8     Although the *Commercial Metals* case did not involve arbitration of an underlying cause of action that was based on federal law, at least one court, relying on *Commerical Metals*, has held that the basis for the dispute between the parties that is subject to arbitration is not relevant to determining whether a court has jurisdiction over an action filed to compel arbitration. *In re Prudential Securities Inc.*, 795 F.Supp. at 660. In *In re Prudential Securities Inc.*, the dispute subject to an arbitration agreement was based on federal securities laws and RICO. *Id.* at 658. As the Fifth Circuit concluded in *Commercial Metals*, however, the court held that the federal lawsuit was created by the private arbitration agreement, not federal law. *Id.* at 658-59. Thus, even if the dispute between the parties that is subject to the arbitration agreement involves a claim that would confer federal question jurisdiction if it was the subject of the federal lawsuit, the court hearing the declaratory judgment action regarding the rights and obligations of the parties under the private arbitration agreement does not confer subject matter jurisdiction because those rights and obligations are governed by state contract law. *Id.* at 660.

2.9     It is not clear whether Nevgulmarco is basing federal question jurisdiction on the Federal Arbitration Act, the Declaratory Judgment Act, or the Jones Act. None of these three acts, however, confers federal question jurisdiction over this action. Instead, the duties and obligations of the parties to the arbitration agreement are governed by the contract law of the State of Texas. This Court, therefore, does not have subject matter jurisdiction over this action.

## III.
## PRAYER

3.1   Defendant, Angel Romero Jr., requests this Court dismiss this action because it does not have subject matter jurisdiction.

Respectfully submitted this the _22_ day of September, 2003.

> WATTS LAW FIRM, L.L.P.
> 1926 E. Elizabeth
> Brownsville, Texas 78520
> (956) 544-0500
> (956) 541-0255 FAX
>
> _____
> RAY R. MARCHAN
> State Bar No. 1269050
> Fed. I.D. No. 9522
> *Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

On this the _22_ day of September, 2003, a true and correct copy of the foregoing instrument was forwarded to opposing counsel via fax, by hand-delivery or by certified mail, return receipt requested.

_____
RAY R. MARCHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NEVGULMARCO COMPANY, INC.;<br>ZIMCO MARINE, INC.; and<br>CARMELITA, INC.<br><br>vs.<br><br>ANGEL ROMERO, JR. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. B-03-153 |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION

On this the _____ day of September, 2003, came on to be considered the foregoing Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and the court is of the opinion that the same should be in all things granted;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be and the same is hereby in all thing GRANTED.

Signed this the _____ day of September, 2003.

_____
JUDGE PRESIDING