UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 4 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NEVGULMARCO COMPANY, INC.; § | |
| ZIMCO MARINE, INC.; and § | |
| CARMELITA, INC. § | Civil Action No. B-03-153 |
| § | |
| vs. § | |
| § | |
| ANGEL ROMERO, JR. § | |

## DEFENDANT ANGEL ROMERO, JR.'S REPLY TO PLAINTIFFS' BRIEF IN SUPPORT OF JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Angel Romero, Jr., represented by his Guardian Avigail Martinez Duran Romero, files this Reply to Defendants' Brief in Support of Jurisdiction regarding Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Romero respectfully shows the Court as follows:

### I.

1.1     This is a Declaratory Judgment Action filed by Nevgulmarco, Zimco, and Carmelita requesting this Court determine the rights and obligations of the parties to an arbitration agreement. This is not a Jones Act case. Plaintiffs are not seeking damages from Defendant based on the causes of action provided under federal Jones Act. This is not an ERISA case. Plaintiffs are not attempting to recover benefits under a healthcare plan or trying to enforce rights under a healthcare plan.

1.2    As explained in his Motion to Dismiss, federal question jurisdiction for a declaratory judgment action regarding an arbitration agreement cannot arise out of the underlying dispute that will be addressed during the arbitration proceeding. *Commercial Metals Co. v. Balfour, Guthrie & Co.*, 577 F.2d 264, 266 (5th Cir. 1978); *In the Matter of the Application of Prudential Securities Inc.*, 795 F.Supp. 657, 659 (S.D. N.Y. 1992). Plaintiffs have wholly failed to address this issue. Instead, they make the same argument Defendant anticipated in his Motion to Dismiss – i.e., this Court has jurisdiction based on the subject matter of the dispute the arbitration agreement will govern. They have failed to explain how this Court has federal question jurisdiction in this declaratory judgment action, in which Nevgulmarco, Zimco, and Caremelita have requested this Court determine the rights and obligations of the parties to the arbitration agreement that is governed by Texas contract law. They have failed to explain why their case is different from the issues addressed by the Fifth Circuit in *Commercial Metals* and the New York court in *Prudential Securities*.

1.3    This is not a Jones Act lawsuit. This is not a lawsuit seeking rights under ERISA. This is a declaratory judgment action based on an arbitration agreement. This Court does not have federal question jurisdiction over this action brought by Nevgulmarco, Zimco, and Carmelita.

## II.
### PRAYER

2.1    Defendant, Angel Romero Jr., requests this Court dismiss this action because it does not have subject matter jurisdiction.

Respectfully submitted this the ___*13*___ day of October, 2003.

> WATTS LAW FIRM, L.L.P.
> 1926 E. Elizabeth
> Brownsville, Texas 78520
> (956) 544-0500
> (956) 541-0255 Fax
>
> _____
> RAY R. MARCHAN
> For the Firm
> State Bar No. 12969050
> Federal Bar I.D. No. 9522
> *Attorneys for Defendant*

### CERTIFICATE OF SERVICE

On this the ___*13*___ day of October, 2003, a true and correct copy of the foregoing instrument was forwarded to counsel of record, via fax, and by hand-delivery.

_____
RAY R. MARCHAN