13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 22 2003

Michael N. Milby
Clerk of Court

AVIGAIL MARTINEZ DE ROMERO, Individually, and As Guardian of ANGEL ROMERO, JR., Mentally and Physically Incompetent; ANGEL ROMERO GONZALEZ and GLORIA BADILLO RODRIGUEZ DE ROMERO, The Natural Parents of ANGEL ROMERO, JR.; and LUCILLA DELGADO ROMERO, As Next Friend of ANGEL ROMERO DELGADO and CAROLINA ROMERO DELGADO, Minor Children of ANGEL ROMERO, JR.

VS.

UNIVAR USA, INC.; NEVGULMARCO COMPANY, INC.; ZIMCO, INC.; and CARMELITA, INC., As the Owner/ Operator of The M/V "Carmelita"

CIVIL ACTION NO. B-03-153

JURY DEMANDED

**DEFENDANT ZIMCO MARINE, INC.'S**
**ORIGINAL ANSWER AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW ZIMCO MARINE, INC., Defendant in the above entitled and numbered cause, and files this its Original Answer and Jury Demand in response to Plaintiff's Original Petition, and would show the Court as follows:

ANSWER

1. The statements contained in sub-paragraph 1.1 of Paragraph I of Plaintiffs' Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

2. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 2.1 of Paragraph II of Plaintiffs' Original Petition, and therefore, denies same.

3. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 2.2 of Paragraph II of Plaintiffs' Original Petition, and therefore, denies same.

4. Defendant admits the allegations contained in sub-paragraph 2.3 of Paragraph II of Plaintiffs' Original Petition.

5. Defendant admits the allegations contained in sub-paragraph 2.4 of Paragraph II of Plaintiffs' Original Petition.

6. Defendant admits the allegations contained in sub-paragraph 2.5 of Paragraph II of Plaintiffs' Original Petition.

7. Defendant admits that jurisdiction is proper in this Court. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the remaining allegations contained in sub-paragraph 3.1 of Paragraph III of Plaintiffs' Original Petition, and therefore, denies same.

8. Defendant admits the allegations contained in sub-paragraph 3.2 of Paragraph III of Plaintiffs' Original Petition.

9. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 4.1 of Paragraph IV of Plaintiffs' Original Petition, and therefore, denies same.

10. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 4.2 of Paragraph IV of Plaintiffs' Original Petition, and therefore, denies same.

11. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 5.1 of Paragraph V of Plaintiffs' Original Petition, and therefore, denies same.

12. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 5.2 of Paragraph V of Plaintiffs' Original Petition, and therefore, denies same.

13. Defendant admits that on July 21, 2003 the M/V "Carmelita" was engaged in shrimping operations and related activities in the Gulf of Mexico, and that Angel Romero, Jr. was an employee at that time. Defendant denies all remaining allegations contained in sub-paragraph 6.1 of Paragraph VI of Plaintiffs' Original Petition.

14. Defendant denies the allegations contained in sub-paragraph 6.2 of Paragraph VI of Plaintiffs' Original Petition.

15. Defendant denies the allegations contained in sub-paragraph 6.3 of Paragraph VI of Plaintiffs' Original Petition.

16. The statements contained in sub-paragraph 7.1 of Paragraph VII of Plaintiffs' Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

17. Defendant admits that on July 21, 2003 the M/V "Carmelita" was engaged in shrimping operations and related activities in the Gulf of Mexico, and that Angel Romero, Jr. was an employee at that time. Defendant denies all remaining allegations contained in sub-paragraph 7.2 of Paragraph VII of Plaintiffs' Original Petition.

18. Defendant denies the allegations contained in sub-paragraph 7.3 of Paragraph VII of Plaintiffs' Original Petition.

19. Defendant denies the allegations contained in sub-paragraph 7.4 of Paragraph VII of Plaintiffs' Original Petition.

20. Defendant denies the allegations contained in sub-paragraph 7.5 of Paragraph VII of Plaintiffs' Original Petition.

21. Defendant denies the allegations contained in sub-paragraph 7.6 of Paragraph VII of Plaintiffs' Original Petition.

22. Defendant denies the allegations contained in sub-paragraph 8.1 of Paragraph VIII of Plaintiffs' Original Petition.

23. Defendant denies the allegations contained in sub-paragraph 8.2 of Paragraph VIII of Plaintiffs' Original Petition.

24. Defendant admits that on July 21, 2003 the M/V "Carmelita" was engaged in shrimping operations and related activities in the Gulf of Mexico, and that Angel Romero, Jr. was an employee at that time. Defendant denies all remaining allegations contained in sub-paragraph 9.1 of Paragraph IX of Plaintiffs' Original Petition.

25. Defendant admits the allegations contained in sub-paragraph 9.2 of Paragraph IX of Plaintiffs' Original Petition.

25. Defendant admits the allegations contained in sub-paragraph 9.3 of Paragraph IX of Plaintiffs' Original Petition.

26. Defendant admits that the hold remained covered while the M/V "Carmelita" was engaged in shrimping operations. Defendant denies all remaining allegations contained in sub-paragraph 9.4 of Paragraph IX of Plaintiffs' Original Petition..

27. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 9.5 of Paragraph IX of Plaintiffs' Original Petition, and therefore, denies same.

28. Defendant denies the allegations contained in sub-paragraph 9.6 of Paragraph IX of Plaintiffs' Original Petition.

29. Defendant denies the allegations contained in sub-paragraph 9.7 of Paragraph IX of Plaintiffs' Original Petition.

30. Defendant denies the allegations contained in sub-paragraph 9.8 of Paragraph IX of Plaintiffs' Original Petition.

31. Defendant admits that sodium metabisulfite has been used for many years in the shrimping industry as a preservative for freshly caught shrimp. Defendant denies all remaining allegations contained in sub-paragraph 9.9 of Paragraph IX of Plaintiffs' Original Petition.

32. Defendant denies the allegations contained in sub-paragraph 9.10 of Paragraph IX of Plaintiffs' Original Petition.

33. Defendant denies the allegations contained in sub-paragraph 9.11 of Paragraph IX of Plaintiffs' Original Petition.

34. Defendant denies the allegations contained in sub-paragraph 9.12 of Paragraph IX of Plaintiffs' Original Petition.

35. Defendant denies the allegations contained in sub-paragraph 9.13 of Paragraph IX of Plaintiffs' Original Petition.

36. Defendant denies the allegations contained in sub-paragraph 9.14 of Paragraph IX of Plaintiffs' Original Petition.

37. Defendant denies the allegations contained in sub-paragraph 9.15 of Paragraph IX of Plaintiffs' Original Petition.

38. Defendant denies the allegations contained in sub-paragraph 9.16 of Paragraph IX of Plaintiffs' Original Petition.

39. Defendant denies the allegations contained in sub-paragraph 9.17 of Paragraph IX of Plaintiffs' Original Petition.

40. Defendant denies the allegations contained in sub-paragraph 9.18 of Paragraph IX of Plaintiffs' Original Petition.

41. Defendant denies the allegations contained in sub-paragraph 9.19 of Paragraph IX of Plaintiffs' Original Petition.

42. Defendant denies the allegations contained in sub-paragraph 10.1 of Paragraph X of Plaintiffs' Original Petition.

43. Defendant denies the allegations contained in sub-paragraph 10.2 of Paragraph X of Plaintiffs' Original Petition.

44. Defendant denies the allegations contained in sub-paragraph 10.3 of Paragraph X of Plaintiffs' Original Petition.

45. Defendant denies the allegations contained in sub-paragraph 10.4 of Paragraph X of Plaintiffs' Original Petition.

46. Defendant denies the allegations contained in sub-paragraph 11.1 of Paragraph XI of Plaintiffs' Original Petition.

47. Defendant denies the allegations contained in sub-paragraph 11.2 of Paragraph XI of Plaintiffs' Original Petition.

48. Defendant denies the allegations contained in sub-paragraph 12.1 of Paragraph XII of Plaintiffs' Original Petition.

49. Defendant denies the allegations contained in sub-paragraph 12.2 of Paragraph XII of Plaintiffs' Original Petition.

50. Defendant denies the allegations contained in sub-paragraph 12.3 of Paragraph XII of Plaintiffs' Original Petition.

51. Defendant denies the allegations contained in sub-paragraph 13.1 of Paragraph XIII of Plaintiffs' Original Petition.

52. Defendant denies the allegations contained in sub-paragraph 13.2 of Paragraph XIII of Plaintiffs' Original Petition.

53. Defendant denies the allegations contained in sub-paragraph 13.1 (should be numbered 13.3) of Paragraph XIII of Plaintiffs' Original Petition.

54. Defendant denies the allegations contained in sub-paragraph 13.4 of Paragraph XIII of Plaintiffs' Original Petition.

55. Defendant denies the allegations contained in sub-paragraph 13.5 of Paragraph XIII of Plaintiffs' Original Petition.

56. Defendant denies the allegations contained in sub-paragraph 13.6 of Paragraph XIII of Plaintiffs' Original Petition.

57. Defendant denies the allegations contained in sub-paragraph 14.1 of Paragraph XIV of Plaintiffs' Original Petition.

58. Defendant denies the allegations contained in sub-paragraph 14.2 of Paragraph XIV of Plaintiffs' Original Petition.

59. Defendant denies the allegations contained in sub-paragraph 14.3 of Paragraph XIV of Plaintiffs' Original Petition.

60. Defendant denies the allegations contained in sub-paragraph 14.4 of Paragraph XIV of Plaintiffs' Original Petition.

61. Defendant denies the allegations contained in sub-paragraph 14.5 of Paragraph XIV of Plaintiffs' Original Petition.

62. Defendant denies the allegations contained in sub-paragraph 14.6 of Paragraph XIV of Plaintiffs' Original Petition.

63. Defendant denies the allegations contained in sub-paragraph 15.1 of Paragraph XV of Plaintiffs' Original Petition.

64. Defendant denies the allegations contained in sub-paragraph 15.2 of Paragraph XV of Plaintiffs' Original Petition.

65. Defendant denies the allegations contained in sub-paragraph 15.3 of Paragraph XV of Plaintiffs' Original Petition.

66. The statements contained in sub-paragraph 15.4 of Paragraph XV of Plaintiffs' Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

67. Defendant denies the allegations contained in sub-paragraph 15.5 of Paragraph XV of Plaintiffs' Original Petition.

68. Defendant denies the allegations contained in sub-paragraph 15.6 of Paragraph XV of Plaintiffs' Original Petition.

69. Defendant denies the allegations contained in sub-paragraph 15.7 of Paragraph XV of Plaintiffs' Original Petition.

70. Defendant denies the allegations contained in sub-paragraph 15.8 of Paragraph XV of Plaintiffs' Original Petition.

71. Defendant denies the allegations contained in sub-paragraph 15.9 of Paragraph XV of Plaintiffs' Original Petition.

72. Defendant denies the allegations contained in sub-paragraph 15.10 of Paragraph XV of Plaintiffs' Original Petition.

73. Defendant denies the allegations contained in sub-paragraph 15.11 of Paragraph XV of Plaintiffs' Original Petition.

74. Defendant denies the allegations contained in sub-paragraph 15.12 of Paragraph XV of Plaintiffs' Original Petition.

75. Defendant denies the allegations contained in sub-paragraph 16.1 of Paragraph XVI of Plaintiffs' Original Petition.

76. Defendant denies the allegations contained in sub-paragraph 17.1 of Paragraph XVII of Plaintiffs' Original Petition.

77. The statements contained in sub-paragraph 18.1 of Paragraph XVIII of Plaintiffs' Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

78. The statements contained in sub-paragraph 19.1 of Paragraph XIX of Plaintiffs' Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendant denies same.

79. Defendant denies that Plaintiffs are entitled to a judgment, damages, costs, attorney's fees, or any other relief prayed for in the prayer of Plaintiffs' Original Petition.

80. Defendant denies each and every allegation contained in Plaintiffs' Original Petition not specifically admitted herein.

## AFFIRMATIVE DEFENSES

81. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' contributory negligence, gross negligence, and recklessness in that they failed to exercise ordinary care, caution and prudence to avoid the incident which is the basis of this cause of action. Plaintiffs' acts and omissions, whether taken

together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiffs' petition.

82. For further answer, if such be necessary, and pleading in the alternative, Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, the assumption of risk, on the part of persons whose assumption of the risk may be imputed to one or more Plaintiffs, including but not limited to the assumption of risk on the part of a parent, child, or spouse of such Plaintiffs, caused or contributed to such Plaintiffs' alleged damages, and therefore, any recovery by such Plaintiffs is barred.

83. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiffs were damaged as alleged, which is not admitted but is expressly denied, such damages were caused or contributed to, in whole or in part, by a party through which Defendant is not responsible.

84. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the damages in this case, if any, were proximately caused by the negligence, gross negligence, and recklessness of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

85. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than this Defendant was the sole proximate cause of the Plaintiffs' alleged injuries.

86. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

87. For further answer, if such be necessary, and pleading in the alternative, Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition,

which Defendant specifically denies, the assumption of risk on the part of Plaintiffs caused or contributed to Plaintiffs' alleged damages, and therefore, any recovery by Plaintiffs is barred.

88. For further answer, if such be necessary, and pleading in the alternative, Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, the failure of Plaintiffs to mitigate their damages caused or contributed to Plaintiffs' alleged damages, and therefore, any recovery by such Plaintiffs is barred or shall be reduced by an amount equal to the damages Plaintiffs failed to mitigate.

89. For further answer, if such be necessary, and pleading in the alternative, Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendant specifically denies, the negligence, fault, or carelessness of others not named as parties caused or contributed to Plaintiffs' alleged damages, and therefore, any recovery by Plaintiffs against Defendant is barred or the trier of fact shall determine the percentages of responsibility attributable to all parties and/or others not named as parties.

90. For further answer, if such be necessary, and pleading in the alternative, Defendant states that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which this Defendant specifically denies, any assessment of punitive or exemplary damages is not permitted by applicable law and/or violates this Defendant's constitutional rights under Article I, Section 9, and the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution for the reason that the assessment of punitive or exemplary damages denies this Defendant its right to substantive and procedural due process; the assessment of punitive or exemplary damages is penal in nature and tantamount to the imposition of an excessive and criminal fine without according this Defendant the same rights required for the imposition of a criminal fine; the guidelines, standards, and/or instructions for the

imposition of punitive or exemplary damages are vague, indefinite, uncertain, and set no limit on the damages which can be awarded; the assessment of punitive or exemplary damages exposes this Defendant to multiple punishments and fines for the same act; the assessment of punitive or exemplary damages discriminates on the basis of wealth in that different amounts can be awarded against different defendants for the same act depending solely upon the material wealth of the various defendants; and the assessment of punitive or exemplary damages constitutes an impermissible burden on interstate commerce.

91. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendant, and are likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

92. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a) Proscription on excessive fines. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b) Requirements of Due Process. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

(c) Requirement of Equal Protection Under the Law. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d) Proscription on Ex Post Facto and Retroactive Law. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

93. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and the due process and excessive fines clauses of the United States and Texas Constitutions.

94. Defendant reserves the right to raise such additional defenses as may become available through investigation and discovery.

JURY DEMAND

95. Defendant hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this suit, and that Defendant be awarded its costs, and have such other and further relief, general and specific, at law or in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: ______________________________
Jaime A. Saenz
Attorney-in-Charge
State Bar No. 17514859
Southern District Admissions No. 7630
RosaMaria Villagómez-Vela
State Bar No. 24008210
Southern District Admissions No. 22983
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(210) 542-7441
Fax (210) 541-2170

ATTORNEYS FOR DEFENDANT,
ZIMCO MARINE, INC.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant Zimco Marine, Inc.'s Original Answer and Jury Demand was served upon all counsel of record, to-wit:

Mikal C. Watts
Ray R. Marchan
Watts Law Firm, LLP
Fort Brown Plaza
1926 East Elizabeth Street
Brownsville, Texas 78520
Attorneys for Plaintiffs

Ernesto Gamez, Jr.
Law Offices of Ernesto Gamez, Jr.
777 East Harrison Street
Brownsville, Texas 78520
Attorneys for Plaintiffs

Tom Fleming
Fleming & Hernandez, PC
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Attorneys for Defendants Nevgulmarco Company, Inc. and Carmelita, Inc.

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Federal Rules of Civil Procedure, on this the 22nd day of October, 2003.

Jaime A. Saenz