IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AVIGAIL MARTINEZ DE ROMERO § <br> INDIVIDUALLY AND AS § <br> GUARDIAN OF ANGEL ROMERO § <br> JR., MENTALLY AND PHYSICALLY § <br> INCOMPETENT, ANGEL ROMERO § <br> GONZALEZ AND GLORIA BADILLO § <br> RODRIGUEZ DE ROMERO, THE § <br> NATURAL PARENTS OF ANGEL § <br> ROMERO, JR. AND LUCILLA § <br> DELGADO ROMERO AS NEXT § <br> FRIEND OF ANGEL ROMERO § <br> DELGADO AND CAROLINA § <br> ROMERO DELGADO, MINOR § <br> CHILDREN OF ANGEL ROMERO, JR.§ <br> § <br> VS. § <br> § <br> UNIVAR USA, INC. § <br> NEVGULMARCO, INC., § <br> ZIMCO, INC. AND CARMELITA § <br> INC. AS THE OWNER/OPERATOR § <br> OF THE M/V "CARMELITA" § | | United States District Court <br> Southern District of Texas <br> FILED <br><br> OCT 2 3 2003 <br><br> Michael N. Milby <br> Clerk of Court <br><br><br> CIVIL ACTION NO. <br><br> B-03-153 |

## PLAINTIFFS' MOTION TO REMAND AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., mentally and physically incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the natural parents of Angel Romero, Jr.; and Lucilla Delgado Romero as Next Friend of Angel Romero Delgado and Carolina Romero Delgado, minor children of Angel Romero, Jr., (referred to collectively as "the Romeros") file this Motion to Remand and Brief in Support, pursuant to 28 U.S.C. §1447(c) and respectfully show the Court as follows:

I.
RELIEF REQUESTED

1.1   This Court does not have subject matter jurisdiction over this action that was removed from Texas state court. The Romeros, therefore, request this Court remand the action back to the 404th Judicial District Court, Cameron County, Texas.

## II.
## STATEMENT OF FACTS

2.1   This is a Jones Act lawsuit and unseaworthiness lawsuit arising out of the injuries to Angel Romero, Jr., that occurred on July 21, 2003. On the day in question, Angel Romero, Jr., was a seaman aboard the M/V CARMELITA, a shrimping vessel. Angel Romero, Jr., was ordered by the Captain of the vessel to go to the hold. While in the hold, Mr. Romero inhaled toxic sulfur dioxide fumes created when sodium metabisulfite (which was in a powder used to preserve the shrimp) mixed with ice water in the hold. As a result of inhaling the toxic fumes, Mr. Romero sustained severe and delibiltating injuries that have caused him to be in a coma.

2.2   On August 29, 2003, Plaintiffs filed this lawsuit in a Cameron County, Texas state court.

2.3   On September 25, 2003, Defendants Nevgulmarco Company, Inc., Zimco, Inc., and Carmelita Inc., removed this case from Texas state court to this Court. Defendants base their removal on an argument that Jones Act and maritime claims give rise to federal question jurisdiction and that ERISA governs this case, giving the Court subject matter jurisdiction, based on a federal question.

2.4   Defendants have not met their burden of proving this Court has subject matter jurisdiction. A Jones Act or maritime cause of action is not subject to removal, because the federal statute contains a "saving to suitors" clause. Further, ERISA does not preempt federal maritime laws, such as the Jones Act, and even if it could, ERISA

does not preempt this action based on workplace safety. The Romeros, therefore, request this Court remand this action back to the Texas state court.

### III.
### DEFENDANTS' BURDEN WHEN REMOVING THE ACTION

3.1   Federal courts have limited jurisdiction. The burden of establishing jurisdiction when a removal action is challenged rests with the defendant that removed the state action. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673 (1994).

3.2   Because removal raises significant federalism concerns, the Court must strictly construe removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868 (1941). If federal jurisdiction is doubtful, remand is necessary. *Walters v. Grow Group, Inc.*, 907 F.Supp. 1030, 1032 (S.D. Tex. 1995).

3.3   Defendants base their removal on 46 U.S.C. §688 (the Jones Act) and 29 U.S.C. §§1101-1461 (ERISA), contending this Court has federal question jurisdiction over this tort action. They do not contend the Court has diversity jurisdiction pursuant to 28 U.S.C. §1332. Defendants, therefore, have the burden to establish that this Court has subject matter jurisdiction over this action, based on federal questions being presented in the petition.

### IV.
### A JONES ACT CASE CANNOT BE REMOVED

4.1   Numerous federal courts, including the Fifth Circuit and Southern District of Texas courts, have held that Jones Act cases and maritime cases cannot be removed from state court to federal court. *See e.g., Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993); *Iwag v. Geisel Compania Maritima, S.A.*, 882 F.Supp. 597 (S.D. Tex. 1995); *Cornelio v. Premier Pacific Seafoods, Inc.*, 2003 WL 22038182, *1 (W.D. Wash. 2003).

4.2   Congress specifically provided that a maritime action cannot be subject to removal based on federal question jurisdiction, when it enacted 28 U.S.C. §1333, which contains a "saving to suitors" clause, allowing a plaintiff who is asserting a maritime claim to choose either a federal forum or a state forum. 28 U.S.C. §1333 (providing that state courts can exercise concurrent jurisdiction over maritime claims).

4.3   In *Williams v. M/V Sonora*, 985 F.2d 808, 812 (5th Cir. 1993), the Fifth Circuit held that "federal courts cannot exercise *removal* jurisdiction over claims subject to the saving to suitors clause." *Id.* (emphasis in original) (citing *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991).). "As a general rule, therefore, Jones Act suits filed in state court may not be removed to federal court." *Iwag*, 882 F.Supp. at 603 (citing *Lackey*, 990 F.2d at 207.). The only times a Jones Act or maritime case can be removed is when jurisdiction is based on diversity of the parties or fraudulent pleading. *Iwag*, 882 F.Supp. at 603. Because Defendants have shown neither of these things, this Jones Act case is not subject to removal.

4.4   Plaintiffs' Jones Act and unseaworthiness claims do not provide a basis for removal. Plaintiffs, therefore, request this Court remand this case back to Texas state court.

## V.
## ERISA DOES NOT PREEMPT THE JONES ACT CLAIMS

5.1   Defendants' second basis for removal is a reference to the Employee Retirement Security Act of 1974. Although Defendants do not provide any legal analysis regarding their cite to ERISA as a basis for removal, they apparently believe this Court has exclusive jurisdiction based on ERISA's preemption clause.

5.2   ERISA's preemption clause provides that ERISA "supersedes any and all *State laws* insofar as they may now or hereafter relate to any employee benefit plan."

29 U.S.C. §1144(a) (emphasis added). The Supreme Court has held that when state law claims are preempted by this ERISA clause, they could be re-characterized as arising under federal law, so that they are subject to removal to federal court. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 64, 107 S.Ct. 1549 (1987). Thus, when a lawsuit is based on a state law claim that is preempted by ERISA, that claim can be removed to federal court.

5.3   Plaintiffs are not asserting state law claims. They are asserting Jones Act and unseaworthiness claims. These are not "State laws" that ERISA supersedes under 29 U.S.C. §1144(a). Because ERISA does not supersede or preempt these maritime claims, the claims cannot be characterized as ERISA federal law claims and are not subject to removal.

5.4   Even if the claims being made by Plaintiffs were based on state laws, ERISA would not preempt them. Federal courts, including those in the Fifth Circuit, have continually held that personal injury actions, like an unsafe workplace claim, are not preempted by ERISA and are not subject to federal question removal. *See e.g., Hook v. Morrison Milling Co.*, 38 F.3d 776, 779 (5th Cir. 1994) (holding a workplace injury claim brought under Texas common law is not preempted by ERISA because it affects only her employer/employee relationship and not her administrator/beneficiary relationship); *Noyola v. Oasis Car Wash, Inc.*, 220 F.Supp.2d 638, 643 (E.D. Tex. 2002) (citing seven cases from United States District Courts in Texas that have held a common law negligence claim is not preempted by ERISA).

5.5   A Fifth Circuit case that has addressed the extent of ERISA's preemption in detail is *Hook v. Morrison Milling Co.* In *Hook*, the parties did not dispute that the employee's benefit plan was governed by ERISA. The issue before the Fifth Circuit was whether the employee's personal injury negligence claim (based on the allegation of an unsafe workplace) gave rise to a federal question so that the court had jurisdiction. *Id.*

at 779. The court noted that ERISA preempts a state law only when both: (1) the claim addresses areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship among traditional ERISA entities. *Id.* at 781 (citing *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 244 (5th Cir. 1990).). The court held that the employee's negligence action "is totally independent from the existence and administration of [the employer's] ERISA plan." *Id.* at 784.

    5.6    After determining the negligence claim did not lead to ERISA preemption, the *Hook* court next addressed whether the claim was preempted because there was a waiver provision in the ERISA plan. *Id.* at 784-85. The court noted that a state court would need to examine the ERISA plan to determine whether the waiver provision applied. Nevertheless, the court held the waiver provision did not create preemption because the determining factor for preemption is whether the state law relates to an ERISA plan, not whether part of the plan relates to the employee's claim. *Id.* at 785. The *Hook* court found that this argument about a provision of the ERISA plan creating preemption "turns ERISA preemption analysis on its head" because it would allow "employers to avoid *any* state law simply by referring to that law in its ERISA plan." *Id.* (emphasis in original); *see also Noyola*, 220 F.Supp.2d at 646-47 (holding for the same reasons that an arbitration clause in an ERISA plan does not create preemption).

    5.7    Based on the reasoning of the Fifth Circuit in *Hook*, even if the Romeros' workplace injury claims were being brought under a state law, ERISA would not preempt those personal injury claims. Consequently, these claims cannot be re-characterized as ERISA claims and do not give rise to federal question jurisdiction for purposes of removal. The Romeros, therefore, request this Court remand this case back to state court.

## VI.
## CONCLUSION AND PRAYER

6.1     Defendants have not met its burden of establishing this Court has subject matter jurisdiction. Plaintiffs' Jones Act and unseaworthiness claims do not provide a basis for removal. Further, ERISA does not govern this lawsuit in any way and does not present a federal question for purposes of jurisdiction under 28 U.S.C. §1331.

6.2     The Romeros, therefore, request this Court remand this cause back to the 404th Judicial District Court, Cameron County, Texas and grant such further relief to which they may show themselves to be justly entitled, whether at law or in equity.

Respectfully submitted,

WATTS LAW FIRM, L.L.P.

By: *Mikal C. Watts*
MIKAL C. WATTS
State Bar No. 20981820
Federal ID No. 12419

ATTORNEY IN CHARGE FOR PLAINTIFFS

RAY R. MARCHAN
State Bar No. 12969050
Federal ID No. 9522

ATTORNEYS OF COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

      This will certify that counsel for the Plaintiffs' contacted counsel for Defendants and conferred in a good faith attempt to resolve the matter without court intervention and that Defendants oppose this Motion to Remand.

_____
Ray R. Marchan

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of *Plaintiffs' Motion to Remand and Brief in Support* was this 23rd day of October 2003, served, via the manner indicated below on the following:

Tom Fleming  *via fax and regular mail*
Fleming & Hernandez, P.C.
1650 Paredes Line Road, Ste 102
Brownsville, Texas 78520
*Counsel for Nevgulmarco Company, Inc. and Carmelita, Inc.*

Mr. Jaime Saenz  *via fax and regular mail*
RODRIGUEZ, COLVIN & CHANEY
P. O. Box 2155
1201 E. Van Buren Street
Brownsville, Texas 78522
*Counsel for Zimco Marine, Inc.*

Mr. Stan Perry  *via fax and regular mail*
HAYNES AND BOONE, L.L.P.
1000 Louisiana, Ste 4300
Houston, Texas 77002-5012
*Attorney in Charge for Univar USA, Inc.*

Mr. Michael Rodriguez  *via fax and regular mail*
MICHAEL RODRIGUEZ, P.L.L.C.
1000 E. Madison
Brownsville, Texas 78520
*Co-Counsel for Defendant Univar USA, Inc.*

Mr. Ernesto Gamez, Jr.  *via fax and regular mail*
LAW OFFICES OF ERNESTO GAMEZ, JR.
Justice for All Building
777 East Harrison Street
Brownsville, Texas 78520
*Co-counsel for Plaintiffs*

_____
RAY R. MARCHAN