IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 29 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| AVIGAIL MARTINEZ DE ROMERO § | |
| INDIVIDUALLY AND AS § | |
| GUARDIAN OF ANGEL ROMERO, § | |
| JR., MENTALLY AND PHYSICALLY § | |
| INCOMPETENT, ANGEL ROMERO § | |
| GONZALEZ AND GLORIA BADILLO § | |
| RODRIGUEZ DE ROMERO, THE § | |
| NATURAL PARENTS OF ANGEL § | |
| ROMERO, JR., AND, LUCILLA § | |
| DELGADO ROMERO AS NEXT § | |
| FRIEND OF ANGEL ROMERO § | |
| DELGADO AND CAROLINA § | C. A. NO. B-03-153 |
| ROMERO DELGADO, MINOR § | |
| CHILDREN OF ANGEL ROMERO, JR. § | JURY DEMANDED |
| § | |
| VS. § | |
| § | |
| UNIVAR USA, INC., § | |
| NEVGULMARCO, INC., § | |
| ZIMCO INC. AND CARMELITA, § | |
| INC. AS THE OWNER/OPERATOR § | |
| OF THE M/V "CARMELITA" § | |

**MOTION FOR LEAVE TO FILE AMENDED PLEADING**
of
Defendants,
Nevgulmarco Company, Inc.;
Zimco Marine, Inc.; and Carmelita, Inc.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.**, Defendants in the state court action as described in the following submitted Defendants' Amended Notice and Application for Removal, request leave of Court to amend their Notice and Application for Removal as permitted by Federal Rule of Civil Procedure 15(a) and 28 U.S.C. § 1653.

A. Introduction
===

1.  Plaintiffs **Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero as Next Friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr.** sued Defendants **Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.** in a civil action in state court which alleges tort claims for unseaworthiness and negligence under general maritime law and 46 U.S.C. 688, the "Jones Act".

2.  Defendants timely filed their Notice and Application of Removal on September 25, 2003.

3.  Plaintiffs filed their Notice of Remand on October 23, 2003.

B. Grounds For Amendment
===

4.  The Court should allow the filing of Defendants' Amended Notice and Application of Removal because Federal Rule of Civil Procedure 15(a) "declares that leave to amend 'shall be freely given when justice so requires'; this mandated is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); see also *Lyn-Lea Travel Corp. v. American Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) ("Federal Rule of Civil Procedure 15a requires the trial court to grant leave to amend 'freely' and the language of this rule 'evinces a bias in favor of granting

MOTION FOR LEAVE TO FILE AMENDED PLEADING                                   Page 2 of 8
of Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.
JGMbgw #031087  L:\WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Romero v. Nev\USDC-B-03-153\Lve-AmdPld-Mot.wpd

leave to amend"') quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982).

In particular, when dealing with a petition for removal of a civil action "[A] defendant may freely amend notice of removal within the thirty-day period dictated by § 28 U.S.C. 1446(b)." *Iwag v. Geisel Compania Maritima, S.A.*, 882 F.Supp. 597, 601 (S.D. Tex. 1995) citing *Holt v. Lockheed Support Systems, Inc.*, 835 F.Supp. 325, 327 (W.D. La. 1993); *Moody v. Commercial Insurance Co.*, 793 F.Supp. 198, 201 (N.D. Tex. 1990). The Court in *Iwag* went on to hold:

> "The power to amend pleadings to show jurisdiction is controlled by 28 U.S.C. § 1653. Section 1653 does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading . . . '[T]he petition may be amended only to set out more specifically grounds for removal that have been stated, albeit imperfectly, in the original petition . . .'" *Iwag*, 882 F.Supp. at 601; citing *Stafford v. Mobile Oil Corp.*, 945 F.2d 803 (5th Cir. 1991); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed. 893 (1989) (citing *Aetna Casualty and Sur. Co. v. Hillman*, 776 F.2d 770, 775-76 (5th Cir. 1986). See also 14A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3733 at 537-38 (2d Ed. 1985).

Furthermore, the Fifth Circuit has held "that § 1653 is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." See *Whitmire v. Victus Limited T/A Master Design Furniture*, 212 F.3d 885, 887-88 (5th Cir. 2000); citing *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981); *Goble v. Marsh*, 684 F.2d 12, 17 (D.C. Cir. 1982) (in enacting § 1653 "Congress intended to permit amendment broadly to avoid dismissal of suits on technical grounds"). The *Whitmire* Court further held that "[I]n general a motion for leave

**MOTION FOR LEAVE TO FILE AMENDED PLEADING**  Page 3 of 8
**of Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.**
JGMbgw #031087  L:\WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Romero v Nev\USDC-B-03-153\Lve-AmdPld-Mot.wpd

should be granted if it would do "nothing 'more than state an alternative jurisdictional basis for recovery upon the facts previously alleged.'" *Whitmire*, 212 F.3d at 888 quoting *Miller*, 636 F.2d at 990. "'[A] district court's power to authorize amendments to cure a competence problem under section 1653, and by extension under Rule 15(a), turns on the nature of the jurisdictional defect. *Id.* quoting *Falise v. American Tobacco Co.*, 241 B.R. 63, 65 (E.D. N.Y. 1999) (Weinstein, J.). The *Whitmire* Court noted that "[T]he danger against which a court must guard is that a party will attempt to use § 1653 to retractively create subject matter jurisdiction." *Id.*; see also MOORE ET AL, MOORE'S FEDERAL PRACTICE § 15.14[3], at 15-34 (3d Ed. 1999). The most important holding in *Whitmire* is that "[W]hile a district court **_can_** 'remedy inadequate jurisdictional allegations,' it cannot remedy 'defective jurisdictional facts.'" *Id.* (Emphasis added); quoting *Newman-Green*, 490 U.S. at 831, 832 n. 5, 109 S.Ct. 2218 (citing *Pressroom Unions-Printers League* Income Security Fund v. Continental Assurance Co., 700 F.2d 889, 893 (2nd Cir. 1983); *Hillman*, 796 F.2d at 775-76 (5th Cir. 1986).

Defendants filed their Notice and Application of Removal and in the prefatory paragraph and in the body of the application alleged that Defendants were removing the state cause of action in the 404th District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. 1452(a) and Southern District of Texas Local Rule 3(K). The reference to 28 U.S.C. 1452(a) was an inadvertent mistake and was not due to bad faith, lack of due diligence nor repeated failure to cure a deficiency by amendments. (See attached as

MOTION FOR LEAVE TO FILE AMENDED PLEADING                                                           Page 4 of 8
of Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.
JGMbgw #031087  L:\WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Romero v. Nev\USDC-B-03-153\Lve-AmdPld-Mot.wpd

"Exhibit A" Affidavit of Tom Fleming). Furthermore, Plaintiffs will not be prejudiced by this amendment, as they do not even address this issue in their Motion to Remand. (See Court's file). The appropriate statutory reference should be 28 U.S.C. § § 1331 and 1441(b) and (c). Applying the above referenced case law to the fact of an inadvertent statutory citation, this Court can clearly allow Defendants to remedy an inadequate jurisdictional allegation, as Defendants are in *no* way attempting to remedy defective jurisdictional facts. Consequently, this Court must allow **Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.**, Defendants, to amend their Notice of Filing and Application of Removal.

6. **Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero as Next Friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr.** will not be prejudiced by the amended Notice and Application of Removal of **Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.** because as stated above Plaintiffs have failed to even raise this jurisdictional issue in their Motion to Remand. (See Court's file).

### C. Prayer

7. WHEREFORE, PREMISES CONSIDERED, Defendants **Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.** respectfully request this Court

MOTION FOR LEAVE TO FILE AMENDED PLEADING                                Page 5 of 8
of Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.
JGMbgw #031087  L:\WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Romero v. Nev\USDC-B-03-153\Lve-AmdPld-Mot.wpd

to grant their Motion for Leave to amend their Notice of Filing and Application of Removal.

DATED: October ___29___, 2003.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943


by: _____/s/ Tom Fleming_____
Tom Fleming
State Bar of Texas No. 07133000
Federal I.D. No. 1188
**ATTORNEYS FOR DEFENDANTS,**
**NEVGULMARCO COMPANY, INC.;**
**and CARMELITA, INC.**


Jaime Saenz
SBOT No. 17514859
Federal I.D. No. 7630
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren Street
P. O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telecopier: (956) 541-2170
**ATTORNEYS FOR DEFENDANT,**
**ZIMCO MARINE, INC.**

**MOTION FOR LEAVE TO FILE AMENDED PLEADING**                                                        Page 6 of 8
of Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.
JGMbgw #031087  L:\WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Romero v. Nev\USDC-B-03-153\Lve-AmdPld-Mot.wpd

## CERTIFICATE OF CONFERENCE

On the 29th day of October, 2003 Defendants' Counsel attempted to contact Plaintiffs' Counsel by telephone; however, Plaintiffs' Counsel was unavailable. Therefore, Defendants' Counsel does not know whether Plaintiffs' Counsel opposes this Motion for Leave to File Amended Pleading.

_____
Tom Fleming

MOTION FOR LEAVE TO FILE AMENDED PLEADING                                                                   Page 7 of 8
of Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.
JGMbgw #031087  L:\WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Romero v. Nev\USDC-B-03-153\Lve-AmdPld-Mot.wpd

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing **MOTION FOR LEAVE TO FILE AMENDED PLEADING OF DEFENDANTS, NEVGULMARCO COMPANY, INC.; ZIMCO MARINE, INC.; AND CARMELITA, INC.** were served on October 29, 2003 in the manner(s) indicated below upon the following Counsel:

**CO-COUNSEL FOR PLAINTIFFS:**
Mikal C. Watts; Ray R. Marchan
WATTS LAW FIRM, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 7270)*

**CO-COUNSEL FOR PLAINTIFFS:**
Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR.
Justice For All Building
777 East Harrison Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 7263)*

**CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:**
Stan Perry
HAYNES AND BOONE, LLP
1000 Louisiana, Suite 4300
Houston, Texas 77002-5012
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 7256)*

**CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:**
Michael Rodriguez
MICHAEL RODRIGUEZ, P.L.L.C.
1000 East Madison
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 7249)*

**COUNSEL FOR DEFENDANT, ZIMCO MARINE, INC.:**
Jaime A. Saenz; RosaMaria Villagomez-Vela
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 7232)*

Tom Fleming

MOTION FOR LEAVE TO FILE AMENDED PLEADING                                      Page 8 of 8
of Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.
JGMbgw #031087  L:\WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Romero v. Nev\USDC-B-03-153\Lve-AmdPld-Mot.wpd

## *"EXHIBIT A"*

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | **AFFIDAVIT OF TOM FLEMING** |
| COUNTY OF CAMERON | § | |

BEFORE ME, the undersigned Notary Public, on this day personally appeared **Tom Fleming**, who being by me here and now duly sworn upon oath, says:

"My name is **Tom Fleming**. I am fully qualified to make this affidavit.

"The citation of 28 U.S.C. 1452(a) I referenced in the prefatory paragraph and the body introduction of Defendants' Notice of Filing and Application of Removal was an inadvertent mistake. The citation should have been 28 U.S.C. § § 1331 and 1441(b) and (c)."

FURTHER, AFFIANT SAYETH NAUGHT.

_____
**Tom Fleming**

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, by the said **Tom Fleming** on this, the 29th day of October 2003, to certify which WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE.


BARBARA WARNKE
MY COMMISSION EXPIRES
May 2, 2005

_____
Notary Public, State of Texas.


EXHIBIT NO. A