17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas .
FILED

OCT 2 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| AVIGAIL MARTINEZ DE ROMERO | § | |
| INDIVIDUALLY AND AS | § | |
| GUARDIAN OF ANGEL ROMERO, | § | |
| JR., MENTALLY AND PHYSICALLY | § | |
| INCOMPETENT, ANGEL ROMERO | § | |
| GONZALEZ AND GLORIA BADILLO | § | |
| RODRIGUEZ DE ROMERO, THE | § | |
| NATURAL PARENTS OF ANGEL | § | |
| ROMERO, JR., AND, LUCILLA | § | |
| DELGADO ROMERO AS NEXT | § | |
| FRIEND OF ANGEL ROMERO | § | |
| DELGADO AND CAROLINA | § | C. A. NO. B-03-153 |
| ROMERO DELGADO, MINOR | § | |
| CHILDREN OF ANGEL ROMERO, JR. | § | |
| | § | |
| VS. | § | |
| | § | |
| UNIVAR USA, INC., | § | |
| NEVGULMARCO, INC., | § | |
| ZIMCO INC. AND CARMELITA, | § | |
| INC. AS THE OWNER/OPERATOR | § | |
| OF THE M/V "CARMELITA" | § | |

## AMENDED NOTICE AND APPLICATION FOR REMOVAL
### of
### Defendants,
### Nevgulmarco Company, Inc.;
### Zimco Marine, Inc.; and Carmelita, Inc.

Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc., Defendants in the hereinafter described state court action, file this Notice of Removal removing said action to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to the provisions of 28 U.S.C., § § 1331 and 1441(b) and (c) and Southern District of Texas Local Rule 3(K).

1.    <u>The State Court Action</u>. By this amended notice, **Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc.** request the continued removal of Cause Number 2003-08-4370-G, styled *Avigail Martinez De Romero Individually And As Guardian Of Angel Romero, Jr., Mentally And Physically Incompetent, Angel Romero Gonzalez And Gloria Badillo Rodriguez De Romero, The Natural Parents Of Angel Romero, Jr., And, Lucilla Delgado Romero As Next Friend Of Angel Romero Delgado And Carolina Romero Delgado, Minor Children Of Angel Romero, Jr. vs. Univar USA, Inc., Nevgulmarco, Inc., Zimco Inc. And Carmelita, Inc. As The Owner/Operator Of The M/V "Carmelita"*, a state court action ("State Court Action") which has previously been removed to the United States District Court for the Southern District of Texas, Brownsville Division. The State Court Action was filed on or about August 29, 2003 and named **Avigail Martinez De Romero Individually And As Guardian Of Angel Romero, Jr., Mentally And Physically Incompetent; Angel Romero Gonzalez And Gloria Badillo Rodriguez De Romero, The Natural Parents Of Angel Romero, Jr.; And Lucilla Delgado Romero As Next Friend Of Angel Romero Delgado And Carolina Romero Delgado, Minor Children Of Angel Romero, Jr.** as the Plaintiffs and **Univar USA, Inc.; Nevgulmarco, Inc. (sic); Zimco Inc. (sic); and Carmelita, Inc. as the owner/operator of the M/V "Carmelita"** as the Defendants. Removal was obtained to the Brownsville Division of the United States Court for the Southern District of Texas where the action was joined with a pending action in C. A. No. B-03-153, a related case now involving all the parties.

2.    <u>The Parties</u>.  The Plaintiffs are **Avigail Martinez De Romero Individually And As Guardian Of Angel Romero, Jr., Mentally And Physically Incompetent; Angel Romero Gonzalez And Gloria Badillo Rodriguez De Romero, The Natural Parents Of Angel Romero, Jr.; And Lucilla Delgado Romero As Next Friend Of Angel Romero Delgado And Carolina Romero Delgado, Minor Children Of Angel Romero, Jr.,** individuals purportedly residing in Cameron County, Texas.  The Defendants are **Univar USA, Inc.; Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc. as the owner/operator of the M/V "Carmelita"**, corporations either admitted to do business in the State of Texas or created pursuant to Texas law.

3.    <u>Jurisdiction</u>.  Based on the subject matter of the State Court Action as described below in the Statement of Facts, the State Court Action is a civil action which alleges tort claims for unseaworthiness and negligence under general maritime law and 46 U.S.C. § 688, the "Jones Act".  The United States District Court has jurisdiction to hear this proceeding pursuant to the provisions of 46 U.S.C. § 688 and the Employee Retirement Security Act of 1974 (ERISA) 29 U.S.C. § § 1001-1461. This Notice of Removal is filed pursuant to the provisions of 28 U.S.C. § § 1331 and 1441(b) and (c) and Southern District of Texas Local Rule 3(K).

4.    <u>Venue</u>.  This amended Notice of Removal is filed with the clerk of the district and division within which the related federal court case is pending which now involves all of the parties.

5.    **Statement Of Facts.**  Plaintiffs have sued the various Defendants for torts allegedly committed aboard the O/S "Carmelita", a shrimp trawling vessel.  The claims are brought under general maritime law and the Jones Act.  No executed process exists.

6.    **Process Of Pleadings.**  In accordance with Southern District of Texas Local Rule 3(K), attached hereto are true and correct copies of the following:

    a.    **Exhibit A:**
          Index Of Matters Being Filed;

    b.    **Exhibit B:**
          Plaintiffs' Original Petition and Requests for Disclosure;

    c.    **Exhibit C:**
          The Docket Sheet;

    d.    **Exhibit D:**
          Plaintiffs' Letter Request For Process; and

    e.    **Exhibit E:**
          List Of All Known Counsel For Every Party, Including Their Addresses, Telephone Numbers And Who They Represent.

7.    Notice was timely under 28 U.S.C. § 1446(b) and upon Leave of Court this Amended Notice will be timely under 28 U.S.C. § 1653.

8.    **Filing Of Notice In State Court.**  Promptly after filing this Notice of Removal, Defendants will file a copy of it with the Clerk of the District Courts of Cameron County, Texas.

DATED:  October  _29_ , 2003.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943


by: _Tom Fleming_
Tom Fleming
State Bar of Texas No. 07133000
Federal I.D.  No. 1188
**ATTORNEYS FOR DEFENDANTS,
NEVGULMARCO COMPANY, INC.;
and CARMELITA, INC.**


Jaime Saenz
SBOT No. 17514859
Federal I.D. No. 7630
**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**
1201 East Van Buren Street
P. O. Box 2155
Brownsville, Texas  78522
Telephone:  (956) 542-7441
Telecopier:  (956) 541-2170
**ATTORNEYS FOR DEFENDANT,
ZIMCO MARINE, INC.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing AMENDED NOTICE AND APPLICATION FOR REMOVAL OF DEFENDANTS, NEVGULMARCO COMPANY, INC.; ZIMCO MARINE, INC.; AND CARMELITA, INC. were served on October ⟨24⟩, 2003 in the manner(s) indicated below upon the following Counsel:

CO-COUNSEL FOR PLAINTIFFS:
Mikal C. Watts; Ray R. Marchan
WATTS LAW FIRM, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas 78520
(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 7270)

CO-COUNSEL FOR PLAINTIFFS:
Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR.
Justice For All Building
777 East Harrison Street
Brownsville, Texas 78520
(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 7263)

CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:
Stan Perry
HAYNES AND BOONE, LLP
1000 Louisiana, Suite 4300
Houston, Texas 77002-5012
(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 7256)

CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:
Michael Rodriguez
MICHAEL RODRIGUEZ, P.L.L.C.
1000 East Madison
Brownsville, Texas 78520
(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 7249)

COUNSEL FOR DEFENDANT, ZIMCO MARINE, INC.:
Jaime A. Saenz; RosaMaria Villagomez-Vela
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 7232)

Tom Fleming

*A*

# EXHIBIT A
## INDEX OF MATTERS BEING FILED

b.  **Exhibit B:**
    Plaintiffs' Original Petition and Requests for Disclosure;

c.  **Exhibit C:**
    The Docket Sheet;

d.  **Exhibit D:**
    Plaintiffs' Letter Request For Process; and

e.  **Exhibit E:**
    List Of All Known Counsel For Every Party, Including Their Addresses,
    Telephone Numbers And Who They Represented.



EXHIBIT NO. A

*B*

CAUSE NO. 2003-08-4370-G

| | | |
|---|---|---|
| AVIGAIL MARTINEZ DE ROMERO | § | IN THE DISTRICT COURT |
| INDIVIDUALLY AND AS | § | |
| GUARDIAN OF ANGEL ROMERO, | § | |
| JR., MENTALLY AND PHYSICALLY | § | |
| INCOMPETENT, ANGEL ROMERO | § | |
| GONZALEZ AND GLORIA BADILLO | § | |
| RODRIGUEZ DE ROMERO, THE | § | |
| NATURAL PARENTS OF ANGEL | § | |
| ROMERO, JR., AND, LUCILLA | § | |
| DELGADO ROMERO AS NEXT | § | |
| FRIEND OF ANGEL ROMERO | § | |
| DELGADO AND CAROLINA | § | |
| ROMERO DELGADO, MINOR | § | |
| CHILDREN OF ANGEL ROMERO, JR. | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| UNIVAR USA, INC., | § | |
| NEVGULMARCO, INC., | § | |
| ZIMCO INC AND CARMELITA, | § | |
| INC. AS THE OWNER/OPERATOR | § | |
| OF THE M/V "CARMELITA" | § | 404th JUDICIAL DISTRICT |



FILED 4:30 O'CLOCK P M
AURORA DE LA GARZA, CLERK
AUG 29 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURES

COME NOW, AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., hereinafter called Plaintiffs, complaining of UNIVAR USA, INC., NEVGULMARCO, INC., ZIMCO INC. AND, CARMELITA INC. AS THE OWNER/OPERATOR OF THE M/V "CARMELITA", hereinafter called Defendants and for cause of action herein would respectfully show this Court the following:

SCANNED
SEP 08 2003

EXHIBIT NO. B

1

# I.

## Discovery Track

1.1    Plaintiffs plead that this case be assigned to a Level 3 Discovery Plan.

# II.

## PARTIES.

2.1    Plaintiffs resided in Cameron County, Texas at all times pertinent to this cause of action accrued, and currently reside in Texas. Plaintiffs are residents of Cameron County, Texas.

2.2    Defendant Univar USA, Inc., is a corporation duly authorized to conduct business in the state of Texas and may be served with process by serving its agent for service C. T. Corporation Services, 350 N. St. Paul, Dallas, Texas 75201.

2.3    Defendant Nevgulmarco, Inc. is a corporation duly authorized to conduct business in the State of Texas and may be served with process by serving its agent for service Mr. Walter Zimmerman at 400 Washington Street, Port Isabel, Texas 78578.

2.4    Defendant Zimco, Inc. is a corporation duly authorized to conduct business in the State of Texas and may be served with process by serving its agent for service Mr. Frank P. McEachern, 6000 NationsBank Plaza, 900 Main Street, Dallas, Texas 75202.

2.5    Defendant Carmelita, Inc. as the owner /operator of the M/V Carmelita is a Texas corporation with its principal place of business in Cameron County, Texas, duly authorized to conduct business in the State of Texas may be served with process and citation by serving it's agent for service, Mr. Walter Zimmerman, 400 Washington Street, Port Isabel, Texas 78578.

## III. JURISDICTION AND VENUE

3.1    Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas, and this Court has personal jurisdiction over Defendants. Plaintiffs seek damages in excess of the minimum jurisdictional limits of this Court and of the $75,000 jurisdictional limits of the federal courts.

SCANNED

SEP 0 8 2003

3.2     Venue is proper in Cameron County under the General Venue Rule contained in Section 15.002 (a) (3) of the Texas Civil Practice and Remedies Code, because Cameron County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Specifically, the incident made the basis of this suit occurred in Cameron County, Texas. Venue is proper in Cameron County pursuant to Section 15.002(a)(2) of the Texas Civil Practice & Remedies Code because it is the county of Defendants', Nevgulmarco, Inc.. Zimco, Inc., and Carmelita, Inc., as the owner/operator of the M/V Carmelit, principal office in Texas at the time of the incident.

## IV.

## CLAIMS FOR UNSEAWORTHINESS

4.1     Plaintiff Angel Romero, Jr. is a seaman, and in accordance with the terms of 28 U.S.C., Sec. 1916, Plaintiffs AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO. JR., file this suit for the enforcement of laws enacted for his health and safety.

4.2     Plaintiffs AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO. JR. AND. LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO. JR.. also bring this cause of action pursuant to the provisions of Article 46. U.S.C.A.. Sec. 688. commonly known as the "Jones Act", and under the "Admiralty and General Maritime Laws of the United

SCANNED

SEP 0 8 2003

States," involving both the doctrines of "negligence" and "unseaworthiness," as well as any other relevant and applicable State and/or Federal laws.

## V.

5.1    Plaintiff AVIGAIL MARTINEZ DE ROMERO AS GUARDIAN OF ANGEL ROMERO, JR., asserts his right to recover damages for injuries ANGEL ROMERO, JR. received while employed as a seaman on the M/V "Carmelita ". This cause of action is brought pursuant to the provisions of Article 46, U.S.C.A., Sec. 688, commonly known as the "Jones Act" against Defendants Carmelita, Inc. and the M/V "Carmelita. as employers involving the doctrine of "negligence."

5.2    Plaintiff AVIGAIL MARTINEZ DE ROMERO AS GUARDIAN OF ANGEL ROMERO, JR. asserts their right to recover damages for injuries he received while employed as a seaman on the M/V "Carmelita ". This cause of action is brought pursuant to the "Admiralty and General Maritime Laws of the United States," against Defendant Carmelita. Inc., M/V "Carmelita," involving the doctrine of "unseaworthiness."

## VI.

### CAUSE OF ACTION FOR NEGLIGENCE UNDER THE JONES ACT

6.1    On the 21st day of July, 2003, the M/V "Carmelita" was engaged in shrimping operations and related activities in the Gulf of Mexico, and the Plaintiff was engaged in his duties as a seaman when the Defendants Carmelita, Inc., their agents, employees. and each of them, negligently and carelessly caused, allowed, and permitted the M/V "Carmelita", its appurtenances, and work method to be operated, supervised, equipped, controlled. designed, manufactured, maintained, and inspected in such a manner as to cause the Plaintiff to suffer injury and illness, proximately causing the injuries and damages hereinafter set forth.

6.2    On the 21st day of July, 2003, the Defendant Carmelita, Inc. as owner/operator of the M/V "Carmelita" their agents, employees, and each of them, were negligent. Said negligence includes, but is not limited to, the following acts, errors and omissions:

SCANNED
SEP 08 2003

1. Negligently causing, allowing and permitting Plaintiff to become injured;

2. Operating the M/V "Carmelita" in a negligent manner rendering the vessel unsafe as stated herein;

3. Negligently failing to warn the Plaintiff of the dangerous and hazardous conditions as aforesaid;

4. Negligently failing to provide the Plaintiff with a seaworthy and a safe place to work as stated herein;

5. Negligently failing to promulgate and enforce proper and safe rules of seamanship in the supervision of said work as stated herein; and

6. Negligently failing to provide sufficient and competent co-employees as stated herein.

6.3     By reason of the negligence of the Defendant Carmelita, Inc. as owner/operator of the M/V Carmelita, their agents, and employees, Plaintiff was caused to suffer illness and injuries to his person with great force and violence sustaining personal injuries and damages as hereinafter alleged.

## VII.

## SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS

7.1     Plaintiffs reallege and incorporates by reference herein each and every allegation contained in the First Cause of Action above.

7.2     On the 21st day of July, 2003, the M/V "Carmelita" was engaged in shrimping operations and related activities in the Gulf of Mexico, and navigable waters of the United States, the unseaworthiness of the M/V "Carmelita" proximately caused Plaintiff to suffer injuries and illness as set forth below:

(a)     Defendants Carmelita, Inc. as owner/operator of the M/V "Carmelita" negligently failed to provide Plaintiff with a safe, seaworthy place to work as stated herein;

(b)     Said vessel was unseaworthy in causing, allowing and permitting Plaintiff to become injured and ill as stated herein;

SCANNED

SEP 0 8 2003

(c)     The work method was unsafe as stated herein;

(d)     The vessel did not have sufficient or competent fellow crewmembers as stated herein;

(e)     Defendant Carmelita, Inc.'s, as owner/operator of the M/V "Carmelita", negligence and that of their employees created an unseaworthy condition as stated herein;

(f)     In operating the vessel in a negligent manner, rendering the vessel unsafe as stated herein;

(g)     In failing to warn the Plaintiff of the dangerous conditions as aforesaid stated herein; and

(h)     In failing to promulgate and enforce proper and safe rules of seamanship in the supervision of said work as stated herein.

7.3     By reason of the unseaworthy condition of said vessel the Plaintiff was caused to suffer injuries.

7.4     As a direct and proximate result of the unseaworthiness of the vessel, Plaintiff was damaged as alleged in Sections 1 - 6, inclusive of the First Cause of Action herein, which are realleged and incorporated herein by this reference.

7.5     Each and every act, whether of commission or omission, or any combination of said act of commission or omission, constitutes negligence and gross negligence by the Defendant ship owner or operator, its master, agents, servants, and employees, and each such act or omission, or any combination of such acts or omissions was a proximate and/or contributing cause of the injuries sustained by the Plaintiffs.

7.6     The above act or acts, whether of commission or omission, and/or the operation of or the condition of the Defendant's vessel, the M/V "Carmelita", and/or its appurtenances, rendered the vessel unfit for its intended use and constituted a breach of an absolute duty owed by the Defendants to the Plaintiffs, and such acts, omissions, operation of the vessel, or the unsafe condition of the vessel and its appurtenances constituted a condition of

SCANN
SEP 0 8 2003

6

"unseaworthiness", and each was and is a "contributing cause" of the injuries suffered by the Plaintiffs.

## VIII.

### ALTER EGO AND SINGLE BUSINESS ENTERPRICE

8.1    Defendant Carmelita, Inc. as the owner/operator of the M/V "Carmelita" was operated by Nevgulmarco, Inc., as an alter ego. Defendants, Nevgulmmarco, Inc., and Carmelita, Inc. purposefully mismanaged the M/V "Carmelita " so that it operated undercapitalized and without taking reasonable and prudent business precautions.  These actions along with others are done with the purpose of defrauding creditors and others to whom they become liable. Furthermore, Plaintiff asserts the doctrine of alter ego as a result of said corporate fiction because said corporation is organized and operated as a mere tool or business conduit of Nevgulmarco, Inc..  Additionally, Plaintiff asserts that said Carmelita, Inc., in its current state of financial weakness and/or inability to respond to claims, is no less than a shell and a perpetuated fraud upon this Court.  Moreover, Plaintiffs assert that the activities for which said corporation operates, has created an extreme risk of harm upon the corporation's employees. and, said corporation has not reasonably calculated to respond to claims in light of the nature and risk and of the business, and as such, the piercing of the corporate veil and holding the individual shareholders liable for the tort liability of the corporation is appropriate under these circumstances.  Therefore, for purposes of these pleadings, Plaintiffs allege that Nevglmarco, Inc. and Carmelita, Inc., are alter egos, and/or piercing the corporate veil and holding the individual shareholders liable for the debts, obligations, and liabilities of said corporation is afforded to the Plaintiff under these tort circumstances.

8.2    Alternatively, Nevgulmarco, Inc. and Carmelita, Inc. are operated as a single business enterprise, so that the conduct of one entity is imputed to the other entity and the entities are jointly and severally liable of the conduct of each other.


SCANNED
SEP 0 8 2003

## IX.

## FACTUAL BACKGROUND

9.1    Upon information and belief that at all times material hereto, Plaintiff would show that on or about July 21, 2003, the fishing vessel, "Carmelita" was shrimping near shore waters of the Gulf of Mexico. The crew of the "Carmelita" consisted of local shrimpers, including Angel Romero, Jr., winchman, Gerardo Gonzalez, header and Captain Javier.

9.2    As shrimp were caught by the crew of the "Carmelita", they were stored in the hold, which is an airtight compartment. The shrimp are stored by first dipping the shrimp in shrimp dip solution. The shrimp is coated with Sodium Metabisulfite, as a shrimp dip, to preserve the color of the shrimp until the shrimp reaches the nearby port and/or the shrimp are unloaded.

9.3    On this particular voyage, the shrimping was excellent and the "Carmelita" was able to fill her hold with many pounds of shrimp.

9.4    During the period of time the "Carmelita" was shrimping, the airtight  hold remained covered.  As the shrimp which were dipped in Sodium Metabisulfite solution were stored in the hold, it formed the lethal gas, Sulfur Dioxide. Sulfur Dioxide gas is denser than air and over a period of time it displaced the air and created a death trap loaded to kill or injure anyone who entered the hold.

9.5.    On or about July 21, 2003, while the vessel was at sea, ANGEL ROMERO, JR. was specifically ordered by the Captain Javier to go to the hold.  ANGEL ROMERO, JR. removed the hatch cover and descended into the hold of the vessel to carry out his specific orders. While working in the hold, ANGEL ROMERO, JR. inhaled Sulfur Dioxide fumes, which caused him to fall and collapse in the hold.  After a short period of time, Captain Javier noticed the failure of ANGEL ROMERO, JR. to return.  The Captain then ordered Gerardo Gonzalez, the header to go and check on and/or help ANGEL ROMERO, JR. Gerardo Gonzalez saw his crewmember, ANGEL ROMERO, JR. on the floor of the hold.  Gerardo Gonzalez descended



SCANNED

SEP 0 8 2003

into the hold to assist and/or rescue Angel Romero, Jr. On July 21, 2003, a Coast Guard rescue craft retrieved Angel Romero, Jr. from the M/V Carmelita.

9.6    Subsequent medical care revealed that ANGEL ROMERO, JR. suffered a hypoxic event from asphyxiation due to inhalation of Sulfur Dioxide gas which was generated by the Sodium Metabisulfite used on deck of the M/V "Carmelita" to dip the shrimp caught which were then properly placed into the hold.

9.7    Upon information and belief that at all times material hereto, Plaintiffs would show that Defendants Univar USA, Inc. Nevgulmarco, Inc. Zimco, Inc. and Carmelita, Inc. as owner/operator of the M/V "Carmelita" are in the business of manufacturing, packaging, labelling, exporting, importing, distributing, selling and/or providing various chemicals and chemical compounds. At some time prior to the occurrence made the basis of this lawsuit, the Defendant Univar USA, Inc. manufactured, packaged, labeled, exported, imported, sold, distributed and/or provided the chemical compound Sodium Metabisulfite (Sodium Bisulphite Anhydrous), for the following uses:

(a)    Food and drink manufacture: for preservation and sterilization purposes. also refining of sugar;

(b)    Brewing, wine making, etc.: For sterilization in the fermentation processes;

(c)    Photographic chemicals: In formulation of developers and fixers;

(d)    Dyehouses/Laundries: As a color stripper and anti-chlor;

(e)    Leather Industry: In tanning as an acidifying agent, a solubilishing agent for tannins and as an agent in reducing chrome liquors;

(f)    Mineral extraction: As an ore flotation aid;

(g)    Effluent treatment: To reduce chromium salts to render them suitable for precipitation using lime;

(h)    Chemical manufacture: As a process chemical in the manufacture of sulphosuccinates and sodium formaldehyde bisulphite; and,

(i)    Rubber manufacture: As a latex anti-coagulant.


SCANNED

SEP 0 8 2003

9.8    Sodium Metabisulfite is a white crystalline powder with a slight sulfur odor and taste. When Sodium Metabisulfite reacts with water, it forms the lethal gas, Sulfur Dioxide. Sulfur Dioxide is a colorless gas with a smell characteristic of burning sulfur and is acutely injurious to the health of anyone who is unfortunate enough to inhale the fumes.

9.9    For many years prior to July 21, 2003, Sodium Metabisulfite, amongst its many other uses, had been used in the shrimping industry as a preservative for the freshly caught shrimp while they were stored on board the shrimp trawlers prior to their return to port. Defendant Univar USA, Inc., Nevgulmarco, Inc. Zimco, Inc. and Carmelita, Inc. as owner/operator of the M/V "Carmelita" regularly manufactured and/or distributed large quantities of Sodium Metabisulfite and knew or should have known of its chemical properties, i.e., that reaction with water forms lethal Sulfur Dioxide gas. In their normal course of business Univar USA, Inc., Nevgulmarco, Inc. Zimco, Inc. and Carmelita, Inc. as owner/operator of the M/V "Carmelita" knew or should have known that it was selling and/or distributing Sodium Metabisulfite to shrimpers, to be used aboard their shrimp trawlers as a preservative for freshly caught shrimp.

9.10    Plaintiffs would show further that at some time prior to July 21, 2003, Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and, Carmelita, Inc. as owner/operator of the M/V "Carmelita" packaged, sold and/or provided Sodium Metabisulfite in 50-pound paper bags and/or plastic pails.

9.11    On the fifty (50) pound bags and/or plastic pails of Sodium Metabisulfite sold, packaged and/or provided by Defendants Univar USA, Inc. Nevgulmarco, Inc. Zimco. Inc. and, Carmelita, Inc. as owner/operator of the M/V "Carmelita", there appeared no instructions or effective warning whatsoever.

9.12    The label on the bags and/or plastic pails of the Sodium MetaBisulfite was so inadequate and insufficient as to be no label or warning at all. Failure to give an adequate or sufficient warning on the packages of Sodium Metabisulfite made their use unreasonably dangerous and not suited for the purpose for which it was intended, and Defendants. Univar

SCANNED

SEP 0 8 2003

10

USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and, Carmelita, Inc. as owner/operator of the M/V "Carmelita", had a duty to protect ultimate users from injury by giving proper instructions and warnings, and failure to do so was a proximate cause of the injuries of ANGEL ROMERO, JR. and his family.

9.13   Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and, Carmelita, Inc. as owner/operator of the M/V "Carmelita" sold and/or provided fifty-pound bags and/or plastic pails of Sodium Metabisulfite to be used on board the M/V "Carmelita", as a shrimp preservative.

9.14   Failure to print and/or affix adequate and sufficient labels to the paper bags and/or plastic pails of Sodium Metabisulfite sold and/or provided, with knowledge and appreciation of the fact that shrimpers would be using these compounds in close proximity to water for dipping the shrimp catch and storing such dipped shrimp catch in enclosed spaces without ventilation rendered these packages of Sodium Metabisulfite unreasonably dangerous and not reasonably fit for the purposes for which they were intended. Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and Carmelita, Inc. as owner/operator of the M/V "Carmelita" impliedly warranted that Sodium Metabisulfite was suitable for use as a preservative on board a shrimp boat.

9.15   Medical examination of ANGEL ROMERO, JR. revealed that he suffered from asphyxiation and a hypoxic event due to the inhalation of Sulfur Dioxide gas. The Sulfur Dioxide gas was generated from Sodium Metabisulfite that was placed on board the M/V Carmelita by the Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and Carmelita, Inc. as owner/operator of the M/V "Carmelita" to be used as a preservative for the shrimp caught during the voyage.

9.16   The hypoxic brain injury to ANGEL ROMERO, JR. was in no way caused or contributed to by any fault, neglect, want of care, or design on his part, but to the contrary, was proximately caused by the negligence, fault, lack of care, and inattention to duty of Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and, Carmelita, Inc. as owner/operator of the

SCANNED

SEP 0 8 2003

M/V "Carmelita" in providing the Sodium Metabisulfite in containers that were insufficiently or inadequately labeled; in knowing that the Sodium Metabisulfite would be placed on board for use in dipping shrimp and placing such dipped shrimp in the air tight hold of the M/V Carmelita when they knew or should have known that said chemical was dangerous and would create an unsafe place to work; and, in failing to give ANGEL ROMERO, JR. sufficient instructions or warnings concerning the proper use of Sodium Metabisulfite in the hold.

9.17    Defendants operated their companies in their own self-interest and failed to push for and accelerate the use of proper warnings or safer alternatives and economically feasible designs.

9.18    Defendants even in their own claims department had no procedure in which their claims department members would be informed as to the number and severity of injuries and deaths occurring from the use of Sodium Metabisulfite.

9.19    Defendants have systematically in the past, and also in response to deaths and injuries, manipulated the information provided to them by witnesses. More specifically, it has been and has continued to be the practice of the Defendants through its departments. to ignore and not document those witnesses who would verify that the use of chemical Sodium Metabisulfite results in deaths and/or severe injuries.

## X.

## STRICT LIABILITY

10.1    Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and Carmelita, Inc. as owner/operator of the M/V "Carmelita" are strictly liable for marketing defects. failing to warn, breach of warranties and/or §402B of the Restatement of Torts 2d. as adopted by the Texas Supreme Court.

10.2    Plaintiffs would show that the Defendants were for some time prior to July 21, 2003, and still are, engaged in the business of manufacturing, packaging. exporting. importing, distributing, selling, and/or delivering Sodium Metabisulfite for use by the public. including Angel Romero, Jr.   It was reasonably foreseeable that ANGEL ROMERO. JR. would use said

SCANNED

SEP 0 8 2003

Sodium Metabisulfite because it was sold and then provided to Plaintiff ANGEL ROMERO, JR. Said Sodium Metabisulfite was defective in that it was not provided to ANGEL ROMERO, JR. with adequate instructions or warnings. Said defects made the Sodium Metabisulfite unreasonably dangerous. These defects existed at the time the Sodium Metabisulfite left the control of the Defendants. At the time of the incident made the basis of this lawsuit, on or about July 21, 2003, the Sodium Metabisulfite was being used by ANGEL ROMERO, JR. in the manner in which it was intended to be used and/or in a reasonably foreseeable way. As a result of the defects, Plaintiffs suffered injuries and damages as a result of ANGEL ROMERO, JR.'S hypoxic event and any of the defects alone or in concert were a producing cause of Plaintiffs' injuries and damages.

     10.3   Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and Carmelita, Inc. as owner/operator of the M/V "Carmelita" owed a duty to manufacture, package, export, import, distribute, sell, and/or deliver safe Sodium Metabisulfite, so as not to cause injuries or damages to the general public including ANGEL ROMERO, JR. and his family. Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc., and, Carmelita, Inc. as owner/operator of the M/V "Carmelita" violated their duties when they manufactured, packaged, exported, imported, distributed, sold and delivered the defective Sodium Metabisulfite, as described hereinabove, to ANGEL ROMERO, JR.

     10.4   It was foreseeable that ANGEL ROMERO, JR. and thus his family could have been injured or suffered damages as a result of the acts or omissions to act of Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc., and, Carmelita, Inc. as owner/operator of the M/V "Carmelita" because of Defendants' special knowledge of the product. As a result of the acts or omissions of Defendants in manufacturing, packaging, exporting, importing, distributing, selling, and delivering defective Sodium Metabisulfite, ANGEL ROMERO, JR. and his family suffered injuries and damages as more fully set forth hereinafter, and said acts or omissions were the actual and proximate cause of ANGEL ROMERO, JR. and his family's injuries and damages.

SCANNED
SEP 0 8 2003

## XI

## NEGLIGENCE

11.1    Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and, Carmelita, Inc. as owner/operator of the M/V "Carmelita" owed a duty to inspect, maintain and keep said Sodium Metabisulfite in safe condition, so as to not cause injuries and damages to the general public, including   ANGEL ROMERO, JR. and/or their families.  Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc., and, Carmelita, Inc. as owner/operator of the M/V "Carmelita" violated their duty when they carelessly inspected and maintained, or failed to inspect, maintain and keep the Sodium Metabisulfite in a safe condition.

11.2    It was foreseeable that  ANGEL ROMERO, JR. and his family could have been injured and/or suffered damages as a result of the acts, or omissions to act of Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc., and, Carmelita, Inc. as owner/operator of the M/V "Carmelita" because of their special knowledge of the product.  As a result of said acts, or omissions to act by Defendants, ANGEL ROMERO, JR., and his family suffered injuries and damages as more fully set forth hereinafter, and said acts or omissions to act were the actual and proximate cause of  ANGEL ROMERO, JR. and his family's injuries and/or damages.

## XII.

## BREACH OF WARRANTIES

12.1    Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and, Carmelita, Inc. as owner/operator of the M/V "Carmelita", impliedly and expressly guaranteed that the Sodium Metabisulfite had been so manufactured, packaged, exported, imported, distributed, sold and/or delivered such that it would provide the actual benefit for which it was manufactured, and was of such quality that it would not fail to perform its activity under normal circumstances and cause injuries or damages.  Through said Defendant Univar USA, Inc.'s advertising programs, in which it solicits the public to purchase Sodium Metabisulfite which they manufacture, package, export, import, distribute, sell and/or deliver said Defendant warrants and guarantees that



SCANNED

SEP 0 8 2003

Sodium Metabisulfite is suitable for its purpose and safe to use. ANGEL ROMERO, JR. as a foreseeable user relied upon said Defendants' warranties and guarantees.

12.2   Said Defendants, Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc., and Carmelita, Inc. as owner/operator of the M/V "Carmelita", breached the said warranties by manufacturing, packaging, exporting, importing, distributing, selling and delivering defective and unsafe Sodium Metabisulfite as hereinabove described.

12.3   As a result of said Defendants' breach of warranties, ANGEL ROMERO, JR. and his family have been injured as hereinafter described. ANGEL ROMERO, JR. and his family have given notice to said Defendants within a reasonable time of discovery of the cause of ANGEL ROMERO, JR. and his family's injuries and damages and remedies at law.

## XIII.

## GROSS NEGLIGENCE and MALICE

13.1   Additionally, Plaintiffs say that Defendants, Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc., and Carmelita, Inc. as owner/operator of the M/V "Carmelita", are guilty of negligence, gross negligence, and malice in the manufacturing, packaging, exporting, importing, distributing, selling, and/or delivering of the Sodium Metabisulfite in question including but not limited to:

(a)   in providing too small of a label;

(b)   in failing to provide printing within the label which was large enough to easily read;

(c)   in failing to provide the color of printing that would draw attention to such use and warnings other than the normal printing provided on such package;

(d)   in failing to provide an antidote in case someone did inhale Sulfur Dioxide Gas;

(e)   in failing to warn that inhaling Sulfur Dioxide gas was deadly, could cause serious injury, and/or could suffocate;

(f)   in failing to warn the ultimate users of Sodium Metabisulphite of the defect or defects described above;

SCANNED
SEP 0 8 2003

(g)     in committing errors during the design phase of the label;

(h)     in failing to install adequate safety warnings;

(i)     in using safety warnings which failed in their purpose;

(j)     in failing to make adequate testing or checks after manufacture;

(k)     in using unsafe or unsuitable materials in manufacture;

(l)     in failing to plan and test foreseeable uses;

(m)    in failing to use reasonable and necessary packaging;

(n)     in failing to keep abreast of scientific knowledge;

(o)     in failing to measure up to or meet accepted chemical industry and/or packaging
        standards;

(p)     in failing to do adequate research;

(q)     in failing to adopt safe designs to carry out the intended use; and

(r)     in failing to use safer chemical compounds equally effective for food
        preservation.

13.2    Failure to provide a warning label with the degree of intensity that would cause a
reasonable man to exercise caution for his own safety commensurate with the danger and the
failure to supply a sufficiently prominent label to users of their product required to work in close
proximity to this dangerous chemical compound, constituted negligence, gross negligence and/or
malice on the part of the defendants, Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and,
Carmelita, Inc. as owner/operator of the M/V "Carmelita."

13.1    The conduct of defendants and their agents, set out above, were carried out
wilfully, maliciously, oppressively, and constituted such an entire want of care as to constitute a
conscious indifference to the rights or welfare of these plaintiffs. Such conduct was outrageous
as defined by Texas common law, and Plaintiffs are hereby entitled to recover exemplary
damages to deter such cruel and undignified procedures by the defendants and defendants'
agents in the future. In this connection, Plaintiffs will show that their treatment by the
defendants caused their suffering of immeasurable dimensions.

SCANNED
SEP 0 8 2003

13.4    The total want of care and the utter disregard of duty, while the Defendants knew or should have known of the unsafe condition of Sodium Metabisulfite as well as their misrepresentations in allowing such defective products in the stream of commerce, exhibits and reflects a total want of care, and a conscious and wilful indifference to the lives and safety of ANGEL ROMERO, JR., Plaintiffs and others similarly situated. The nature, scope and extent of the operation of Defendants, Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc. and, Carmelita, Inc. as owner/operator of the M/V "Carmelita", and other manufacturers, packagers, exporters, importers, distributors, sellers, and deliverers similarly situated require a significant award of punitive and/or exemplary damages if said Defendants, Univar USA, Inc., Nevgulmarco, Inc., Zimco, Inc., and Carmelita, Inc. as owner/operator of the M/V "Carmelita" and other similarly entities, are to take heed and be influenced by said award, to conduct their business and to warn with due regard and concern for those who might be using such preservative chemicals.

13.5    Even though, previous litigation of claims against manufacturers, packagers, exporters, importers, distributors, sellers and/or deliverers have resulted in the awarding of tens of millions of dollars in punitive and/or exemplary damages for causing the injuries and deaths of persons using Sodium Metabisulfite, such manufacturers, packagers, exporters, importers, distributors, sellers, and/or deliverers continue to ignore the safety of humans and such companies continue to place profits over the lives of people. Thus, even greater sums must be assessed against these Defendants to change their conscious indifference in promoting and persisting to provide this deadly chemical for use on food for human consumption.

13.6    Accordingly, Plaintiffs request that exemplary damages be awarded against the Defendants in amounts which exceed the minimum jurisdictional requirements of this Court. and asks the jury to consider the following facts in awarding exemplary damages:  awarding damages for punishment of the defendants; to compensate for inconvenience; to compensate for attorney's fees; for expenses of litigation; and, to serve as an example to others.



## XIV.

## CIVIL CONSPIRACY

14.1    The Plaintiffs would show that the Sodium Metabisulfite industry has a history of resisting proposed safety standards and effectively utilizing the political process and their economic power to minimize the resulting economic cost that adoption of realistic minimum safety standards would naturally entail.

14.2    Profit has had priority over safety during the Sodium Metabisulfite industry's years of operation. The priority has been reflected by the deliberate pattern of conduct by the Defendants for many years.

14.3    The Defendants' lack of safety is the direct result of a conspiracy by said chemical companies and/or providers to control the adoption of the minimum regulatory standards and to act in concert to restrict, delay, or defeat proposals for stronger standards that provide the public safe use of food preservatives to enhance survivability and insure reduction of catastrophic injuries and death to the public.

14.4    Said covert and overt conspiracy is and has been manifested by, but is not limited to, some of the following particulars:

(a)    Organizing and actively joint venturing in seizing and maintaining control over the industry trade organizations by various methods including control of grants and other influencing acts;

(b)    Actively influencing the Regulatory Agencies by asserting political pressure on elected, appointed or employed officials to achieve the conspiratorial goals;

(c)    By acting in concert with other chemical companies to ensure appointment of sympathetic political appointees to the regulatory agencies charged with adopting minimum safety standards related to proper use of chemicals;

(d)    In recruiting and employing members of Regulatory Agencies to assist in the goal of obstruction and opposing adoption of new and more stringent standards,

18



SCANNED

SEP 0 8 2003

or to delay the adoption of such standards, and/or minimize any meaningful changes to existing standards;

(e)     By having trade organizations they control act in concert with said defendant companies whether covertly or overtly, in recommending and submitting to the regulatory agencies reasons for delay for adopting new standards, for changes, modifications or adoptions of existing minimum standards;

(f)     By actively delaying, obstructing, and opposing litigation discovery efforts by victims who have been injured as a result of the dangerous conditions who seek redress in the courts. This has been virtually universal to all Sodium Metabisulfite cases in litigation cases for a number of years. These tactics frustrate the process of discovery, make the cost of litigation prohibitive, and furthers the aims and economic objectives of the conspirators;

(g)     Concealing from their own employees, the public, from injured persons, and from governmental entities information regarding accidents all in violation of their common law duty to act with reasonable care;

(h)     Concealment of several thousand pages of evaluation, statistics, information, documents regarding the deadliness of Sodium Metabisulfite;

(i)     Engaging in advertising, informational and propaganda programs which expressly and by implication misrepresent that Sodium Metabisulfite is safe and not deadly.

(j)     resist the adoption of adequate safety standards;

(k)     delay the effective date for new standards to become mandatory and,

(l)     seek minimal standards as opposed to realistic standards which address concerns for the safety of the public over the increased costs involved.

14.5     The conspiracy (among otherwise vigorous competitors) was predicated solely on economic self-interest whereon profit was a priority over safety to the public. The actions of the conspirators, including the Defendants herein, has been successful in influencing the standards adopted, as well as delaying adoption of standards addressing Defendants' own knowledge of

SCANNED

SEP 0 8 2003

long standing known deficiencies and dangerous conditions constituting unnecessary hazardous risks to the public.

14.6   Such conspiracy was a proximate cause of the injuries to  ANGEL ROMERO, JR. and of the damages suffered by Plaintiffs.

## XV.

## DAMAGES

15.1   As a direct and proximate result of the acts and/or omissions of the Defendants, individually and/or collectively, Plaintiff AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., would show that by reason of the injuries sustained as above alleged, ANGEL ROMERO, JR. suffered serious injuries to his body including disfigurement, and impairment, physical pain and suffering, mental anguish, loss of wages and earning capacity and medical expenses. These damages have been sustained in the past and will continue in the future. By reason of the foregoing, ANGEL ROMERO, JR. and his family have been damaged by and seeks from the Defendants an amount in excess of the minimum jurisdictional limits of this court.

15.2   The charges which have been made for services rendered to ANGEL ROMERO, JR. have represented and will represent the usual, reasonable and customary charges for like or similar services in the vicinity where they have been rendered. All of these services have been

SCANNED
SEP 0 8 2003

made necessary in connection with the proper treatment of the injuries sustained and suffered by Plaintiffs because of ANGEL ROMERO, JR.'S injuries and damages.

15.3    Plaintiffs AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., would further show that in the event Angel Romero, Jr. had pre-existing conditions in his body prior to the incident made the basis of this suit, that such conditions were aggravated and/or re-injured and worsened by the injuries sustained as a result of the negligence of the Defendants.

15.4    On the date of the incident out of which this suit arises, Plaintiff ANGEL ROMERO, JR. was a man of the age of 35 and had a life expectancy in excess of 40.1 according to the U.S. Life Tables of 1989.

15.5    Plaintiff AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., would further show that a result of the defendants' negligence, plaintiffs have suffered a loss of future services that would have been provided by ANGEL ROMERO, JR. had he not suffered such severe injuries.

15.6    Plaintiffs Avigail Martinez de Romero Individually and as the Guardian of Angel Romero, Jr., Mentally and Physically Incapacitated, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL

SCANNED
SEP 0 8 2003

ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., seek damages for total loss of past wages and future earning capacity which was proximately caused by the negligence of Defendants.

15.7    Additionally, Plaintiffs AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., seek non-pecuniary damages from Defendants, Univar USA, Inc., Nevgulmarco, Inc., Zimco Inc., and Carmelita, Inc. as the owner/operator of the M/V "Carmelita" for their loss of consortium and society as a result of the horrible injuries of their husband, father and son ANGEL ROMERO, JR. This element of damages includes any loss of positive benefits, flowing from the love, comfort, companionship and society of ANGEL ROMERO, JR. Furthermore, Plaintiffs AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., have suffered emotional pain, torment, and suffering because of  their husband, father and son's hypoxic and/or comatose state. In all reasonable probability, Plaintiffs will continue to suffer these damages, among others, for a long time into the future, if not for the rest of their natural life. Plaintiffs, AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY  INCOMPETENT,  ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO,

SCANNED
SEP 0 8 2003

JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., also seek from Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco Inc., and Carmelita, Inc. as the owner/operator of the M/V "Carmelita", damages for their mental anguish that is, emotional pain, torment and suffering experienced because of their husband, father and son's hypoxic and/or comatose state.

15.8    Plaintiffs AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., also seek damages for their loss of household services that they have been deprived of and are likely to be deprived of as a result of the injuries which resulted in their husband, father and son's hypoxic and/or comatose state. Defendants' acts have proximately caused the loss of household services ANGEL ROMERO, JR. would have provided his wife, children and parents, that is the ability to administer their needs.

15.9    Additionally, as a result of ANGEL ROMERO, JR.'S injuries, which resulted in his hypoxic and/or comatose state, Plaintiffs AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR have required psychological and psychiatric care. They have been required to pay and incur liability to pay the charges which have been and will be made for such psychological and psychiatric care services. It is reasonably probable that they will require additional

SCANNED
SEP 0 8 2003

psychological care and psychiatric services in that they will be required to pay and incur liability to pay the charges which will be made for such services.

15.10   The charges which have been and will be made for services rendered to plaintiffs AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., have represent the usual, reasonable, and customary charges for the like or similar services in the vicinity where they have been or will be rendered.  All of these services both past and future, have been and will be made necessary in connection with the proper treatment of the injuries sustained and suffered by Plaintiffs AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., as a result of ANGEL ROMERO, JR.'S severe injuries.

15.11   Additionally, Plaintiffs AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO. JR also seek from the Defendants Univar USA, Inc., Nevgulmarco, Inc., Zimco Inc. and, Carmelita, Inc. as the owner/operator of the M/V "Carmelita" damages for their mental anguish, grief,

SCANNED
SEP 0 8 2003

bereavement for loss of companionship that they have experienced in the past and will, in all reasonable probability, experience in the future because of their husband, father and son's severe injuries which resulted in ANGEL ROMERO, JR.'S hypoxic and/or comatose state.

15.12   As a result of all of the aforementioned, Plaintiffs AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO, JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND, LUCILLA ROMERO DELGADO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR., have suffered damages in an amount in excess of the minimum jurisdictional limits of this Court. Plaintiffs also seek prejudgment and post judgment interest at the highest lawful rate.

## XVI.

### Punitive Damages

16.1   Because Defendants are guilty of wilful acts and omissions, gross neglect, and malice, they should have punitive damages assessed against them in an amount deemed appropriate by the jury.

## XVII.

### CONDITIONS PRECEDENT

17.1   Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiffs' rights to recover herein and to Defendants' liability have been performed or have occurred.

SCANNED
SEP 0 8 2003

## XVIII.

## REQUESTS FOR DISCLOSURE

18.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendants UNIVAR USA, INC., NEVGULMARCO, INC., ZIMCO, INC. AND CARMELITA, INC. AS THE ONWER/ OPERATOR OF THE M/V "CARMELITA" disclose, within 50 days of service of this request, the information and material described in Rule 194.2 of the Texas Rules Civil Procedure.

## XIX. JURY DEMAND

19.1    Plaintiffs request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Defendants, and each of them, be duly cited in terms of law to appear and answer herein and that upon trial hereof Plaintiffs have judgment against said Defendants, jointly and severally, in an amount in excess of the minimum jurisdictional limits of this court with pre-judgment interest and post judgment interest thereon at the legal rate.  In addition thereto, Plaintiffs seek exemplary and/or punitive damages against the Defendants together with post judgment interest on said judgment at the highest legal rate until paid, for costs of court in their behalf expended, and for such other and further relief,  special and general, at law and/or in equity, to which they may show themselves justly entitled.

Additionally, Plaintiffs seek to recover from the defendant Carmelita, Inc. as owner of the M/V "Carmelita" judgment in an amount in excess of the minimum jurisdictional limits of this court to compensate them for the injuries received by ANGEL ROMERO, JR. as a result of the "negligence" and "gross negligence" of the Defendant Carmelita, Inc. as owner of the M/V "Carmelita" their master, agents, officers, servants, and employees, or as a result of the "unseaworthiness".

SCANNED
SEP 0 8 2003

Respectfully submitted,

WATTS LAW FIRM, L.L.P.                    LAW OFFICES OF ERNESTO GAMEZ, JR.

Fort Brown Plaza                          Justice For All Building
1926 East Elizabeth Street                777 East Harrison Street
Brownsville, Texas  78520                 Brownsville, Texas 78520
Telephone:    (956) 544-0500              Telephone:  (956)541-3820
Telecopier:   (956) 541-0255              Telecopier:  (956)541-7694

By: _____            By: _____
MIKAL C. WATTS                            ERNESTO GAMEZ, JR.  (with Permission)
State Bar No. 20981820                    State Bar No. 07606600        9901

RAY R. MARCHAN
State Bar No. 12969050

27

SCANNED
SEP 0 8 2003

c

# JURY    CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

RUN DATE
RUN TIME

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| AVIGAIL MARTINEZ DE ROMERO, ET AL<br><br>VS<br><br>UNIVAR USA, INC., ET AL | 00497303<br>MIKAL WATTS<br>1926 E. ELIZABETH<br>BROWNSVILLE, TEXAS    78520 0000 | (10)<br><br>NEGLIGENCE |

DATE OF ORDERS | COURT'S DOCKET (Rule 26, TRCP)

D



# WATTS LAW FIRM L L P

Ray R. Marchan
Attorney at Law

Telephone: 956.544.0500
Facsimile: 956.541.0255

August 28, 2003

Mrs. Aurora de la Garza
District Clerk
974 E. Harrison
Brownsville, Texas 78520

Re:     Cause No. *03-08-4370-G*
        **Avigail Martinez de Romero, et al vs. Univar, USA, Inc., et al**
        **In the ___404___ District Court of Cameron County, Texas**
        **Plaintiffs' Original Petition**

Dear Mrs. de la Garza:

Enclosed herewith please find the above-mentioned document for filing. **Please advise the undersigned of the cause number and court assigned thereto.** An additional copy of this letter, along with a postage pre-paid envelope is enclosed for that purpose.

Please issue citations as follows:

Univar USA, Inc. by serving its agent for service
C.T. Corporation Systems
350 N. St. Paul Street
Dallas, Texas 75201

Nevgulmarco, Inc. by serving its agent for service
Mr. Walter Zimmerman
400 Washington Street
Port Isabel, Texas 78578

Zimco, Inc. by serving its agent for service
Mr. Frank P. McEachern
6000 NationsBank Plaza
900 Main Street
Dallas, Texas 75202

EXHIBIT NO. D

SCANNED
SEP 0 8 2003

Corpus Christi • Houston • San Antonio • Brownsville • McAllen

Fort Brown Plaza • 1926 East Elizabeth Street • Brownsville, Texas 78520
Email: rrmarchan@wattslawfirm.com

Page Two
August 28, 2003

      Carmelita, Inc. as the owner/operator of the M/V Carmelita
      by serving its agent for service
      Mr. Walter Zimmerman
      400 Washington Street
      Port Isabel, Texas  78578

      Enclosed is our firm's check in the amount of $202.00 in payment of a court cost
deposit as well a check in the amount of $30.00 in payment of the required jury fee.

      Thank you.

             Yours truly,

             WATTS LAW FIRM, L.L.P.

             Ray R. Marchan

RRM:lety
encs.

SCANNED
SEP 0 8 2003

## EXHIBIT E - Page 1 of 2

### List Of All Known Counsel For Every Party, Including Their Addresses, Telephone Numbers And Who They Represent

**CO-COUNSEL FOR PLAINTIFFS:**
Mikal C. Watts
SBOT No. 20981820

Ray R. Marchan
SBOT No. 12969050

WATTS LAW FIRM, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas  78520
Telephone:  (956) 544-0500
Telecopier:  (956) 541-0255

**CO-COUNSEL FOR PLAINTIFFS:**
Ernesto Gamez, Jr.
SBOT No. 07606600
LAW OFFICES OF ERNESTO GAMEZ, JR.
Justice For All Building
777 East Harrison Street
Brownsville, Texas  78520
Telephone:  (956) 541-3820
Telecopier:  (956) 541-6794

**CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:**
Stan Perry
SBOT No. 15799920
Federal I. D. No. 1267
HAYNES AND BOONE, LLP
1000 Louisiana, Suite 4300
Houston, Texas  77002-5012
Telephone:  (713) 547-2039
Telecopier:  (713) 236-5455

**CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:**
Michael Rodriguez
SBOT No.00791553
Federal I.D. No. 18759
MICHAEL RODRIGUEZ, P.L.L.C.
1000 East Madison
Brownsville, Texas  78520
Telephone:  (956) 574-9333
Telecopier:  (956) 574-9337


EXHIBIT NO. E

## EXHIBIT E - Page 2 of 2

### List Of All Known Counsel For Every Party,
### Including Their Addresses, Telephone Numbers And Who They Represent

**COUNSEL FOR NEVGULMARCO COMPANY, INC. and CARMELITA, INC.:**
Tom Fleming
SBOT No. 07133000
Federal I.D. No. 1188

Jeffrey G. Mathews
SBOT No. 24013115
Federal I. D. No. 24499

FLEMING & HERNANDEZ, P.C.
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

**COUNSEL FOR ZIMCO MARINE, INC.:**
Jaime Saenz
SBOT No. 17514859
Federal I.D. No. 7630

RosaMaria Villagomez-Vela

RODRIGUEZ, COLVIN & CHANEY
1201 East Van Buren Street
P. O. Box 2155
Brownsville, Texas  78522
Telephone:  (956) 542-7441
Telecopier:  (956) 541-2170