

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

OCT 3 1 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| AVIGAIL MARTINEZ DE ROMERO §<br>Individually, and As Guardian of §<br>ANGEL ROMERO, JR., Mentally and §<br>Physically Incompetent; ANGEL §<br>ROMERO GONZALEZ and GLORIA §<br>BADILLO RODRIGUEZ DE ROMERO, §<br>The Natural Parents of ANGEL §<br>ROMERO, JR.; and LUCILLA §<br>DELGADO ROMERO, As Next Friend §<br>of ANGEL ROMERO DELGADO and §<br>CAROLINA ROMERO DELGADO, §<br>Minor Children of ANGEL ROMERO, §<br>JR. §<br>§<br>VS. §<br>§<br>UNIVAR USA, INC.; NEVGULMARCO §<br>COMPANY, INC.; ZIMCO, INC.; and §<br>CARMELITA, INC., As the Owner/ §<br>Operator of The M/V "Carmelita" § | CIVIL ACTION NO. B-03-153<br><br>JURY DEMANDED |

**ORIGINAL ANSWER AND JURY DEMAND**
**OF**
**NEVGULMARCO COMPANY, INC. AND CARMELITA, INC.**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, **Nevgulmarco Company, Inc. and Carmelita, Inc.,** Defendants in the

above entitled and numbered cause, and file this their Original Answer and

Jury Demand in response to Plaintiffs' Original Petition, and would show the Court as

follows:

## ANSWER

1.     The statements contained in Subparagraph 1.1 of Paragraph I of Plaintiffs' Original Petition do not require either an admission or denial.  However, to the extent that the statements make averments of fact or law, Defendants deny same.

2.     Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 2.1 of Paragraph II of Plaintiffs' Original Petition and, therefore, deny same.

3.     Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 2.2 of Paragraph II of Plaintiffs' Original Petition and, therefore, deny same.

4.     Defendants admit the allegations contained in Subparagraph 2.3 of Paragraph II of Plaintiffs' Original Petition.

5.     Defendants admit the allegations contained in Subparagraph 2.4 of Paragraph II of Plaintiffs' Original Petition.

6.     Defendants admit the allegations contained in Subparagraph 2.5 of Paragraph II of Plaintiffs' Original Petition.

7.     Defendants admit that jurisdiction is proper in this Court.  Defendants state that they are without knowledge or sufficient information to form a belief as to

the truth of the remaining allegations contained in Subparagraph 3.1 of Paragraph III of Plaintiffs' Original Petition and, therefore, deny same.

8.    Defendants admit the allegations contained in Subparagraph 3.2 of Paragraph III of Plaintiffs' Original Petition.

9.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 4.1 of Paragraph IV of Plaintiffs' Original Petition and, therefore, deny same.

10.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 4.2 of Paragraph IV of Plaintiffs' Original Petition and, therefore, deny same.

11.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 5.1 of Paragraph V of Plaintiffs' Original Petition and, therefore, deny same.

12.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 5.2 of Paragraph V of Plaintiffs' Original Petition and, therefore, deny same.

13.    Defendants admit that on July 21, 2003 the M/V "Carmelita" was engaged in shrimping operations and related activities in the Gulf of Mexico and that Angel Romero, Jr. was an employee at that time.  Defendants deny all remaining allegations contained in Subparagraph 6.1 of Paragraph VI of Plaintiffs' Original Petition.

14.    Defendants deny the allegations contained in Subparagraph 6.2 of Paragraph VI of Plaintiffs' Original Petition.

15.    Defendants deny the allegations contained in Subparagraph 6.3 of Paragraph VI of Plaintiffs' Original Petition.

16.    The statements contained in Subparagraph 7.1 of Paragraph VII of Plaintiffs' Original Petition do not require either an admission or denial.  However, to the extent that the statements make averments of fact or law, Defendants deny same.

17.    Defendants admit that on July 21, 2003 the M/V "Carmelita" was engaged in shrimping operations and related activities in the Gulf of Mexico and that Angel Romero, Jr. was an employee at that time.  Defendants deny all remaining allegations contained in Subparagraph 7.2 of Paragraph VII of Plaintiffs' Original Petition.

18.    Defendants deny the allegations contained in Subparagraph 7.3 of Paragraph VII of Plaintiffs' Original Petition.

19.    Defendants deny the allegations contained in Subparagraph 7.4 of Paragraph VII of Plaintiffs' Original Petition.

20.    Defendants deny the allegations contained in Subparagraph 7.5 of Paragraph VII of Plaintiffs' Original Petition.

21.    Defendants deny the allegations contained in Subparagraph 7.6 of Paragraph VII of Plaintiffs' Original Petition.

22.    Defendants deny the allegations contained in Subparagraph 8.1 of Paragraph VIII of Plaintiffs' Original Petition.

23.    Defendants deny the allegations contained in Subparagraph 8.2 of Paragraph VIII of Plaintiffs' Original Petition.

24.    Defendants admit that on July 21, 2003 the M/V "Carmelita" was engaged in shrimping operations and related activities in the Gulf of Mexico and that Angel Romero, Jr. was an employee at that time.  Defendants deny all remaining allegations contained in Subparagraph 9.1 of Paragraph IX of Plaintiffs' Original Petition.

25.    Defendants admit the allegations contained in Subparagraph 9.2 of Paragraph IX of Plaintiffs' Original Petition.

26.    Defendants admit that the hold remained covered while the M/V "Carmelita" was engaged in shrimping operations.  Defendants deny all remaining allegations contained in Subparagraph 9.4 of Paragraph IX of Plaintiffs' Original Petition.

27.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in

Subparagraph 9.5 of Paragraph IX of Plaintiffs' Original Petition and, therefore, deny same.

28.    Defendants deny the allegations contained in Subparagraph 9.6 of Paragraph IX of Plaintiffs' Original Petition.

29.    Defendants deny the allegations contained in Subparagraph 9.7 of Paragraph IX of Plaintiffs' Original Petition.

30.    Defendants deny the allegations contained in Subparagraph 9.8 of Paragraph IX of Plaintiffs' Original Petition.

31.    Defendants admit that sodium metabisulfite has been used for many years in the shrimping industry as a preservative for freshly caught shrimp. Defendants deny all remaining allegations contained in Subparagraph 9.9 of Paragraph IX of Plaintiffs' Original Petition.

32.    Defendants deny the allegations contained in Subparagraph 9.10 of Paragraph IX of Plaintiffs' Original Petition.

33.    Defendants deny the allegations contained in Subparagraph 9.11 of Paragraph IX of Plaintiffs' Original Petition.

34.    Defendants deny the allegations contained in Subparagraph 9.12 of Paragraph IX of Plaintiffs' Original Petition.

35.    Defendants deny the allegations contained in Subparagraph 9.13 of Paragraph IX of Plaintiffs' Original Petition.

36.     Defendants deny the allegations contained in Subparagraph 9.14 of Paragraph IX of Plaintiffs' Original Petition.

37.     Defendants deny the allegations contained in Subparagraph 9.15 of Paragraph IX of Plaintiffs' Original Petition.

38.     Defendants deny the allegations contained in Subparagraph 9.16 of Paragraph IX of Plaintiffs' Original Petition.

39.     Defendants deny the allegations contained in Subparagraph 9.17 of Paragraph IX of Plaintiffs' Original Petition.

40.     Defendants deny the allegations contained in Subparagraph 9.18 of Paragraph IX of Plaintiffs' Original Petition.

41.     Defendants deny the allegations contained in Subparagraph 9.19 of Paragraph IX of Plaintiffs' Original Petition.

42.     Defendants deny the allegations contained in Subparagraph 10.1 of Paragraph X of Plaintiffs' Original Petition.

43.     Defendants deny the allegations contained in Subparagraph 10.2 of Paragraph X of Plaintiffs' Original Petition.

44.     Defendants deny the allegations contained in Subparagraph 10.3 of Paragraph X of Plaintiffs' Original Petition.

45.     Defendants deny the allegations contained in Subparagraph 10.4 of Paragraph X of Plaintiffs' Original Petition.

**46.**    Defendants deny the allegations contained in Subparagraph 11.1 of Paragraph XI of Plaintiffs' Original Petition.

**47.**    Defendants deny the allegations contained in Subparagraph 11.2 of Paragraph XI of Plaintiffs' Original Petition.

**48.**    Defendants deny the allegations contained in Subparagraph 12.1 of Paragraph XII of Plaintiffs' Original Petition.

**49.**    Defendants deny the allegations contained in Subparagraph 12.2 of Paragraph XII of Plaintiffs' Original Petition.

**50.**    Defendants deny the allegations contained in Subparagraph 12.3 of Paragraph XII of Plaintiffs' Original Petition.

**51.**    Defendants deny the allegations contained in Subparagraph 13.1 of Paragraph XIII of Plaintiffs' Original Petition.

**52.**    Defendants deny the allegations contained in Subparagraph 13.2 of Paragraph XIII of Plaintiffs' Original Petition.

**53.**    Defendants deny the allegations contained in Subparagraph 13.1 (should be numbered 13.3) of Paragraph XIII of Plaintiffs' Original Petition.

**54.**    Defendants deny the allegations contained in Subparagraph 13.4 of Paragraph XIII of Plaintiffs' Original Petition.

**55.**    Defendants deny the allegations contained in Subparagraph 13.5 of Paragraph XIII of Plaintiffs' Original Petition.

56. Defendants deny the allegations contained in Subparagraph 13.6 of Paragraph XIII of Plaintiffs' Original Petition.

57. Defendants deny the allegations contained in Subparagraph 14.1 of Paragraph XIV of Plaintiffs' Original Petition.

58. Defendants deny the allegations contained in Subparagraph 14.2 of Paragraph XIV of Plaintiffs' Original Petition.

59. Defendants deny the allegations contained in Subparagraph 14.3 of Paragraph XIV of Plaintiffs' Original Petition.

60. Defendants deny the allegations contained in Subparagraph 14.4 of Paragraph XIV of Plaintiffs' Original Petition.

61. Defendants deny the allegations contained in Subparagraph 14.5 of Paragraph XIV of Plaintiffs' Original Petition.

62. Defendants deny the allegations contained in Subparagraph 14.6 of Paragraph XIV of Plaintiffs' Original Petition.

63. Defendants deny the allegations contained in Subparagraph 15.1 of Paragraph XV of Plaintiffs' Original Petition.

64. Defendants deny the allegations contained in Subparagraph 15.2 of Paragraph XV of Plaintiffs' Original Petition.

65. Defendants deny the allegations contained in Subparagraph 15.3 of Paragraph XV of Plaintiffs' Original Petition.

66.    The statements contained in Subparagraph 15.4 of Paragraph XV of Plaintiffs' Original Petition do not require either an admission or denial.  However, to the extent that the statements make averments of fact or law, Defendants deny same.

67.    Defendants deny the allegations contained in Subparagraph 15.5 of Paragraph XV of Plaintiffs' Original Petition.

68.    Defendants deny the allegations contained in Subparagraph 15.6 of Paragraph XV of Plaintiffs' Original Petition.

69.    Defendants deny the allegations contained in Subparagraph 15.7 of Paragraph XV of Plaintiffs' Original Petition.

70.    Defendants deny the allegations contained in Subparagraph 15.8 of Paragraph XV of Plaintiffs' Original Petition.

71.    Defendants deny the allegations contained in Subparagraph 15.9 of Paragraph XV of Plaintiffs' Original Petition.

72.    Defendants deny the allegations contained in Subparagraph 15.10 of Paragraph XV of Plaintiffs' Original Petition.

73.    Defendants deny the allegations contained in Subparagraph 15.11 of Paragraph XV of Plaintiffs' Original Petition.

74.    Defendants deny the allegations contained in Subparagraph 15.12 of Paragraph XV of Plaintiffs' Original Petition.

75.    Defendants deny the allegations contained in Subparagraph 16.1 of Paragraph XVI of Plaintiffs' Original Petition.

76.    Defendants deny the allegations contained in Subparagraph 17.1 of Paragraph XVII of Plaintiffs' Original Petition.

77.    The statements contained in Subparagraph 18.1 of Paragraph XVIII of Plaintiffs' Original Petition do not require either an admission or denial.  However, to the extent that the statements make averments of fact or law, Defendants deny same.

78.    The statements contained in Subparagraph 19.1 of Paragraph XIX of Plaintiffs' Original Petition do not require either an admission or denial.  However, to the extent that the statements make averments of fact or law, Defendants deny same.

79.    Defendants deny that Plaintiffs are entitled to a judgment, damages, costs, attorney's fees or any other relief prayed for in the prayer of Plaintiffs' Original Petition.

80.    Defendants deny each and every allegation contained in Plaintiffs' Original Petition not specifically admitted herein.

81.    For further answer, if such be necessary, and pleading in the alternative, Defendants allege that the accident made the basis of this suit was an unavoidable accident.

## AFFIRMATIVE DEFENSES

82.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred, in whole or in part, due to Plaintiff Angel Romero, Jr.'s contributory negligence, gross negligence and recklessness in that he failed to exercise ordinary care, caution and prudence to avoid

the incident which is the basis of this cause of action. Plaintiff Angel Romero, Jr.'s acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiff's petition.

83.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, the assumption of risk, on the part of persons whose assumption of the risk may be imputed to one or more Plaintiffs, including but not limited to the assumption of risk on the part of a parent, child or spouse of such Plaintiffs, caused or contributed to such Plaintiffs' alleged damages and, therefore, any recovery by such Plaintiffs is barred.

84.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that if Plaintiffs were damaged as alleged, which is not admitted but is expressly denied, such damages were caused or contributed to, in whole or in part, by a party through which Defendants are not responsible.

85.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the damages in this case, if any, were proximately caused by the negligence, gross negligence and recklessness of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

86.    For further answer, if such be necessary, and pleading in the alternative, Defendants assert the provisions of 46 App. U.S.C.A. § 183(a) in that the liability (if any) of the owner of the M/V "Carmelita" is limited to the value of the interest of such owner in that vessel because the loss (if any) occasioned was without the privity or knowledge of such owner.

87.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the act or omission of a person other than these Defendants was the sole proximate cause of the Plaintiffs' alleged injuries.

88.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

89.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, the assumption of risk on the part of Plaintiffs caused or contributed to Plaintiffs' alleged damages and, therefore, any recovery by Plaintiffs is barred.

90.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, the failure of Plaintiffs to mitigate their damages caused or contributed to Plaintiffs' alleged damages and, therefore, any

recovery by such Plaintiffs is barred or shall be reduced by an amount equal to the damages Plaintiffs failed to mitigate.

91.    For further answer, if such be necessary, and pleading in the alternative, Defendants would show that if Plaintiffs were injured as alleged, which Defendants specifically deny, said injuries were occasioned without the privity or knowledge of the Defendants; however, while the amount of damages may exceed the amount or value of Defendants' interest in the M/V "Carmelita" and her freight then pending, the Defendants invoke the benefits of the provisions of the revised statutes of the United States and the act amendatory thereof in Limitation of Shipowner's Liability Act, 46 U.S.C. § 183 under which provisions, should the Defendants be held liable for or by any reason, Plaintiffs are not entitled to recover damages in a sum greater than the value of the Defendants' interest in the M/V "Carmelita" and her freight then pending at the time of the alleged injuries.

92.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, the negligence, fault or carelessness of others not named as parties caused or contributed to Plaintiffs' alleged damages and, therefore, any recovery by Plaintiffs against Defendants is barred or the trier of fact shall determine the percentages of responsibility attributable to all parties and/or others not named as parties.

93.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, Defendants are not liable for the damages to Plaintiffs as the temporary unseaworthy condition was created solely by the negligence or breach of an employment duty by Plaintiff Angel Romero, Jr.

94.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, Defendants are not liable as such damage was caused by Angel Romero, Jr.'s own breach of his duty to maintain a safe ship and Plaintiffs are barred from recovery under the "primary duty doctrine".

95.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which these Defendants specially deny, any assessment of punitive or exemplary damages is not permitted by applicable law and/or violates these Defendants' constitutional rights under Article I, Section 9, and the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution for the reason that the assessment of punitive or exemplary damages deny these Defendants their right to substantive and procedural due process; the assessment of punitive or exemplary damages is penal in nature and tantamount to the imposition of an excessive and criminal fine without according these Defendants' the same rights required for the imposition of a criminal fine; the guidelines, standards and/or instructions for the

imposition of punitive or exemplary damages are vague, indefinite, uncertain and set no limit on the damages which can be awarded; the assessment of punitive or exemplary damages exposes these Defendants to multiple punishments and fines for the same act; the assessment of punitive or exemplary damages discriminates on the basis of wealth in that different amounts can be awarded against different defendants for the same act depending solely upon the material wealth of the various defendants; and the assessment of punitive or exemplary damages constitutes an impermissible burden on interstate commerce.

96.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively state that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States.   Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendants and are likely to produce arbitrary and capricious results.   Therefore, any award of punitive damages should be disallowed, or declared null and void.

97.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

(a)    Proscription On Excessive Fines.   U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

**(b)**    <u>Requirements Of Due Process</u>.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Section 13 and 19.

**(c)**    <u>Requirement of Equal Protection Under The Law</u>.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

**(d)**    <u>Proscription On Ex Post Facto And Retroactive Law</u>.  U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

**(e)**    <u>Such Punitive Damages Are Penal In Nature</u>.  Under Texas law, they are not tied to any fair, just and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

**98.**    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and the due process and excessive fines clauses of the United States and Texas Constitutions.

**99.**    Defendants reserve the right to raise such additional defenses as may become available through investigation and discovery.

## JURY DEMAND

**100.**    Defendants hereby request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs take nothing by this suit and that Defendants be awarded their costs and have such other and further relief, general and specific, at law or in equity, to which they may show themselves justly entitled to receive.

DATED:  October _____31_____, 2003.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas  78521-1602
Telephone:  (956) 982-4404
Telecopier:  (956) 982-0943

by: _____
**Tom Fleming**
State Bar of Texas No. 07133000
Federal I.D. No. 1188

**Jeffrey G. Mathews**
State Bar of Texas No. 24013115
Federal I.D. No. 24499

**ATTORNEYS FOR DEFENDANTS,
NEVGULMARCO COMPANY, INC.
and CARMELITA, INC.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing ORIGINAL ANSWER AND JURY DEMAND OF NEVGULMARCO COMPANY, INC. AND CARMELITA, INC. were served on October _3/_ , 2003 in the manner(s) indicated below upon the following Counsel:

CO-COUNSEL FOR PLAINTIFFS:
Mikal C. Watts; Ray R. Marchan
WATTS LAW FIRM, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0004 6927 8051)*

CO-COUNSEL FOR PLAINTIFFS:
Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR.
Justice For All Building
777 East Harrison Street
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0004 6927 8037)*

CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:
Stan Perry
HAYNES AND BOONE, LLP
1000 Louisiana, Suite 4300
Houston, Texas 77002-5012
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0004 6927 8044)*

CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:
Michael Rodriguez
MICHAEL RODRIGUEZ, P.L.L.C.
1000 East Madison
Brownsville, Texas 78520
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0004 6927 8020)*

COUNSEL FOR DEFENDANT, ZIMCO MARINE, INC.:
Jaime A. Saenz; RosaMaria Villagomez-Vela
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
*(CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0004 6927 8013)*

Tom Fleming