IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 0 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| AVIGAIL MARTINEZ DE ROMERO, Individually, and As Guardian of ANGEL ROMERO, JR., Mentally and Physically Incompetent; ANGEL ROMERO GONZALEZ and GLORIA BADILLO RODRIGUEZ DE ROMERO, The Natural Parents of ANGEL ROMERO, JR.; and LUCILLA DELGADO ROMERO, As Next Friend of ANGEL ROMERO DELGADO and CAROLINA ROMERO DELGADO, Minor Children of ANGEL ROMERO, JR. | |
| VS. | CIVIL ACTION NO. B-03-153 |
| UNIVAR USA, INC.; NEVGULMARCO COMPANY, INC.; ZIMCO, INC.; and CARMELITA, INC., As the Owner/ Operator of The M/V "Carmelita" | JURY DEMANDED |

---

**DEFENDANT'S SUPPLEMENTAL RESPONSE
TO PLAINTIFFS' MOTION TO REMAND**

---

Defendants Zimco Marine, Inc. files this Supplemental Response to Plaintiffs' Motion to Remand and would show the Court the following:

**I.**

**INTRODUCTION.**

**A. Parties and claims.**

Plaintiffs (various potential beneficiaries under the "ERISA Plan") have filed suit against Defendants Nevgulmarco Company, Inc., Zimco Marine, Inc. and Carmelita, Inc. The Plaintiffs, reflecting the nature of the pleadings and the federal questions of law presented to this Court, are hereinafter referred to as the

"Beneficiaries." The Beneficiaries assert claims for negligence and gross negligence under the Jones Act and "for the enforcement of laws enacted for [the employee's] health and safety." Plaintiffs' Original Petition, Ct. IV, ¶ 4.1, p. 3 (final line).[1] The Beneficiaries also assert Texas common-law claims sounding in strict liability and claims for marketing defects and breach of warranties. Importantly for the Court's preemption analysis, the Beneficiaries slyly set forth facts insinuating disguised fraud and RICO allegations (*see* Plaintiffs' Original Petition, Count VIII, ¶¶ 9.17, 9.18, 9.19), although they are not identified as such.[2] The Beneficiaries also allege civil conspiracy, *see* Plaintiffs' Original Petition, pp. 18 - 20, ¶¶ 14.1 - 14.6, seeking to pierce the corporate veil of the defendant corporations by pleading Texas' alter ego doctrine.[3] *See id.*, pp. XX The Beneficiaries seek to recover damages for, *inter alia*, lost wages, lost earning capacity, medical expenses, and punitive damages.

### B.   Defendants' ERISA Plan.

Defendant Nevgulmarco Company, Inc (hereinafter "Nevgulmarco") created an Occupational Injury Benefit Plan (hereinafter "ERISA Plan") governed

---

[1] Such a count on its face invokes the protection and interpretation of the defendants' Occupational Injury Benefit Plan (hereinafter "ERISA Plan") governed by the Employment Retirement Income Security Act of 1974 (hereinafter "ERISA"). *See* 29 U.S.C. §§ 1001-1461.

[2] A successful civil RICO action requires proof of four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S. P. R. L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). "Material omissions can be the basis for a claim of fraud if they are intended to create a fraudulent representation." *Beck v. Prupis*, 162 F.3d 1090, 1096 (11th Cir. 1998).

[3] It is these various theories of liability that, *inter alia*, challenge the actions of the administrator of the ERISA plan herein, Mr. Harley Londrie, and seek to hold him individually responsible that distinguish this case from a split Fifth Circuit decision in which only the single, bare claim of workplace safety (negligence) was at issue, namely, *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994), a case purportedly approving plaintiffs' position. Closer to the facts in this case is *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1219 (5th Cir. 1992) ("Superimposing state law fraud standards on the elaborate ERISA provisions . . . would undercut the goal of uniform national regulation in the manner that [ERISA] seeks to prevent.").

by the Employment Retirement Income Security Act of 1974 (hereinafter "ERISA"). *See* 29 U.S.C. §§ 1001-1461. The Defendants' ERISA Plan provides benefits to employees who are injured in a work-related accident while performing their job and furthering the company's interest. *See* Exhibit A to Plaintiffs' Brief In Support of Jurisdiction, (previously filed).

### C.　Grounds for ERISA § 514 Preemption.

#### 1.

Beneficiaries' claims for on-the-job accident related medical expenses and wage replacement are governed in this cause by Nevgulmarco's ERISA plan. That ERISA plan provides for wage replacement and compensation for occupational injuries. *See* page 2 of Exhibit A, attached to Plaintiff's Brief In Support of Jurisdiction, previously filed. Because the Beneficiaries "seek benefits under" Nevgulmarco's ERISA Plan, their claims clearly "relate to" Nevgulmarco's ERISA Plan, as that phrase, "relate to," is used in preemption cases, Defendants maintain that an independent basis for removal jurisdiction exists by virtue of Beneficiaries' claims for medical expenses, lost wages and earning capacity.[4] In sum, the Beneficiaries' claims for these benefits are preempted by ERISA and provide this Court with an independent basis for federal jurisdiction. *See* 28 U.S.C. § 1331.

#### 2.

Although the Federal Arbitration Act, 9 U.S.C. § 1 et seq., does not itself provide an independent basis for a federal court's subject-matter jurisdiction,

---

[4] Even if a state law was not intended to impact an ERISA plan and impacts it only indirectly, a state law can still be considered to "relate to" an ERISA plan. *Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1996). Therefore, even if a state law or state claims do not directly address ERISA plans, such will be preempted where they apply to an ERISA plan in a case at issue. *Id.*

pursuant to 9 U.S.C. § 4, a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. 9 U.S.C. § 4 (2002). Because the Defendants' ERISA Plan requires the arbitration, and because the employee and his beneficiaries are bound by such arbitration agreement, all issues raised by the Beneficiaries' pleadings with respect to the Plan fall under ERISA pursuant to the ERISA's Plan's arbitration agreement. This provides another independent ground for ERISA preemption in this matter.[5]

## II.

### NEVGULAMARCO'S OCCUPATIONAL INJURY BENEFIT PLAN CONSTITUTES AN ERISA-COVERED PLAN.

Nevgulmarco's Occupational Injury Benefit Plan ("ERISA Plan") issued to Angel Romero, Jr., the employee, constitutes an employee welfare benefit plan to which ERISA applies. *See* 29 U.S.C. §§ 1001-11461. An "employee welfare benefit plan" is defined in ERISA as "any plan, fund, or program . . . established or maintained by an employer . . . to the extent that [it] was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital

---

[5] "The operation of the Declaratory Judgment Act is procedural only." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). If there is an underlying ground for federal court jurisdiction, the Declaratory Judgment Act "allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." *Gulf States Paper Corp. v. Ingram*, 811 F.2d 1464, 1467 (11th Cir. 1987).

care or benefits . . ." 29 U.S.C. § 1002(1). To determine whether a particular plan or program qualifies as an "employee welfare benefit plan" under ERISA, the Court must "determine whether a plan: (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA "employee benefit plan" established or maintained by an employer . . . intending to benefit employees." *See Jones v. Tex. Health Choice, L.C.*, No. 4:02-CV-388, 2003 WL 302217, at *3 (E.D. Tex. Feb. 7, 2003) (citing *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993)).

### A.  Defendants' ERISA Plan Exists And Is In Place.

"[A]ny court confronted with the question whether a particular arrangement constitutes an employee welfare benefit plan under ERISA must first satisfy itself that there is in fact a plan at all." *Meredith*, 980 F.2d at 355 (internal citations and quotations omitted). In making this determination, "a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Id.* (citing *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (*en banc*)).

One can reasonably ascertain from Nevgulmarco's existing ERISA Plan the intended benefits of the plan, the beneficiaries of the plan, and the procedure for receiving benefits under the plan even from a cursory review of the ERISA Plan. *See* Exhibit A, attached to Plaintiff's Brief In Support of Jurisdiction, previously filed herein. Moreover, the source of financing for payment of the employees' plan premiums can be ascertained from a reading of the Plan. *See* "Plan Funding" at p. 3 of Exhibit A, attached to Plaintiff's Brief In Support of Jurisdiction, previously filed. Accordingly, and consistent with the

aforementioned case law, Nevgulmarco's Occupational Injury Benefit Plan constitutes an ERISA Plan under ERISA. *See Meredith*, 980 F.2d at 355.

### B. Defendants' ERISA Plan Doesn't Fall in The Safe Harbor Provision.[6]

Having determined that an ERISA Plan exists, this Court then applies the safe-harbor provisions established by the Department of Labor regulations. *See Jones*, 2003 WL 302217, at *4 (citing *McDonald v. Provident Indem. Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995)). The Department of Labor regulations --- the so-called "safe harbor provisions" --- provide that the term "employee welfare benefit plan:"

> shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
>
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation in the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

---

[6] In other words, Nevgulmarco's ERISA Plan fails to meet several criterion of the safe harbor provisions and, for that reason, is not excluded from ERISA's coverage. *See* 29 C.F.R. 2510.3-1(j).

*Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 976-77 (5th Cir. 1991) (citing 29 C.F.R. 2510.3-1(j)). "Group insurance plans which meet each of these criteria are excluded from ERISA's coverage." *Id.* at 977 (citations omitted).

On the facts before this Court participation in the ERISA Plan is mandatory. *See* Exhibit A, attached to Plaintiff's Brief In Support of Jurisdiction, previously filed herein. Further, it cannot be said that the sole functions of the employer or employee organization with respect to the program are to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer. *Id.* Consequently, Nevgulmarco's Plan fails to meet several criterion of the safe harbor provisions and, thus, is not excluded from ERISA's coverage. *See* 29 C.F.R. 2510.3-1(j).

### C. The Plan Was Established And Is Maintained By An Employer For The Purpose Of Providing Benefits To Employees.

The ERISA Plan at issue in this case satisfied the primary elements of an ERISA employee benefit plan. *See* 29 U.S.C. §§ 1001-11461; 29 C.F.R. 2510.3-1(j). As demonstrated above, the ERISA Plan is maintained by Nevgulmarco and is intended to benefit the employee. Where, as here, an employer chooses to purchase health benefits for the benefit of its employees, an employee benefit plan is established. *See Jones*, 2003 WL 302217, at *4; *see also Mem'l Hosp.*, 904 F.2d at 240-41 (Fifth Circuit found that the employer had established and maintained the plan by purchasing the insurance and paying the premiums). Under the criterion adopted by the Fifth Circuit, the two primary elements of an employee benefit plan are as follows: (1) whether an employer established or maintained the plan; and (2) whether the employer intended to provide benefits

to its employees. *See Hansen*, 940 F.2d at 977-78; *Mem'l Hosp.*, 904 F.2d at 240-41.

As applied here, *Hansen* and *Mem'l Hosp.* require and the facts show that Nevgulmarco has purchased and maintained an occupational injury benefit plan and enrolled the employee, intending to provide benefits to him. In fact, the employee's current medical expenses arising out of the accident made the basis of this suit have been submitted to the Plan for coverage. Thus, and consistent with controlling case law, the insurance plan at issue constitutes an ERISA Plan. *See* 29 U.S.C. §§ 1001-11461; 29 C.F.R. 2510.3-1(j); *Hansen, supra; Mem'l Hosp., supra.*

## III.

## BENEFICIARIES' CLAIMS RELATE TO THE PLAN AND ARE PREEMPTED BY ERISA.

The Beneficiaries must not be permitted to elude the preemptive reach of ERISA by their blatant attempt to plead around the significant federal question raised in this action. *See* Plaintiffs' Original Petition. The United States Supreme Court has established that a law "relates to" an employee benefit plan "**if it has a connection with or reference to such a plan.**" *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983) (emphasis added).[7] "ERISA preempts a state law claim if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim

---

[7] The Supreme Court has consistently emphasized the expansiveness of the "relate to" standard and its purpose of establishing the regulation of plans governed by ERISA as an exclusively federal concern. *E.g., Ingersoll-Rand Co. v. McClendon*, ___U.S. ___, 111 S. Ct. 478, 482, 112 L. Ed. 2d 474 (1990); *FMC Corp. v. Holliday*, ___ U.S. ___, 111 S. Ct. 403, 407, 112 L. Ed. 2d 356 (1990); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987). Note that *FMC Corp v. Holliday* is the case relied upon by the dissenting judge in *Hook v. Morrison Millin Co.*, 38 F.3d 776, 786-788 (5th Cir. 1994) (2-1) (J. Jones, dissenting).

directly affects the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *See Jones*, 2003 WL 302217, at *5 (*citing Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995) (internal quotations omitted)).

Applying the Fifth Circuit's two-pronged test to the facts at hand show that the two-pronged test for complete preemption is met. The Beneficiaries seek wage replacement and for on-the-job accident related medical expenses, which are claim <u>independent</u> and <u>separate</u> from their causes of action for negligence under the Jones Act, unseaworthiness, civil conspiracy, disguised fraud and RICO claims. It is <u>this</u> claim for medical expenses and wage loss, i.e. the right to receive the benefits under the terms of Nevgulmarco's ERISA plan, that forms the basis for ERISA preemption. *See Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989) (holding that the fact that a claim sought damages measured by pension benefits sufficed as the requisite "connection" to an employee benefit plan for preemption purposes); *Shaw*, 463 U.S. at 96-7; *See Jones*, 2003 WL 302217, *supra*. Accordingly, the Beneficiaries' contentions and the case law they cite in support of the proposition that the Jones Act and unseaworthiness claims are not superseded by ERISA are irrelevant as this is not the basis upon which ERISA applies to preempt the Beneficiaries' claims.[8] *See* Plaintiffs' Motion to Remand and Brief in Support (previously filed). Further, the claim directly affects the relationship between the traditional ERISA entities, namely, the employer, the

---

[8] For example, the Beneficiaries wave the red flag of the "savings to suitors" clause; however, although it is true that general maritime claims saved to suitors are, of themselves, not removable, *see, e.g., Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 377-79, 3 L. Ed. 2d 368, 79 S. Ct. 468 (1959)* (discussing non-removability of "savings to suitors" claims on the grounds that, because maritime claims do not arise under the laws or Constitution of the United States, they do not present federal questions), the "savings to suitors" clause "does not guarantee [plaintiffs] a nonfederal *forum*, or limit the right of defendants to remove such actions to federal court

plan and its fiduciaries, and the participants and beneficiaries. Because the two prong test is met, the Beneficiaries' claims for benefits under the plan are preempted by ERISA and form an independent basis for federal jurisdiction. *Id.*

A. **Beneficiaries' Claim For Medical Expenses and Wage Replacement Is A Claim To Receive Benefits Under the Terms of The ERISA Plan.**

The Beneficiaries's claim for medical expenses for the employee in this case is, in essence, a claim for cure, which is an independent cause of action, and a claim seeking the payment of benefits under Nevgulmarco's ERISA plan.

A seaman who is injured while in the service of a vessel is entitled to recover "maintenance and cure" benefits from the vessel owner, <u>regardless</u> of the vessel owner's fault or the seaworthiness of the vessel. *See Guevara v. Maritime Overseas Copr.,* 59 F.3d 1946, 1499 (5th Cir. 1995) (emphasis added). "Maintenance" is the right of a seaman to food and lodging if he falls ill or is injured while in the service of the ship. *Calmar S.S. Corp. v. Taylor,* 303 U.S. 525, 527 (1938). "Cure" is medical cure. *Caufield v. A C & D Marine, Inc.,* 633 F.2d 1129, 1131-32 (5th Cir. 1982) (quoting *Oswalt v. Williamson Towing Co., Inc.*, 488 F.2d 51, 54 (5th Cir. 1974). "The 'maintenance' exacted is comparable to that to which the seaman is entitled while at sea, and 'cure' is care including nursing and medical attention during such period as the duty continues." *Calmar S.S. Corp. v. Taylor,* 303 U.S. at 528. Unlike Jones Act liability, a seaman's entitlement to maintenance and cure is not predicated on fault or negligence of the employer. *Aguilar v. Standard Oil Co. of New Jersey,* 318 U.S. 724, 730 (1943).

---

where there exists some basis for federal jurisdiction other than admiralty." *Tenn. Gas Pipeline v. Houston Cas. Ins.*, 87 F.3d 150, 153 (5th Cir. 1996) (internal citations omitted, emphasis in original).

The foregoing doctrines as applied to the facts of this case show that the Beneficiaries' claims for injury related expenses are necessarily a claim for cure -- a benefit that the employee is entitled to recover regardless of vessel owner's fault (negligence) or the seaworthiness of the vessel. *See Aguilar, supra*. Nevgulmarco's ERISA plan provides for the benefit and the payment of medical expenses incurred for occupational injuries. *See* Exhibit A, attached to Plaintiff's Brief In Support of Jurisdiction, previously filed herein. In fact, Romero's medical expenses have been submitted under the Plan for payment and coverage. Because the benefits sought by the Beneficiaries are benefits that fall under and relate to Nevgulmarco's Plan, Beneficiaries' claims for these benefits are preempted by ERISA and provide this Court with an independent basis for federal jurisdiction. *Shaw*, 463 U.S. at 96-7; *See Jones*, 2003 WL 302217, *supra;* 28 U.S.C. § 1331.

Moreover, the Beneficiaries' claim for lost wages is a claim that falls under the purview of the benefit plan maintained by Nevgulmarco. The ERISA Plan explicitly provides for wage replacement . *See* p. 2 of Exhibit A, attached to Plaintiff's Brief In Support of Jurisdiction, previously filed. It then follows that Plaintiffs' claim for lost wages is claim that seeks benefits from and relates to Nevgulmarco's Plan and therefore is a claim preempted by ERISA. *See Shaw*, 463 U.S. at 96-7; *See Jones*, 2003 WL 302217, *supra*.

    **B.    The Beneficiaries' Claims For Benefits Directly Affects the Relationship Between The Traditional ERISA Entities.**

### 1. Entities Involved

The Beneficiaries' claims for benefits under the plan directly affects the relationship between the traditional ERISA entities. In this case, the

Beneficiaries' claims for benefits under the Plan affects the traditional ERISA entities because it involves the employer, the plan and its fiduciaries, and the participants and beneficiaries. The Beneficiaries' claims are made against the plan administrator by the employee, a beneficiary, through his representatives and are not claims solely involving the employee-employer relationship as in the case relied upon by the Beneficiaries, *Hook v. Morrison*, 38 F.3d 776 (5th Cir. 1994).

### 2. The facts of *Hook* are inapposite; and is therefore distinguishable.

*Hook v. Morrison*, 38 F.3d 776 (5th Cir. 1994) arose on a single claim --- a sole claim --- that of an unsafe workplace. *See Hook*, 38 F.3d at 781-2. Unlike the simple claim in *Hook*, the Beneficiaries herein seek to hold Mr. Harley Londrie, the ERISA Plan administrator, personally responsible for various claims including, *inter alia*, civil conspiracy and disguised fraud and RICO claims. *See* Plaintiffs' Original Petition, Count VIII, ¶¶ 9.17, 9.18, 9.19. Such claims directly relate to the performance of his duties as ERISA Plan administrator because the Beneficiaries complain, in their own words, as follows:

> Defendants even in their own claims department had no procedure in which their claims department members would be informed as to the number and severity of injuries and deaths occurring from the use of Sodium Metabisulfate.

Plaintiffs' Original Petition, p. 12, Count IX, ¶ 9.18. Thus, the facts of this matter are more like those in *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209 (5th Cir. 1992). Similar to the plaintiffs' claims about content and timing and notice of plan provisions and amendments presented in *Christopher*, in this matter the Beneficiaries are complaining of the administration of the Plan and its claim administration collection and reporting procedures. *See* Plaintiffs' Original Petition, p. 12, Ct. IX, ¶ 9.18. Thus, the conclusion that § 514 preemption applies

in this matter is urged by the conclusion of the unanimous panel in *Christopher* as follows:

> Superimposing state law fraud standards on the elaborate ERISA provisions governing [the procedure in which claims department members would be informed as to the number and severity of injuries and deaths occurring from the use of Sodium Metabisulfate] would undercut the goal of uniform national regulation in the manner that [ERISA's] section 514(a) seeks to prevent.[9]

*Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1219 (5th Cir. 1992).

## IV.

## CONCLUSION.

For the foregoing reasons and including those identified at oral argument on this matter before this Honorable Court, the Beneficiaries' Motion to Remand should be denied.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: [signature] by permission RmV
Jaime A. Saenz
Attorney-in-Charge
State Bar No. 17514859
Fed'l I.D. No. 7630
RosaMaria Villagómez-Vela
State Bar No. 24008210
Fed'l I.D. 22983
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
Tel: (956) 542-7441
Fax: (956) 541-2170

**ATTORNEYS FOR DEFENDANT, ZIMCO MARINE, INC.**

---

[9] ERISA's provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a).

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing was served upon all counsel of record, by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Federal Rules of Civil Procedure, on this the ____ day of December, 2003.

Mikal C. Watts
Ray R. Marchan
Watts Law Firm, LLP
Fort Brown Plaza
1926 East Elizabeth Street
Brownsville, Texas 78520
*Attorneys for Plaintiffs*

Ernesto Gamez, Jr.
Law Offices of Ernesto Gamez, Jr.
777 East Harrison Street
Brownsville, Texas 78520
*Attorneys for Plaintiffs*

Tom Fleming
Fleming & Hernandez, PC
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
*Attorneys for Defendants Nevgulmarco Company, Inc. and Carmelita, Inc.*

Stan Perry
Haynes and Boone, LLP
1000 Louisiana, Suite 4300
Houston, Texas 77002-5012
*Attorneys for Defendant Univar USA, Inc.*

Michael Rodriguez
Michael Rodriguez, PLLC
1000 East Madison
Brownsville, Texas 78520
*Attorney for Defendant Univar USA, Inc.*

_____
Jaime A. Saenz