IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AVIGAIL MARTINEZ DE ROMERO individually and as Guardian of ANGEL ROMERO, JR., Mentally and Physically Incompetent; ANGEL ROMERO GONZALEZ and GLORIA BADILLO RODRIGUEZ DE ROMERO, The Natural Parents of ANGEL ROMERO, JR., and LUCILLA DELGADO ROMERO, As Next Friend of ANGEL ROMERO DELGADO and CAROLINA ROMERO DELGADO, Minor Children of ANGEL ROMERO, JR.<br>　　　　Plaintiffs<br><br>v.<br><br>UNIVAR USA, INC.;<br>NEVGULMARCO COMPANY, INC.;<br>ZIMCO MARINE, INC.; AND<br>CARMELITA, INC., ET AL<br>　　　　Defendants | § § § § § § § § § § § § § § § § § § § § § § § § | United States District Court<br>Southern District of Texas<br>FILED<br><br>DEC 1 0 2003<br><br>Michael N. Milby<br>Clerk of Court<br><br>Civil Action No. B-03-153 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Federal Rule of Civil Procedure Rule 26(f) and this Court's Order dated November 21, 2003, counsel for all parties have prepared and filed, not less than ten (10) days before the scheduling conference in this matter, this Joint Discovery/Case Management Plan and provide the Court with the following information:

1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

　　**ANSWER:**　　The Rule 26(f) conference was held by telephone conference on November 21, 2003 at 1:30 p.m. The following counsel participated:

<u>Helen O. Delgadillo and Victor Quintanilla for Ray Marchan</u> - Counsel for Plaintiffs Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr.

<u>Mr. Tom Fleming</u> - Counsel for Defendant Nevgulmarco Company Inc. and Carmelita, Inc.;

<u>Ms. Rosa Maria Villagomez-Vela</u> - Counsel for Defendant Zimco Marine, Inc.; and

<u>Mr. Stan Perry</u> - Counsel for Defendant Univar USA, Inc.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **ANSWER**: None.

3. Briefly describe what this case is about.

   **ANSWER**:

   The Romero family contends that on or about July 21, 2003, the fishing vessel, "Carmelita" was shrimping near shore waters of the Gulf of Mexico. While the vessel was at sea, Angel Romero, Jr. was specifically ordered by the Captain to go to the hold. Plaintiffs contend that while working in the hold, Angel Romero, Jr. inhaled sulfur dioxide fumes which caused him to fall and collapse in the hold. Subsequent medical revealed that Angel Romero, Jr. suffered a hypoxic event from asphyxiation due to inhalation of sulfur dioxide gas which was generated by the sodium metabisulfite used on the deck of the M/V Carmelita to dip the shrimp caught which were then properly placed into the hold. Plaintiffs would show the defendants Univar USA, Inc.; Nevgulmarco, Inc.; Zimco Marine, Inc.; and Carmelita, Inc. as owner/operators of the M/V Carmelita are in the business of manufacturing, packaging, labeling, exporting, importing, distributing, selling and/or providing various chemicals and chemical compound.

   Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita's statement of the case:

The case was initiated by Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc. filing a petition pursuant to 28 U.S.C. Section 2201 requesting a declaratory judgment that Angel Romero, Jr. had agreed to submit each and every employment dispute to an ADR program which included binding arbitration. Thereafter, the Romero family filed suit in State Court alleging various causes of action based on the Jones Act, numerous negligence claims and a product liability claim. This case was removed. The Romero family contends that on or about July 21st, the fishing vessel Carmelita was shrimping near shore waters of the Gulf of Mexico. While the vessel was at sea, the Romero family contends that Angel Romero, Jr. was specifically ordered by the captain to go to the hold. It is contended by the Romero family that, while working in the hold, Angel Romero, Jr. inhaled sulfur dioxide fumes which caused him to fall and collapse in the hold. The Romero family contends that subsequent medical examination revealed that Angel Romero, Jr. suffered a hypoxic event from asphyxiation due to inhalation of sulfur dioxide gas generated by the sodium metabisulfite used on deck of the M/V Carmelita to dip the shrimp caught which were then properly placed into the hold. The Romero family alleges that Univar USA, Inc.; Nevgulmarco Company, Inc.; Zimco Marine, Inc.; and Carmelita, Inc. as owner/operators of the M/V Carmelita are in the business of manufacturing, packaging, labeling, exporting, importing, distributing, selling and/or providing various chemicals and chemical compounds.

Nevgulmarco Company, Inc.; Zimco Marine, Inc.; Carmelita, Inc.; and Univar USA, Inc. have not stipulated to any facts nor do any of those parties admit liability of any sort.

4. Specify the allegation of federal jurisdiction.

   **ANSWER:** The parties disagree as to federal jurisdiction.

   Defendants Nevgulmarco Company, Inc.; Univar USA, Inc.; Zimco Marine, Inc.; and Carmelita, Inc. as the owner/operator of the M/V Carmelita contend that the subject matter of the State Court action should be governed by 46 U.S.C. Section 688, the "Jones Act." They allege that this Court has jurisdiction to hear this proceeding pursuant to the provisions of 46 U.S.C. Section 688 and Employee Retirement Security Act of 1974 (ERISA) 29 U.S.C. § § 1001-1461.

5. Name the parties who disagree and the reasons.

**JOINT DISCOVERY/CASE MANAGEMENT PLAN-Page 3**

  **ANSWER:** Plaintiff Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr disputes Nevulmarco Company, Inc., Univar USA, Inc. Zimco Marine, Inc. and Carmelita, Inc. as the Owner/Operator of the M/V Carmelita federal jurisdiction allegations and has filed a Motion to Remand, which is currently pending before the Court.

6. List anticipated additional parties what should be included, when they can be added, and by whom they were wanted.

  **ANSWER:** None at this time.

7. List anticipated interventions.

  **ANSWER:** None.

8. Describe class-action issues.

  **ANSWER:** None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

  **ANSWER:** Rule 26(a) disclosures have not occurred. The parties have agreed that such disclosures will be made within thirty (30) days after this Court's ruling on Plaintiff's Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr.'s Motion to Remand, if such Motion is denied and this action remains in this Court.

10. Describe the proposed agreed discovery plan, including:

  A. Responses to all the matters raised in Rule 26(f).
  B. When and to whom the plaintiff anticipates it may send interrogatories.
  C. When and to whom the defendant anticipates it may send interrogatories.
  D. Of whom and by when the plaintiff anticipates taking oral depositions.
  E. Of whom and by when the defendants anticipate taking oral depositions.

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required to Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**ANSWER:**

A.  The parties anticipate that discovery will be conducted regarding liability and damages issues. Parties do not feel that discovery should be conducted in phases nor should there be changes to the discovery limitations set forth under the Federal Rules of Civil Procedure.

B.  Plaintiff Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr anticipates sending interrogatories to Defendants within seventy-five (75) days after this Court's ruling on the Motion to Remand.

C.  Defendants anticipate sending interrogatories to Plaintiff Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero Jr within seventy-five (75) days after this Court's ruling on Plaintiff's Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr.'s Motion to Remand.

D.  Plaintiff Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr anticipates conducting the deposition of Defendants and/or Defendant's representatives. Depositions may be noticed thirty (30) days from receipt of discovery responses.

E.  Defendants anticipate conducting the deposition of Plaintiff and other fact witnesses.

F. Plaintiff anticipates that she will be able to designate experts and provide reports within one hundred twenty (120) days from trial date. Defendants Nevulmarco Company, Inc., Univar USA, Inc. Zimco Marine, Inc. and Carmelita, Inc. as the Owner/Operator of the M/V Carmelita anticipate they will designate responsive experts and provide reports within ninety (90) days from trial date.

G. Plaintiff Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr will conduct the depositions of any and all experts designated by Defendants Nevulmarco Company, Inc., Univar USA, Inc. Zimco Marine, Inc. and Carmelita, Inc.. Such expert depositions will be completed within sixty (60) days after Defendants Nevulmarco Company, Inc., Univar USA, Inc. Zimco Marine, Inc. and Carmelita, Inc. designate their experts.

H. Defendants Nevulmarco Company, Inc., Univar USA, Inc. Zimco Marine, Inc. and Carmelita, Inc.will conduct the depositions of any and all experts designated by Plaintiff Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr . Defendants Nevulmarco Company, Inc., Univar USA, Inc. Zimco Marine, Inc. and Carmelita, Inc. will conduct such depositions within sixty (60) days after Plaintiff Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr designates her experts.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   **ANSWER:** None.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

   **ANSWER:** There has been no discovery conducted.

13. State the date the planned discovery can reasonably be completed.

        **ANSWER:**    At this time, the parties anticipate that discovery can be completed within forty five (45) before the trial date. This agreement is subject to be revisited contingent upon the trial date.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

        **ANSWER:**    The parties are unsure whether a prompt settlement or resolution of this case can be had in light of the discovery that must be completed on liability and damages issues.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

        **ANSWER:**    At this time, the parties will keep settlement discussions open.

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

        **ANSWER:**    The parties agree that mediation would be suitable for this case. Defendant Nevgulmarco believes that arbitration is also appropriate.

17.    Magistrate judges may now hear jury and non-jury trails. Indicate the parties' joint position on a trial before a magistrate judge.

        **ANSWER:**    The parties do not agree to a trial before a magistrate judge.

18.    State whether a jury demand has been made and if it was made on time.

        **ANSWER:**    Plaintiffs Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr. demanded a jury upon initial filing of this lawsuit.

19.    Specify the number of hours it will take to present the evidence in this case.

        **ANSWER:**    The parties believe that evidence can be presented in this case in 40-50 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **ANSWER:** Plaintiff's Avigail Martinez de Romero, Individually and as Guardian of Angel Romero, Jr., Mentally and Physically Incompetent; Angel Romero Gonzalez and Gloria Badillo Rodriguez de Romero, the Natural Parents of Angel Romero, Jr.; and Lucilla Delgado Romero, Jr.; and Lucilla Delgado Romero, as next friend of Angel Romero Delgado and Carolina Romero Delgado, Minor Children of Angel Romero, Jr. Motion to Remand is currently pending before the Court.

    Defendants' Motion to Dismiss is pending before the Court.

    Defendant Nevulmarco and Zimco Marine Inc.'s Motion for Declaratory Judgment is pending before this court.

21. List other motions pending.

    **ANSWER:** There are no other pending motions.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **ANSWER:** As is common with this Honorable Court, a Spanish interpreter may be needed and the parties may seek to present some witnesses at trial by deposition rather than in person.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    **ANSWER:** As of the filing of this pleading, the Certificate of Financially Interested Persons is to be filed by the parties promptly.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

Respectfully submitted,

*/s/ Victor Quintanilla* w/ Permission

for

Mikal C. Watts
State Bar No. 20981820
Federal ID No. 12419
**Ray R. Marchan**
State Bar No. 12969050
Federal ID No. 9522
WATTS LAW FIRM, L.L.P.
1926 E. Elizabeth
Brownsville, Texas 78520
(956) 544-0500
(956) 541-0255 - Facsimile
ATTORNEYS FOR PLAINTIFF

Dated: 12/10/03

*/s/ Tom Fleming*

**Tom Fleming**
State Bar No. 07133000
1650 Paredes Line Road, Ste 102
Brownsville, Texas 78520
(956) 982-4404
(956) 982-0943- Facsimile
ATTORNEY FOR DEFENDANT
NEVGULMARGO COMPANY, INC. AND CARMELITA, INC.

Dated: 11/25/03

JOINT DISCOVERY/CASE MANAGEMENT PLAN- Page 9

_[signature]_
Jaime Saenz
State Bar No. 17514859
Federal I.D. No. 7630
Rosa Maria Villagomez-Vela
State Bar No. 24008210
Federal I.D. No. 22983
RODRIGUEZ, COLVIN & CHANEY
1201 E. Van Buren Street
P. O. Box 2155
Brownsville, Texas 78521
(956) 542-7441
(956) 541-2170 - Facsimile
ATTORNEY FOR DEFENDANT
ZIMCO MARINE, INC.

Dated: 12/10/03

_[signature] w/ permission Marty Thompson_
Mr. Stan Perry
State Bar No. 15799920
Southern District Bar No. 1267
Haynes and Boone, L.L.P.
1000 Louisiana, Ste 4300
Houston, Texas 77002-5012
713.547-2039
713.236.5455 - Facsimile

Dated: 11/25/03

**Mr. Michael Rodriguez**
State Bar No. 00791553
Federal Bar No. 18759

**Co-Counsel for**
**UNIVAR USA, INC.**

JOINT DISCOVERY/CASE MANAGEMENT PLAN- Page 10