

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| AVIGAIL MARTINEZ DE ROMERO INDIVIDUALLY AND AS GUARDIAN OF ANGEL ROMERO JR., MENTALLY AND PHYSICALLY INCOMPETENT, ANGEL ROMERO GONZALEZ AND GLORIA BADILLO RODRIGUEZ DE ROMERO, THE NATURAL PARENTS OF ANGEL ROMERO, JR. AND LUCILLA DELGADO ROMERO AS NEXT FRIEND OF ANGEL ROMERO DELGADO AND CAROLINA ROMERO DELGADO, MINOR CHILDREN OF ANGEL ROMERO, JR. | § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br><br>B-03-153 |
| VS. | § § | |
| UNIVAR USA, INC. NEVGULMARCO, INC., ZIMCO MARINE, INC. AND CARMELITA INC. AS THE OWNER/OPERATOR OF THE M/V "CARMELITA" | § § § § § § | |

**PLAINTIFFS' MEMORANDUM REGARDING ERISA JURISDICTION**

This memorandum is submitted in response to the Court's request that the parties provide supplemental briefing regarding whether the Court has jurisdiction pursuant to Section 502 of ERISA.

**I.**
**STATEMENT OF THE CASE**

On July 21, 2003, Angel Romero, Jr., was injured while working as a seaman aboard the M/V CARMELITA, a shrimping vessel. On August 29, 2003, the Romero family brought a lawsuit in Texas state court against Mr. Romero's employers, for their

conduct in causing the workplace injury. The causes of action were for unseaworthiness of the vessel and claims under the Jones Act.

On September 25, 2003, Defendants removed the Romeros' state court lawsuit to this federal court. Defendants argued that this Court has federal question jurisdiction because this is a maritime action and Mr. Romero is entitled to receive benefits for his workplace injury under an employee benefits plan covered by ERISA. The Romeros filed a motion to remand the case to state court, because this Court lacks jurisdiction over the action.

During a hearing on December 11, 2003, the Court requested the parties provide supplemental briefing regarding the specific issue of whether Section 502 of ERISA provides the Court with complete preemption jurisdiction.

## II.
## ERISA PREEMPTION UNDER SECTIONS 502 AND 514

There are two provisions in ERISA that address preemption: Sections 502 and 514. Although the two preemption provisions create different types of preemption and cover differing breadths of actions, they are interrelated.

### Section 514 – Conflict Preemption

Section 514 of ERISA (29 U.S.C. §1144) creates conflict preemption over State laws that relate to an employee benefit plan governed by ERISA. Section 514 provides, in pertinent part, that ERISA, "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. §1144(a).

Courts have consistently held that Section 514 creates conflict preemption over State law claims, but does not, standing alone, create complete preemption over those claims. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48, 107 S.Ct. 1549 (1987); *Roark v.*

*Humana, Inc.*, 307 F.3d 298, 305 (5th Cir. 2002), *cert. dism'd by Roark v. Humana, Inc.*, 124 S.Ct. 44 (Sept. 18, 2003), *cert. granted by Aetna Health v. Davila*, 124 S.Ct. 462 (Nov. 3, 2003), *cert. granted by CIGNA HealthCare of Texas, Inc. v. Calad*, 124 S.Ct. 463 (Nov. 3, 2003).

Conflict preemption under Section 514, however, does not create original jurisdiction in a federal court (as a federal question) unless the plaintiff's complaint states a cause of action under ERISA. *Roark*, 307 F.2d at 304; *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10, 103 S.Ct. 2841 (1983) (noting that the "well-pleaded complaint rule" limits federal court jurisdiction to those cases in which the complaint states a federal cause of action, and that a federal defense will not create federal question jurisdiction). Consequently, this action cannot be removed based on Section 514 conflict preemption, unless the Romeros' State court Petition states a cause of action under ERISA. *Roark*, 307 F.3d at 304; *Franchise Tax Bd.*, 463 U.S. at 13-14, 103 S.Ct. 2841.

**Section 502 – Complete Preemption**

Section 502 of ERISA (29 U.S.C. §1132) creates complete preemption over certain specific requests for relief that are provided under Section 502 of ERISA. Section 502 provides, in pertinent part:

(a)   A civil action may be brought –

(1)   by a participant or beneficiary –

(B)   to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

* * *

(f)   The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

29 U.S.C. §1132(a) and (f).

In *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542 (1987), the Supreme Court held that Section 502 of ERISA provides complete preemption for causes of action within the scope of Section 502(a). *Taylor*, 481 U.S. at 66, 107 S.Ct. 1542. Thus, unlike a claim that merely "relates to" an ERISA plan and is subject to conflict preemption under Section 514, a claim that is actually within the scope of Section 502(a) is displaced by the civil enforcement provisions of Section 502(a) and is subject to complete preemption. *Id.* When a claim is subject to complete preemption under Section 502, it can be removed.

**The Relationship between Sections 502 and 514**

Generally, if a claim is not subject to conflict preemption under Section 514 it is not subject to complete preemption under Section 502. The only exception to this rule[1] is when a claim is not subject to Section 514 because it arises under a State law regulating insurance. *Arana v. Oschner Health Plan*, 338 F.3d 433, 439-40 (5th Cir. 2003) (citing *UNUM Life Ins. Co. of America v. Ward*, 526 U.S. 358, 365-77, 119 S.Ct. 1380 (1999) and *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 363-87, 122 S.Ct. 2151 (2002), neither of which make a specific holding on the issue).

---

[1] The Romeros are not necessarily convinced that the United States Supreme Court does not require proof that a claim is preempted by both Sections 502 and 514 before complete preemption applies. In *Taylor*, the Court apparently felt it was necessary to perform a Section 514 analysis (finding the claim related to an ERISA plan was not based on a law regulating insurance) before turning to the question of complete preemption under Section 502. *Taylor*, 481 U.S. at 62, 107 S.Ct. 1542. Because the Taylor Court was already "reluctant to find" complete preemptive power in ERISA, it would not take an extraordinary leap to believe the Court would not be willing to find complete preemption if a circumstance arose where a claim that fell within Section 502(a) was not based on a State law subject to ERISA preemption under Section 514. The Romeros recognize, however, that until the Supreme Court specifically addresses this issue, this Court is bound to follow the Fifth Circuit's recent pronouncement in *Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003). As explained herein, however, the exception to the general rule found in *Arana* does not apply to the facts of this case.

The reason for this general rule that a claim be subject to both Section 514 and Section 502 (and the reason for its exception) might have more to do with factual necessity than a legal necessity. Section 514 is much broader than Section 502. It covers any claim arising out of a State law that "relates to" an ERISA plan. Section 502 covers a much more limited scope of claims – those seeking the same relief specifically allowed under Section 502(a). As a practical matter, all of the claims allowed under Section 502(a) relate to an ERISA plan. For example, it is not possible to affirmatively seek to recover benefits due under an ERISA plan without the claim relating to the plan. The *Arana* exception to this general rule, likewise, arises because even though the claim relates to an ERISA plan, it falls within an exception to Rule 514 for State laws that regulate insurance. Even the exceptions to the general rule, therefore, relate to an ERISA plan. *See Arana*, 338 F.3d at 439. No court has ever found that a claim that does not relate to an ERISA plan falls within the scope of Section 502(a) and is completely preempted.

### III.
### UNSAFE WORKPLACE CLAIMS ARE NOT PREEMPTED BY ERISA

**A Claim that does not "Relate to" an ERISA Plan does not Fall within the Scope of Section 502(a)**

In their Motion to Remand, the Romeros cited the Fifth Circuit decision of *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994) and other federal court decisions that have specifically held that unsafe workplace cases, such as this, are not preempted by ERISA. *Hook*, 38 F.3d at 784; *Noyola v. Oasis Car Wash, Inc.*, 220 F.Supp.2d 638, 644 (E.D. Tex. 2002); *Westbrook v. Beverly Enters.*, 832 F.Supp. 188 (W.D. Tex. 1993); *Pyle v. Beverly Enters. – Texas*, 826 F.Supp. 206 (N.D. Tex. 1993); *Gibson v. Wyatt Cafeterias*, 782 F.Supp. 331, 335 (E.D. Tex. 1992); *Nunez v. Wyatt Cafeterias*, 771 F.Supp. 165, 168 (N.D. Tex. 1991).

Although the holding in each of these case is that a workplace safety case is not subject to complete preemption under ERISA, these cases analyzed the claims only with respect to Section 514, and not Section 502. *Id.* In other words, once the courts found that the claims were not being made under State laws that "relate to" an ERISA plan, they ended their analysis and held that the cases should be remanded. *Id.*

As the Fifth Circuit recently stated in its *Arana* opinion, "[t]his circuit has not been content to require only §502 complete preemption for federal jurisdiction, requiring §514 conflict preemption as well." *Arana*, 338 F.3d at 439. It appears that in *Hook, Noyola, etc.*, the courts were working under this two-prong standard for complete preemption. Thus, once they found the claim did not "relate to" an ERISA plan, there was no need to determine whether the party was asserting a claim that had been displaced by those remedies allowed under Section 502(a).

Based on the Fifth Circuit's recent pronouncement in *Arana*, it appears a court in this circuit must take the next step and determine whether a claim that does not "relate to" an ERISA plan can be considered a claim to recover benefits under an ERISA plan, enforce rights under an ERISA plan, or clarify rights under an ERISA plan. As mentioned above, as a matter of factual necessity, a claim that does not "relate to" an ERISA plan cannot qualify as one of those claims for relief under Section 502(a) – each of which by definition relate to ERISA plans. The Romeros, therefore, respectfully request this Court find that because their unsafe workplace claims do not fall within the broad category of "relating to" an ERISA plan, they also do not fall within the much narrower category of ERISA-specific remedies under Section 502(a).

**The Unsafe Workplace Claims do not Fall within Section 502**

In their Response to the Romeros' Motion to Remand, Defendants repeatedly contend that the Romeros, unlike the plaintiffs in *Hook* and *Noyola*, are seeking to

recover benefits from an ERISA plan. In addition to being factually incorrect, this attempt to show that the unsafe workplace claims are displaced by Section 502(a)(1)(B) is legally insufficient to prove federal jurisdiction.[2]

The Romeros are contending that the employer and owner of the shrimping vessel are responsible in tort for causing the injury to Mr. Romero and should be held liable in damages. This lawsuit has nothing to do with employee benefits available under an ERISA plan. It is not a cause of action for breach of contract. The Romeros are not claiming that Mr. Romero is entitled to receive benefits under an ERISA plan. They are not claiming that a plan administrator has failed to disburse benefits due under an ERISA plan. They are not claiming that Mr. Romero's claims under an ERISA plan have been improperly processed. *See Roark*, 307 F.3d at 309 ("Section 502(a)(1)(B), we have held, creates a cause of action for breach of contract: When a plan administrator incorrectly interprets the plan to deny benefits, the patient may sue to recover the benefits."). The Romeros are claiming that the employers and the owners of the vessel were negligent in causing a workplace injury.

If Defendants are correct that an unsafe workplace negligence claim made against an employer is a claim for benefits under an employee benefits ERISA plan, then Section 502(a)(1)(B) displaces all State law negligence claims for workplace injuries in any situation where an employee is covered under an ERISA plan when he is injured by his employer's negligence. The purpose of ERISA is to "protect[] the rights of America's workers who earn pension benefits." *Noyola*, 220 F.Supp.2d at 641. If Defendants are correct about their expansive interpretation of Section 502(a)(1)(B),

---

[2] Although Defendants have not delineated which provision of Section 502(a) they believe displaces these unsafe workplace claims, the only one Defendants arguably reference is 502(a)(1)(B), which covers a plan beneficiary seeking to recover benefits due to him under the terms of the plan.

ERISA will not protect employee rights, but rather, will eliminate any common law or statutory cause of action an employee may have against an employer for workplace safety, if the employee is covered by an ERISA plan at the time he is injured. The far-reaching and unintended consequences of such an interpretation demonstrate the flaw in Defendants' argument. An unsafe workplace claim that affects only the employee/employer relationship and not a participant/administrator relationship is "too tenuous, remote, or peripheral" to an ERISA plan for preemption to apply. *See Hook*, 38 F.3d at 781 (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890 (1983)). The Romeros, therefore, request this Court find that their unsafe workplace claims, brought under the Jones Act and maritime unseaworthiness actions, not only fail to relate to an ERISA plan, but also fail to fall within the limited scope of Section 502(a) as a displaced civil action.

## IV.
## THE "PLAN" AT ISSUE IS NOT AN ERISA PLAN

Although the Court has requested only briefing on the application of Section 502, the Romeros briefly raise an additional point regarding what the Defendants refer to as an ERISA plan. Defendants have failed to meet their burden to prove that the "employee benefit plan" upon which they base federal court jurisdiction is actually governed by ERISA. Even if Defendants attempt to argue that this arbitration agreement/ADR Program is an "employee welfare benefit plan," pursuant to 29 U.S.C. §1002(1), the plain language of the arbitration/ADR document indicates it is not an ERISA benefits plan, as it specifically excepts coverage of any such plan. [See *Agreement to Resolve an Employee Dispute Through Binding Arbitration*, ¶ 9] The Romeros, therefore, request this Court remand this action back to State court.

Respectfully submitted,

WATTS LAW FIRM, L.L.P.

By: _____
MIKAL C. WATTS
State Bar No. 20981820
Federal ID No. 12419

ATTORNEY IN CHARGE FOR PLAINTIFFS

RAY R. MARCHAN
State Bar No. 12969050
Federal ID No. 9522

ATTORNEYS OF COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of PLAINTIFFS' MEMORANDUM REGARDING ERISA JURISDICTION was this 6th day of January, 2004, served, via the manner indicated below on the following:

| | |
|---|---|
| Tom Fleming<br>Fleming & Hernandez, P.C.<br>1650 Paredes Line Road, Ste 102<br>Brownsville, Texas 78520<br>*Counsel for Neugulmarco Company, Inc. and Carmelita, Inc.* | *via fax and regular mail* |
| Mr. Jaime Saenz<br>RODRIGUEZ, COLVIN & CHANEY<br>P. O. Box 2155<br>1201 E. Van Buren Street<br>Brownsville, Texas 78522<br>*Counsel for Zimco Marine, Inc.* | *via fax and regular mail* |
| Mr. Stan Perry<br>HAYNES AND BOONE, L.L.P.<br>1000 Louisiana, Ste 4300<br>Houston, Texas 77002-5012<br>*Attorney in Charge for Univar USA, Inc.* | *via fax and regular mail* |
| Mr. Michael Rodriguez<br>MICHAEL RODRIGUEZ, P.L.L.C.<br>1000 E. Madison<br>Brownsville, Texas 78520<br>*Co-Counsel for Defendant Univar USA, Inc.* | *via fax and regular mail* |
| Mr. Ernesto Gamez, Jr.<br>LAW OFFICES OF ERNESTO GAMEZ, JR.<br>Justice for All Building<br>777 East Harrison Street<br>Brownsville, Texas 78520<br>*Co-counsel for Plaintiffs* | *via fax and regular mail* |

_____
RAY R. MARCHAN